REED R. KATHREIN (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

LEWIS KAHN
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Attorneys for Plaintiffs

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BIKASH MOHAN MOHANTY, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., JEFFERIES & CO., INC., COWEN AND CO., INC., AND THINKEQUITY PARTNERS, LLC<br><br>Defendants. | Case No. 3:07-CV-05101-SBA<br><br>NOTICE OF MOTION AND MOTION TO CONSOLIDATE, TO APPOINT GWYN JONES LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br><br>DATE:   January 22, 2008<br>TIME:   1:00 P.M.<br>DEPT:   Courtroom 3, 3rd Floor |

| | |
|---|---|
| DENNIS KOESTERER, On Behalf of Himself and All Others Similarly Situated, | ) Case No. 3:07-CV-05168-MMC )  )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KEN GOLDMAN, GAL ISRAELY, BRUCH SACHS, ROBERT SACHS, and GEOFFREY YANG | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| ABRENA WINSTON, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 3:07-CV-05327-JSW )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., MORGAN STANLEY & CO., INC., COWEN AND CO., JEFFERIES & CO., and THINKEQUITY PARTNERS LLC | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| DONALD SMITH, On Behalf of Himself and All Others Similarly Situated, | ) Case No. 3:07-CV-05361-SI )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, and FREDERICK A. BALL | ) ) ) ) |
| Defendants. | ) ) ) |

| | | |
|---|---|---|
| 1 | WAYNE LUZON, On Behalf of Himself and All Others Similarly Situated, ) | Case No. 3:07-CV-05637-WHA |
| 2 | ) | |
| 3 | Plaintiff, ) | |
| 4 | v. ) | |
| 5 | BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ) | |
| 6 | ISRAELY, DEAN GILBERT, KEN GOLDMAN, ) LLOYD CARNEY, BRUCE SACHS, ROBERT ) | |
| 7 | SACHS, GEOFFREY YANG, MORGAN ) STANLEY & CO., INC., MERRILL LYNCH, ) | |
| 8 | PIERCE, FENNER & SMITH, INC., JEFFERIES ) & CO., INC., COWEN AND CO., INC., and ) | |
| 9 | THINKEQUITY PARTNERS LLC ) | |
| 10 | Defendants. ) | |

| | | |
|---|---|---|
| 11 | DEBRA L. BERNSTEIN, Individually and On Behalf of All Others Similarly Situated, ) | Case No. 3:07-CV-05825-MHP |
| 12 | ) | |
| 13 | Plaintiff, ) | |
| 14 | v. ) | |
| 15 | BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK ) | |
| 16 | A. BALL, GAL ISRAELY, DEAN GILBERT, ) KENNETH A. GOLDMAN, LLOYD CARNEY, ) | |
| 17 | BRUCE I. SACHS, ROBERT J. SACHS, ) GEOFFREY Y. YANG, MORGAN STANLEY ) | |
| 18 | & CO., INCORPORATED, JEFFERIES & ) COMPANY, INC., MERRILL LYNCH, PIERCE ) | |
| 19 | FENNER & SMITH INCORPORATED, ) COWEN AND COMPANY, LLC and ) | |
| 20 | THINKEQUITY PARTNERS LLC, ) | |
| 21 | Defendants. ) | |

| | |
|---|---|
| EUGENE HAMMER, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:07-CV-05825-MHP |
| Plaintiff, | |
| v. | |
| BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KEN GOLDMAN, GAL ISRAELY, BRUCE SACHS, ROBERT SACHS, and GEOFFREY YANG | |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on January 22, 2008, at 1:00 P.M., or as soon thereafter as the matter may be heard, before the Honorable Judge Sandra B. Armstrong, United States District Court, Northern District of California, Oakland Division, Courtroom 3, 3rd Floor, 1301 Clay Street, Suite 4005, Oakland, California 94612, Gwyn Jones ("Jones" or "Movant") will and hereby moves for an order for consolidation of these actions; to be appointed Lead Plaintiff in these actions against BigBand Networks, Inc. pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firms Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Kahn Gauthier Swick, LLC ("KGS") as Co-Lead Counsel in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Reed R. Kathrein in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

Jones makes this Motion on the belief that Movant is the most "adequate plaintiff" as defined in the PSLRA because:

1.     Movant has the largest financial interest in the relief sought by the Class and has incurred substantial losses in the amount of $438,617.74 as a result of Movant's purchase and/or acquisition of shares of BigBand Networks, Inc. securities pursuant to or traceable to the Company's March 2007 Initial Public Offering ("IPO" or the "Offering") through September 27, 2007, and

2.     Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. Proc. Rule 23.

