LIONEL Z. GLANCY (#134180)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

Attorneys for Lead Plaintiff Movant
Sphera Fund and Proposed Co-Lead Counsel

*[Additional Counsel Appear on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIKASH MOHAN MOHANTY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO. INC., MERRILL LYNCH PIERCE FENNER & SMITH INC., JEFFRIES & CO. INC., THINKEQUITY PARTNERS LLC, BIGBAND NETWORKS INC. and COWEN & CO. INC.,<br><br>Defendants. | No. 4:07-cv-05101-SBA<br><br>**NOTICE OF MOTION AND MOTION OF SPHERA FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 8, 2008<br>Time: 1:00 p.m.<br>Courtroom 3<br><br>Hon. Saundra B. Armstrong |

*[Captions Continue on Following Pages]*

| | |
|---|---|
| DENNIS KOESTERER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KENNETH A. GOLDMAN, GAL ISRAELY, BRUCE SACHS, ROBERT SACHS and GEOFFREY YANG,<br><br>Defendants. | No. 3:07-cv-05168-MMC |
| ABRENA WINSTON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, COWEN & COMPANY INC., JEFFRIES & COMPANY INC., LLC, and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05327-JSW |
| DONALD SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL,<br><br>Defendants. | No. 3:07-cv-05361-SI |

*[Captions Continue on Following Pages]*

| | |
|---|---|
| WAYNE LUZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MORGAN STANLEY & CO. INCORPORATED, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, JEFFRIES & COMPANY INC., COWEN & COMPANY LLC and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05637-WHA |
| DEBRA L. BERNSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MORGAN STANLEY & CO. INCORPORATED, JEFFRIES & COMPANY INC., MERRILL LYNCH, PIERCE FENNER & SMITH INCORPORATED, COWEN & COMPANY LLC and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05819-CRB |

*[Captions Continue on Following Page]*

| | |
|---|---|
| EUGENE L. HAMMER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, LLOYD CARNEY, DEAN GILBERT, KENNETH A. GOLDMAN, GAL ISRAELY, BRUCE I. SACHS, ROBERT J. SACHS and GEOFFREY Y. YANG,<br><br>Defendants. | No. 3:07-cv-05825-MHP |

# NOTICE OF MOTION[1]

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on January 8, 2008, at 1:00 p.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Saundra B. Armstrong, situated at 1301 Clay Street, Oakland, California 94612, Movant Sphera Fund (hereinafter "Movant") will move, and hereby does move, for an order (a) consolidating related actions, (b) appointing Sphera Fund as Lead Plaintiff, and (c) approving its selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel for the Class.

Movant seeks appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of counsel pursuant to the Securities Act of 1933, the Federal Rules of Civil Procedure and the PSLRA. This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Lionel Z. Glancy and the Court's complete files and records in this

---

[1] This motion is filed pursuant to Section 27 of the Securities Act as amended by the PSLRA. This Section provides that, within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Movant has no way of knowing who the competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to meet and confer with opposing counsel, and respectfully requests that the conference requirement be waived.

action, as well as such further argument as the Court may allow at the hearing on this motion.

A copy of this Notice has been sent to all parties on the attached proof of service.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................... ii

I     FACTUAL BACKGROUND ........................................................ 3

II    PROCEDURAL HISTORY ......................................................... 4

III   ARGUMENT ................................................................................ 5

    A.    The Related Actions Should be Consolidated ..................... 5

        1.    The Court Should Resolve The Consolidation Issue
            As a Prerequisite to The Determination of Lead Plaintiff ............. 5

    B.    Sphera Fund Should Be Appointed Lead Plaintiff ........................ 6

        1.    Sphera Fund Is Making A Motion In Response To
            A Notice ..................................................................... 6

        2.    Sphera Fund Has The Largest
            Financial Interest In This Action ............................... 7

        3.    Sphera Fund Satisfies The Requirements
            Of Rule 23 Of The Federal Rules Of Civil Procedure ................ 7

            a.    Sphera Fund's Claims Are Typical ........................ 8

            b.    Sphera Fund Is An Adequate Representative .............. 9

        4.    Sphera Fund Is Presumptively
            The Most Adequate Lead Plaintiff ............................ 9

    C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel ............ 10

IV   CONCLUSION .......................................................................... 10

No. 4:07-cv-05101-SBA
NOTICE OF MOTION AND MOTION OF SPHERA FUND FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

i

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................. 5, 8

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001) .................................. 8, 9