1    Jones further requests that the Court approve the selection of Movant's counsel, Hagens

2   Berman and KGS, as Co-Lead Counsel for the Class.  The Hagens Berman and KGS firms are

3   nationally recognized law firms with significant class action, fraud and complex litigation

4   experience, and are firms with the resources to effectively and properly pursue this action.

5    For all of the foregoing reasons, Jones respectfully requests that this Court: (1) appoint

6   Jones to serve as Lead Plaintiff in this action; (2) approve Jones' selection of Lead Counsel for the

7   Class; and (3) grant such other and further relief as the Court may deem just and proper.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES TO BE DECIDED

Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as actions involving a common question of law or fact pending before the Court;

Whether Gwyn Jones should be appointed Lead Plaintiff in the consolidated action against BigBand Networks, Inc. pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007);

Whether the Court should approve Movant's selection of the law firms Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Kahn Gauthier Swick, LLC ("KGS") to represent the class in this action, also pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007).

I.      INTRODUCTION ..................................................................................................1

II.     PROCEDURAL HISTORY ...................................................................................2

III.    SUMMARY OF FACTS .......................................................................................3

IV.     ARGUMENT ........................................................................................................4

        A.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ..................4

        B.      JONES SHOULD BE APPOINTED LEAD PLAINTIFF ...........................6

                1.      The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of Jones ..................................................................................6

                2.      Jones Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff ..................................................................................7

                3.      Jones Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff ..................................8

                4.      Jones Satisfies the Requirements of Rule 23 ....................................8

        C.      THIS COURT SHOULD APPROVE JONES' CHOICE OF LEAD COUNSEL ......10

V.      CONCLUSION ...................................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Jones hereby moves to be appointed Lead Plaintiff in this action against BigBand Networks, Inc. ("BigBand" or the "Company") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firms Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Kahn Gauthier Swick, LLC ("KGS") as Co-Lead Counsel in this action.

Jones fully understands Movant's duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action.  As described in the Certification attached to the Declaration of Reed R. Kathrein at Ex. A, ("Kathrein Decl."), Jones has suffered a loss of $438,617.74 as a result of Movant's purchase and/or acquisition of shares of BigBand securities pursuant to or traceable to the Company's March 2007 Initial Public Offering ("IPO" or the "Offering") through September 27, 2007.  To the best of Movant's knowledge, Jones has therefore sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.  In addition to evidencing the largest financial interest in the outcome of this litigation, Jones' certifications demonstrate Movant's intent to serve as Lead Plaintiff in this litigation, including Movant's cognizance of the duties of serving in that role.[1]

Moreover, Jones satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."  Jones respectfully submits that Movant should be appointed as Lead Plaintiff in this

---

[1]    The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff.  *See*, 15 U.S.C. § 77z-l(a)(3)(B)(i)(Claims under the Securities Act of 1933) and 15 U.S.C. § 77z-l(a)(3)(B)(i) (Claims under the Securities Exchange Act of 1934).  A copy of Jones' certifications of Movant's transactions in BigBand securities is attached as Exhibit A to the Kathrein Decl. that has been filed in support of this motion.

1    action, and that this Honorable Court should approve Movant's selection of the law firms KGS and

2    Hagens Berman as Co-Lead Counsel in this action.

3         Jones also moves to consolidate all related actions pursuant to Rule 42(a) of the Federal

4    Rules of Civil Procedure as each involves common questions of law or fact relating to untrue

5    statements of material fact and/or the omissions of material facts necessary to make Defendants'

6    statements in the registration statement not misleading, and the purchase of BigBand securities

7    between March 14, 2007 and September 27, 2007 inclusive.