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla 1997) .................................. 8

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .................................. 8

*In re Cavanaugh*,
    306 F.3d 726, 733 (9th Cir. 2002) .................................. 10

*In re Enron Corp. Securities Litigation*,
    206 F.R.D. 427 (S.D. Tex. 2002) .................................. 7, 8

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    416 F. Supp. 161 (C.D. Cal. 1976) .................................. 5

*In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
    693 F.2d 847, 855 (9th Cir. 1982) .................................. 9

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d. 286 (E.D.N.Y. 1998) .................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................. 8

*Investors Research Co. v. United States District Court*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................. 5

*Naiditch v. Applied Micro Circuits*,
    2001 WL 1659115 (S.D. Cal. 2001) .................................. 7

*Riordan v. Smith Barney*,
    113 F.R.D. 60, 64 (N.D. Ill 1986) .................................. 9

*Takeda v. Turbodyne Tech, Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) .................................. 9

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577 (N.D. Cal. 1999) .................................. 6

No. 4:07-cv-05101-SBA
NOTICE OF MOTION AND MOTION OF SPHERA FUND FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

ii

## STATUTES AND MISCELLANEOUS

The Private Securities Litigation Reform Act .................................... *passim*

15 U.S.C. §§ 77z-1 .................................................... *passim*

Fed. Rule of Civil Procedure 23(a) ........................................... 8

No. 4:07-cv-05101-SBA
NOTICE OF MOTION AND MOTION OF SPHERA FUND FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant Sphera Fund respectfully submits this memorandum of points and authorities in support of its motion for consolidation of related actions, appointment as Lead Plaintiff and approval of Lead Plaintiff's selection of Co-Lead Counsel.

## I.   FACTUAL BACKGROUND[2]

This is a federal class action on behalf of purchasers of the common stock of BigBand Networks, Inc. ("BigBand" or the "Company"), who purchased or otherwise acquired BigBand's common stock pursuant or traceable to the Company's March 14, 2007 Initial Public Offering (the "IPO") and seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

BigBand develops, markets, and sells network-based platforms that enable cable operators and telephone companies to offer video, voice and data services across coaxial, fiber and copper networks. The Company's product applications of Digital Simulcast, TelcoTV, Switched Broadcast, High-Speed Data and Voice-over-IP are used by service providers worldwide to offer video, voice, and data services to subscribers.

The Complaint alleges that the Registration Statement and Prospectus filed with the Securities and Exchange Commissions in connection with the Company's IPO failed to disclose or indicate that: (1) the Company's switched digital video ("SDV") products suffered from interoperability issues with regard to certain video infrastructure systems; (2) the integration of the Company's SDV products required significant software customization and integration; (3) as such, growth of the Company's SDV products and sales was stagnant; (4) as a result of the above, the Company would be forced to recognize the revenue associated with its SDV product sales over an extended period of time; (5) the Company had shipped excess amounts of TelcoTV inventory to customers such as Verizon, which reduced future demand for these products; and (6) the Company lacked adequate internal and financial controls.

---

[2] Summary of facts taken from the above-captioned Class Action Complaint for Violations of the Federal Securities Laws, *Winston v. BigBand Networks, Inc., et al.,* No. 07-cv-05327-JSW, filed October 18, 2007.

On August 2, 2007, the Company shocked investors when it reported disappointing second quarter financial results, and announced lowered guidance for third-quarter and year-end 2007, causing shares of the Company's stock to fall 27.75 percent, on unusually heavy trading volume.

Then on September 27, 2007, the Company revised its revenue outlook for third quarter 2007 well below its previous guidance for the quarter, the result of the Company deploying SDV across a number of customers and configurations, which required significant software customization and integration. Additionally, the Company disclosed it had experienced a slowdown in TelcoTV revenues as its major customer worked through existing inventory, and that the Company expected to report an operating loss for third-quarter fiscal 2007. On this news, shares of the Company's stock declined almost 30 percent, on unusually heavy trading volume.