## II.    PROCEDURAL HISTORY

9         The first lawsuit against Defendants in any District, *Mohanty v. Bassan-Eskenazi, et al.*,

10   was filed on October 3, 2007 in the Northern District of California by Bikash Mohan Mohanty,

11   individually and on behalf of all persons or entities that purchased or otherwise acquired BigBand

12   securities pursuant to or traceable to the Company's March 2007 IPO.[2]  The gravamen of the

13   complaint is Defendants' violation of the Securities Act.[3]  Specifically, the complaint arises out of

14   Defendants' including or allowing the inclusion of materially false and misleading statements in

15   the Registration Statement and Prospectus issued in connection with the IPO, in direct violation of

16   the Securities Act.[4]  These misrepresentations and omissions caused the price of BigBand

17   securities to be artificially inflated, and thereby resulted in the damages suffered by Jones and the

18   other members of the Class.

19        Shortly after the initial filing of the *Mohanty* action, Plaintiff Mohanty published a notice of

20   pendency of that action over the national wire service *Market Wire* on October 4, 2007.  Kathrein

---

2    Multiple cases have been filed against the Defendants in the Northern District of California.
They include: *Koesterer v. BigBand Networks, Inc. et al.*, 07-cv-05168-MMC; *Winston v. BigBand Networks, Inc. et al.*, 07-cv-05327-JSW; *Smith v. BigBand Networks, Inc. et al.*, 07-cv-05361-SI; *Luzon v. BigBand Networks, Inc. et al.*, 07-cv-05637-WHA; *Bernstein v. BigBand Networks, Inc. et al.*, 07-cv-05819-CRB; *Hammer v. BigBand Networks, Inc. et al.*, 07-cv-05825-MHP.  The class periods in these cases generally run from March 14, 2007 to September 27, 2007.

3    Two of the cases sought to be consolidated herein assert claims under the Securities Exchange Act of 1934.

4    The complaint referenced herein refers to the first-filed lawsuit against Defendants, *Mohanty v. Bassan-Eskenazi, et al.*, filed on October 3, 2007.

NOT. OF MOT. AND MOT. TO CONSOLID., TO        - 2 -
APP. GWYN JONES LEAD PL. AND TO
APPROVE PROP. LEAD PL.'S SELECTION OF
COUNSEL; MPA IN SUPPORT THEREOF
NO. 3:07-CV-05101-SBA

1    Decl., Ex. C (Published Notice).  That notice advised Class Members of the existence of the

2    lawsuit and described the claims asserted.

3        Consistent with the terms of the PSLRA, Jones has timely filed this motion for appointment

4    as Lead Plaintiff within 60 days from the publication of the notice of pendency of that action in the

5    *Market Wire* press release.

6                              **III.    SUMMARY OF FACTS**

7        This is a class action brought on behalf of the purchasers of BigBand common stock

8    pursuant to the March 2007 IPO of 10.7 million shares of common stock priced at $13.00 per

9    share.  In connection with this Offering – of which the Company sold 7.5 million shares and

10   insiders sold 3.2 million shares – Defendants raised gross proceeds of at least $159.965 million

11   (including the $20.865 million BigBand shares sold by Company insiders in connection with the

12   IPO Underwriters' oversubscription agreement).

13       BigBand, its entire Board of Directors, its Chief Financial Officer and the Underwriters

14   involved in the Offering (including, Morgan Stanley & Co. Inc., Merrill Lynch, Pierce, Fenner &

15   Smith, Inc., Jefferies & Co., Inc., Cowen & Co., Inc., and Thinkequity Partners, LLC), are each

16   charged with including, or allowing the inclusion of materially false and misleading statements in

17   the Registration Statement and Prospectus issued in connection with the IPO, in direct violation of

18   the Securities Act of 1933.  Specifically, Defendants each failed to conduct an adequate due

19   diligence investigation into the Company prior to the IPO, they also each failed to reveal that at

20   that time of the IPO, BigBand was not performing according to plan, that it lacked significant

21   controls and procedures and Defendants lacked any reasonable basis to forecast near-term

22   foreseeable financial and operational results.