Defendants' wrongful acts and omissions caused a precipitous decline in the market value of the Company's securities, Plaintiff and other Class Members have suffered significant losses and damages.

## II.   PROCEDURAL HISTORY

Plaintiff Bikash Mohan Mohanty commenced Case No. 07-cv-05101 on October 3, 2007. On October 4, 2007, counsel for plaintiff published a notice of the pendency of plaintiff's case on *Marketwire*, a widely circulated national business-oriented wire service. *See* Declaration of Lionel Z. Glancy In Support of Motion of Sphera Fund For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Glancy Declaration") at Exhibit A. Subsequent to the *Mohanty* action, six related actions have been filed in this District and each of the related actions is reflected above in the caption of this document.

Movant brings the instant motion pursuant to the *Mohanty* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the October 4, 2007 notice.

III.   ARGUMENT

    A.   The Related Actions Should Be Consolidated[3]

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Equity Funding*, 416 F. Supp. at 176; *Aronson*, 79 F. Supp. 2d at 1150 ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.") Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See Equity Funding*, 416 F. Supp. at 176.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Securities Act, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

    1.   **The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff**

As Movant has an interest in moving these actions forward, it respectfully urges the

---

[3] On November 21, 2007, the parties filed a Stipulation and [Proposed] Order Regarding Consolidation and Scheduling, Docket #5, which currently is pending before the Court, and requesting, *inter alia*, consolidation of the above-captioned actions.

Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

### B. Sphera Fund[4] Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Sphera Fund satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

#### 1. Sphera Fund Is Making A Motion In Response To A Notice

On October 3, 2007, counsel for plaintiff Bikash Mohan Mohanty published a notice of the pendency of plaintiff's case pursuant to 15 U.S.C. §77z-1(a)(3)(A)(i), announcing that a securities class action had been filed against defendants herein, and advising purchasers of BigBand securities that they had until December 3, 2007, to file a motion to be appointed as Lead

---

[4] Sphera Fund is a private hedge fund investing primarily in equities of Israeli companies traded in U.S., Israel and European markets. Sphera Fund is managed by Sphera Funds Management Ltd., and currently has over $260 million capital under management.

Plaintiff. Movant files the instant motion pursuant to plaintiff Bikash Mohan Mohanty's complaint and published notice, and submits herewith its sworn certification attesting that Sphera Fund is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Glancy Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Sphera Fund Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001)(emphasis added). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Here, Movant purchased 95,900 shares of BigBand during the relevant period and has suffered losses of $374,889.61. *See* Glancy Declaration, Exhibit C. To the best of its knowledge, Movant believes that it has the largest known financial interest in this case of any movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3. Sphera Fund Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson,* 79 F. Supp. 2d at 1158 (N.D. Cal.1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a. Sphera Fund's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480. Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Securities Act by publicly disseminating false and misleading statements concerning BigBand's business and financial performance. Movant, like all of the members of the Class, purchased BigBand securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b. Sphera Fund Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1133 (citing *In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill 1986). Movant has demonstrated its adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that Movant is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479.

Movant herein has communicated with counsel concerning this case and has made this motion to be appointed Lead Plaintiff. Movant also has sustained significant losses from its investments in BigBand securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Glancy Declaration, Exhibit C.

### 4. Sphera Fund Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant herein as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(b)(iii).

The presumption that Sphera Funds is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial losses and believes that it has the largest

No. 4:07-cv-05101-SBA
NOTICE OF MOTION AND MOTION OF SPHERA FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

Page 9

known financial interest in this case of any movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against Sphera Fund that would render it inadequate to represent the Class. Accordingly, Sphera Fund is presumptively the most-adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo to pursue this litigation on its behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event it is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Glancy Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) consolidating the related actions, (b) appointing Sphera Fund as Lead Plaintiff, and (c) approving its choice of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel for the Class, and granting such other relief as the Court may deem just and proper.

///

///

Dated: December 3, 2007

Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By:    /s/ Lionel Z. Glancy
      Lionel Z. Glancy

1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No. 3 Daniel Frisch Street 15th Floor
Tel Aviv, Israel 64731
Telephone:    011-972 3 607 88 88
Facsimile:    011-972 3 607 88 89

*Attorneys for Movant Sphera Fund
and Proposed Co-Lead Counsel*