23       Moreover, at the time of the IPO, Defendants also failed to reveal that the Company's

24   financial results were already underperforming expectations and that Defendants had boosted the

25   financial results of the quarter immediately prior to the offering, by loading its customers with

26   more inventory than they could possibly use in the near term – such that sales in the immediate

27   quarters would foreseeably be adversely impacted.  In addition, Defendants also failed to reveal

28

1    that the roll out of its new products were not proceeding according to its growth plan, and that this

2    transition too was adversely impacting, and foreseeably would continue to impact revenues in the

3    near-term.

4         It was only on September 27, 2007, after the close of trading – and after Defendants and

5    other Company insiders liquidated over $15.30 million of their personally held shares in or in

6    connection with the IPO – that the truth about the Company was ultimately revealed to investors,

7    including that the problems which existed at the time of the IPO would result in extremely

8    disappointing results for the third quarter of 2007 – including substantially reduced revenues as the

9    Company's largest customer was forced to "work off" excess inventory prior to being able to

10   acquire more product from BigBand, and that problems rolling out the Company's latest products

11   were also having a material adverse impact upon earnings, operations and results.

12        The following trading day, on the publication of this news, BigBand stock price collapsed.

13   As evidence of this, shares of BigBand fell over 30% in a single trading day – plummeting from

14   over $9.00 per share to below $6.00 per share, before closing at $6.49 per share, on September 28,

15   2007.  That trading day, BigBand also experienced exceptionally heavy trading volume with

16   almost 7 million shares traded – hundreds of times the Company's recent average daily trading

17   volume.

18                          **IV.    ARGUMENT**

19   **A.    The Court Should Consolidate the Related Actions**

20        The Private Securities Litigation Reform Act of 1995 requires that the question of

21   consolidation be decided prior to the determination of the appointment of Lead Plaintiff. The

22   Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995)

23   ("PSLRA") provides, among other things, for consolidation of substantially similar actions:

24            If more than one action on behalf of a class asserting substantially the
              same claim or claims arising under this title has been filed, and any
25            party has sought to consolidate those actions for pretrial purposes or
              for trial, the court shall not make the determination [of appointment
26            of lead plaintiff under §21D(a)(3)(B)] until after the decision on the
              motion to consolidate is rendered.

27

28   NOT. OF MOT. AND MOT. TO CONSOLID., TO       - 4 -
     APP. GWYN JONES LEAD PL. AND TO
     APPROVE PROP. LEAD PL.'S SELECTION OF
     COUNSEL; MPA IN SUPPORT THEREOF
     NO. 3:07-CV-05101-SBA

1    15 U.S.C. § 77z-4(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).

2          Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and

3    consolidation issues where more than one action on behalf of a class based on substantially the

4    same facts has been filed.  The court "shall" first decide the consolidation issue and thereafter

5    decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been

6    decided.  *Id.*

7          Given that the selection of lead plaintiff and lead counsel is the necessary first step to

8    prosecute the actions, Plaintiff urges the Court to grant the consolidation Motion as soon as

9    practicable and consolidate these related actions under the lowest case number.[5]  A prompt

10   determination is reasonable and warranted under Fed. R. Civ. P. 42(a), given the common

11   questions of fact and law presented by the actions now pending in this District.

12         Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this,

13   where there are common questions of law and fact.  *See Yousefi v. Lockheed Martin Corp.*,

14   70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[6]  Courts have recognized that securities class actions,

15   in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification

16   expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and

17   witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money

18   by all persons concerned.  *See* e.g., *In re Equity Funding of Am. Sec. Litig*, 416 F. Supp. 161, 176

19   (C.D. Cal. 1976), *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

20   Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and

21   reports' consolidation is appropriate if there are common questions of law and fact" and the parties

22   ─────────────────
     5     On November 21, 2007, the parties to each of these cases filed a joint Stipulation and
23   [Proposed] Order Regarding Consolidation and Scheduling.

24   6     Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation
     of separate actions:

25               When actions involving a common question of law or fact are pending
26               before the Court, it may order a joint hearing or trial of any or all of
                 the matters in issue in the actions; it may order all of the actions
27               consolidated; and it may make such orders concerning proceedings
                 therein as may tend to avoid unnecessary costs of delay.

28   NOT. OF MOT. AND MOT. TO CONSOLID., TO      - 5 -
     APP. GWYN JONES LEAD PL. AND TO
     APPROVE PROP. LEAD PL.'S SELECTION OF
     COUNSEL; MPA IN SUPPORT THEREOF
     NO. 3:07-CV-05101-SBA

1    will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199

2    F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and

3    simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and

4    administrative duties, and generally reduces the confusion and delay that result from prosecuting

5    related actions separately before two or more judges. *Id. See also In re Olsten Corp. Sec. Litig.*, 3

6    F. Supp. 2d 286 (E.D.N.Y. 1998).

7        As discussed above, the actions pending before this Court present virtually identical factual

8    issues, each one alleges violations of the federal securities and each action names the same

9    defendants. The differences in the complaints are minor and will be resolved upon the filing of a

10    consolidated complaint. Because these actions are based on the same facts and involve the same

11    subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is

12    appropriate.

13        Accordingly, this Court should enter an Order that consolidates the related cases and all

14    future related cases with the instant action.

15    **B.    Jones Should Be Appointed Lead Plaintiff**

16        **1.    The PSLRA Procedure for Lead Plaintiff Appointment Favors Appointment of
            Jones**

17

18        The selection of Lead Plaintiff in a securities class action is a determination made by the

19    Court as to which plaintiff is the most capable of adequately representing the class. The Court:

20            (s)hall appoint as lead plaintiff the member or members of the purported

21            plaintiff class that the court determines to be ***most capable of adequately***

22            ***representing*** the interests of class members in accordance with this

23            subparagraph.

24    15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

25    The "most adequate plaintiff" assumes a rebuttable presumption that:

26            The most adequate plaintiff in any private action arising under this

27            subchapter is the person or group of persons that ---

28    NOT. OF MOT. AND MOT. TO CONSOLID., TO        - 6 -
      APP. GWYN JONES LEAD PL. AND TO
      APPROVE PROP. LEAD PL.'S SELECTION OF
      COUNSEL; MPA IN SUPPORT THEREOF
      NO. 3:07-CV-05101-SBA

1            (aa) has either filed the complaint or made 'a motion in response to a

2            notice under subparagraph (A)(i);

3            (bb) **in the determination of the court, has the largest financial interest**

4            **in the relief sought by the class; and**

5            (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of

6            Civil Procedure.

7 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

8        Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class,

9 or is subject to unique defenses that will render such plaintiff incapable of adequately representing

10 the Class, will this presumption be overcome.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C.

11 § 78u-4(a)(3)(B)(iii)(II).

12        Under this statutory test, Jones is the "most adequate plaintiff" and should be appointed as

13 Lead Plaintiff on behalf of the proposed Class.  Jones has timely moved this Court for appointment

14 as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to

15 obtain excellent results for the Class.  Consequently, this Court should appoint Jones as Lead

16 Plaintiff and approve Movant's selection of Hagens Berman and KGS as Co-Lead Counsel for the

17 Class.

18      **2.**      **Jones Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

19        Jones moves the Court to be appointed Lead Plaintiff and has timely filed the instant

20 motion to be appointed lead plaintiff within the 60-day time period requirement.  The plaintiff in

21 the first-filed action published notice on *Market Wire*, a national business-oriented wire service, on

22 October 4, 2007.  Accordingly, Jones meets the requirement of 15 U.S.C. § 77z-

23 1(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed Movant's motion

24 within the 60-day time period requirement.

25        Moreover, Jones has sustained a substantial loss from Movant's investment in BigBand

26 securities and has shown Movant's willingness to represent the Class by signing a certification

27 detailing Movant's BigBand transaction information.  Kathrein Decl., Ex. A.  As demonstrated by

28

this certification, Jones is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of the litigation, with the benefit of counsel's advice. In addition, Jones has selected and retained highly competent counsel to represent the Class with significant experience in securities class action litigation. Kathrein Decl., Ex. D.

### 3. Jones Has the Largest Financial Interest of the Plaintiffs Who Have Submitted Applications for Lead Plaintiff

As a result of Movant's purchases of BigBand securities throughout the Class Period, Jones has suffered losses of $438,617.74. Kathrein Decl., Ex. B. Jones believes Movant has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 77z-l(a)(3)(B)(iii)(I)(bb). "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status..." *Ferrari v. Gisch,* 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh* 306 F.3d 726, 732 (9th Cir. 2002)). Jones, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### 4. Jones Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Fed. R. Civ. Proc. 23(a). *Siegall v. Tibco Software, Inc.,* 2006 U.S. Dist. Lexis 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are the key factors."). This Court's analysis of any other requirements of Rule 23 as it relates to class certification should be deferred until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, 2006 Dist. Lexis 40607, *16 (C.D. Cal. May 2, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Jones

satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be

appointed Lead Plaintiff in this action.

### a.    Jones' Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are

"typical of the claims...of the class." The typicality requirement of Rule 23(a)(3) is satisfied when

the representative plaintiffs' claims arise from the same event or course of conduct that gives rise

to claims of other class members, and when the claims are based on the same legal theory. *See*

*Crossen v. CV Therapeutics*, 2005 US Dist. Lexis 41396, *13 (N.D. Cal. Aug. 10, 2005). The

requirement that the proposed class representatives' claims be typical of the claims of the class

does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d

1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because Jones' claims *are* identical to the

claims of the other Class Members. Jones and all the members of the Class purchased BigBand

securities when the stock prices were artificially inflated as a result of the Defendants'

misrepresentations and omissions, and thus, both Jones and the Class Members suffered damages

as a result of these purchases. Simply put, Jones, like all the other Class Members, (1) purchased

BigBand securities pursuant to or traceable to its March 2007 Initial Public Offering; (2) purchased

BigBand securities at artificially inflated prices as a result of the Defendants' misrepresentations

and omissions; and (3) suffered damages thereby. Jones' claims and injuries "arise from the same

event or course of conduct that [gave] rise to the claims of other class members." *Crossen*, 2005

US Dist. Lexis 41396 at *13.

Moreover, Jones is not subject to any unique or special defenses. Thus, Jones meets the

typicality requirement of Rule 23 because Movant's claims are the same as the claims of the other

Class Members.

### b.    Jones Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if (1) the

class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests

1  of the class are not antagonistic to one another; and (3) the lead plaintiff has a "sufficient interest in

2  the outcome of the case to ensure vigorous advocacy." *Miller v. Ventro Corp.*, 2001 U.S. Dist.

3  Lexis 26027, *44 (N.D Cal. Nov. 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F.Supp. 2d

4  1129, 1132 (C.D. Cal. 1999)). As described below, Jones will adequately represent the interests of

5  the class.

6      Jones' interests are clearly aligned with the members of the Class because Movant's claims

7  are identical to the claims of the Class. There is no evidence of antagonism between Jones'

8  interests and those of proposed Class Members. Furthermore, Jones has a significant, compelling

9  interest in prosecuting this action to a successful conclusion based upon the very large financial

10  loss Movant incurred as a result of the wrongful conduct alleged herein. This motivation,

11  combined with Jones' identical interest with the members of the Class, clearly shows that Jones

12  will adequately and vigorously pursue the interests of the Class. In addition, Jones has selected

13  counsel that is highly experienced in prosecuting securities class actions such as this one to

14  represent the fund and the class.

15      In sum, because of Jones' common interests with the Class Members, Movant's clear

16  motivation and ability to vigorously pursue this action, and Movant's competent counsel, the

17  adequacy requirement of Fed. R. Civ. Proc. 23(a) is met in this case. Therefore, since Jones not

18  only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the

19  largest amount of losses at the hands of the Defendants, Jones is, in accordance with 15 U.S.C. §

20  77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[7]

21  **C.    THIS COURT SHOULD APPROVE JONES' CHOICE OF LEAD COUNSEL**

22      The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the

23  class, subject to the Court's approval. 15 U.S.C. § 77z-1(a)(3)(B)(v) and § 78u-1(a)(3)(B)(v).

24  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to

25  "protect the interests of the class." 15 U.S.C. § 77z-l(a)(3)(B)(iii)(II)(aa) and§ 78u-

26  ---

7    The PSLRA clearly envisions a two-part test of a presumption of adequacy and a
27  mechanism for rebutting the presumption. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and (II) and § 78u-
   1(a)(3)(B)(iii)(I) and (II). Jones meets the presumption of adequacy.

28  NOT. OF MOT. AND MOT. TO CONSOLID., TO    - 10 -
   APP. GWYN JONES LEAD PL. AND TO
   APPROVE PROP. LEAD PL.'S SELECTION OF
   COUNSEL; MPA IN SUPPORT THEREOF
   NO. 3:07-CV-05101-SBA

1  l(a)(3)(B)(iii)(II)(aa).  Jones has selected Hagens Berman and KGS to serve as Co-Lead Counsel

2  for the Class.  These firms have not only prosecuted complex securities fraud actions, but have

3  successfully prosecuted many other types of complex cases.  Kathrein Decl., Ex. D, (firm resumes).

4  This Court may be assured that in the event that this motion is granted, the members of the Class

5  will receive the highest caliber of legal representation.

6  **V.    CONCLUSION**

7    For all of the foregoing reasons, Jones respectfully requests that this Court: (1) appoint

8  Jones to serve as Lead Plaintiff in this action; (2) approve Jones' selection of Lead Counsel for the

9  Class; and (3) grant such other and further relief as the Court may deem just and proper.

10

11  Dated: December 3, 2007     HAGENS BERMAN SOBOL SHAPIRO, LLP

12               By: _____/s/ Reed R. Kathrein_____

13                  REED R. KATHREIN

14               715 Hearst Avenue, Suite 202
15               Berkeley, CA 94710
             Telephone: (510) 725-3000
16               Facsimile: (510) 725-3001
             reed@hbsslaw.com

17
18               Lewis S. Kahn
             KAHN GAUTHIER SWICK, LLC
19               650 Poydras Street, Suite 2150
             New Orleans, LA  70130
20               Telephone: (504) 455-1400
             Facsimile: (504) 455-1498
21               lewis.kahn@kgscounsel.com

22               Steve Berman
             HAGENS BERMAN SOBOL SHAPIRO, LLP
23               1301 Fifth Avenue, Suite 2900
             Seattle, WA 98101
24               Telephone: (206) 623-7292
             Facsimile: (206) 623-0594
25               steve@hbsslaw.com

26

27

28  NOT. OF MOT. AND MOT. TO CONSOLID., TO   - 11 -
APP. GWYN JONES LEAD PL. AND TO
APPROVE PROP. LEAD PL.'S SELECTION OF
COUNSEL; MPA IN SUPPORT THEREOF
NO. 3:07-CV-05101-SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kim E. Miller
KAHN GAUTHIER SWICK, LLC
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@kgscounsel.com

Attorneys for Plaintiff

NOT. OF MOT. AND MOT. TO CONSOLID., TO     - 12 -
APP. GWYN JONES LEAD PL. AND TO
APPROVE PROP. LEAD PL.'S SELECTION OF
COUNSEL; MPA IN SUPPORT THEREOF
NO. 3:07-CV-05101-SBA

1

## **DECLARATION OF SERVICE**

2         I hereby certify that on December 3, 2007, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-

4  mail addresses registered, as denoted on the attached **Electronic Mail Notice List**, and I hereby

5  certify that I have mailed the foregoing document or paper via the United States Postal Service to

6  the non-CM/ECF participants indicated on the attached **Manual Notice List**.

7         I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed this 3rd day of December 2007, at Berkeley, California.

9

10

11                                        _____/s/ Reed R. Kathrein_____
                                           REED R. KATHREIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  NOT. OF MOT. AND MOT. TO CONSOLID., TO    - 13 -
     APP. GWYN JONES LEAD PL. AND TO
     APPROVE PROP. LEAD PL.'S SELECTION OF
     COUNSEL; MPA IN SUPPORT THEREOF
     NO. 3:07-CV-05101-SBA

# Mailing Information for a Case 4:07-cv-05101-SBA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lewis Stephen Kahn**
  lewis.kahn@kglg.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com

- **Joni L. Ostler**
  jostler@wsgr.com,pbaird@wsgr.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)