REED R. KATHREIN (139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

LEWIS S. KAHN
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Attorneys for Plaintiffs

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BIKASH MOHAN MOHANTY, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., JEFFERIES & CO., INC., COWEN AND CO., INC., AND THINKEQUITY PARTNERS, LLC<br><br>Defendants. | Case No. 3:07-CV-05101-SBA<br><br>CLASS ACTION<br><br>GWYN JONES' OPPOSITION TO THE MOTION OF THE SPHERA FUND TO APPOINT LEAD PLAINTIFF<br><br><br>DATE:   February 5, 2008<br>TIME:   1:00 P.M.<br>DEPT:   Courtroom 3, 3rd Floor |

| | | |
|---|---|---|
| 1 | DENNIS KOESTERER, On Behalf of Himself and All Others Similarly Situated, ) | Case No. 3:07-CV-05168-MMC |
| 2 | ) | |
| | Plaintiff, ) | |
| 3 | ) | |
| | v. ) | |
| 4 | ) | |
| | BIGBAND NETWORKS, INC., AMIR BASSAN- ) | |
| 5 | ESKENAZI, FREDERICK A. BALL, RAN OZ, ) LLOYD CARNEY, DEAN GILBERT, KEN ) | |
| 6 | GOLDMAN, GAL ISRAELY, BRUCH SACHS, ) ROBERT SACHS, and GEOFFREY YANG ) | |
| 7 | ) | |
| | Defendants. ) | |
| 8 | ) | |
| | ABRENA WINSTON, Individually and On ) | Case No. 3:07-CV-05327-JSW |
| 9 | Behalf of All Others Similarly Situated, ) | |
| 10 | Plaintiff, ) | |
| 11 | v. ) | |
| 12 | BIGBAND NETWORKS, INC., AMIR ) | |
| | BASSAN-ESKENAZI, RAN OZ, FREDERICK ) | |
| 13 | BALL, GAL ISRAELY, DEAN GILBERT, KEN ) GOLDMAN, LLOYD CARNEY, BRUCE ) | |
| 14 | SACHS, ROBERT SACHS, GEOFFREY ) YANG, MERRILL LYNCH, PIERCE, FENNER ) | |
| 15 | & SMITH, INC., MORGAN STANLEY & CO., ) INC., COWEN AND CO., JEFFERIES & CO., ) | |
| 16 | and THINKEQUITY PARTNERS, LLC ) | |
| 17 | Defendants. ) | |
| 18 | DONALD SMITH, On Behalf of Himself and All ) | Case No. 3:07-CV-05361-SI |
| | Others Similarly Situated, ) | |
| 19 | Plaintiff, ) | |
| 20 | v. ) | |
| 21 | BIGBAND NETWORKS, INC., AMIR ) | |
| 22 | BASSAN-ESKENAZI, and FREDERICK A. ) BALL ) | |
| 23 | Defendants. ) | |
| 24 | ) | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| WAYNE LUZON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., JEFFERIES & CO., INC., COWEN AND CO., INC., and THINKEQUITY PARTNERS, LLC<br><br>Defendants. | Case No. 3:07-CV-05637-WHA |
| DEBRA L. BERNSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MORGAN STANLEY & CO., INCORPORATED, JEFFERIES & COMPANY, INC., MERRILL LYNCH, PIERCE FENNER & SMITH INCORPORATED, COWEN AND COMPANY, LLC and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | Case No. 3:07-CV-05825-MHP |
| EUGENE HAMMER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KEN GOLDMAN, GAL ISRAELY, BRUCE SACHS, ROBERT SACHS, and GEOFFREY YANG<br><br>Defendants. | Case No. 3:07-CV-05825-MHP |

## I. INTRODUCTION AND BACKGROUND

Pending before this Court are two motions seeking appointment of Lead Plaintiffs (1) Gwyn Jones; and (2) Sphera Fund (the "Fund").[1] Under the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Gwyn Jones ("Mr. Jones") has the largest financial interest in the outcome of this litigation and therefore is presumed to be the Plaintiff most capable of adequately representing the class. Furthermore, Mr. Jones otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other investors and he satisfies the adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). Accordingly, Mr. Jones respectfully requests that this Court appoint him as Lead Plaintiff and approve his selection of Hagens Berman Sobol Shapiro LLP and Kahn Gauthier Swick, LLC as Co-Lead Counsel.

Mr. Jones suffered $438,617.74 in losses on his purchases of BigBand Networks, Inc. ("BigBand") stock during the Class Period. Mr. Jones is a 48 years old British citizen, who currently resides in Cyprus. He is a sophisticated investor and has served on the board of directors for both privately held and NASDAQ listed companies, and also lectured in e-commerce and entrepreneurship at several United Kingdom universities. Mr. Jones is ready, willing and able to serve as Lead Plaintiff and to vigorously prosecute this action on behalf of all BigBand investors. Mr. Jones suffered a substantial loss as an individual investor of over $438,000 due to the Defendants' misconduct and is highly motivated to pursue this matter as efficiently and effectively as possible.

In comparison, the Sphera Fund has losses of $374,889.61, nearly $64,000 less than Mr. Jones. Further, the Sphera Fund cannot be appointed Lead Plaintiff because the manager of the Fund (and signatory to its certification), Sphera Fund Management, Ltd., has submitted no evidence or documentation demonstrating it has authority to sue on behalf of the Sphera Fund or the actual

---

[1] All parties agree that consolidation of these securities class action cases is appropriate. A Stipulation and [Proposed] Order Regarding Consolidation and Scheduling was submitted to the Court on November 11, 2007. *See Mohanty v. BigBand Networks, Inc., et al.*, 4:07-CV-05101-SBA, Docket No. 11.

1  structure of the Fund in order to determine who is the real party in interest.[2] *See Weisz v. Calpine*

2  *Corp.*, No. C02-1200-SBA, 2002 U.S. Dist. Lexis 27831, at *22 (N.D. Cal. August 19, 2002) (finding

3  by this Court that failure of asset manager to provide evidence that it is authorized to bring suit on

4  behalf of its clients renders it inadequate). Accordingly, its motion should be denied.

## II. ARGUMENT

6  The Ninth Circuit employs a three step analysis when determining who should serve as Lead

7  Plaintiff in a securities class action governed by the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729

8  (9th Cir. 2002). This analysis requires the district court to decide whether a movant satisfies the

9  procedural requirements of the PSLRA and requires the court to appoint the movant "most capable of

10 adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA

11 provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the

12 "person or group of persons" that "has the largest financial interest in the relief sought by the class

13 and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

14 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii); see also *Richardson v. TVIA, Inc.*,

15 No. C-06-06304 RMW, 2007 U.S. Dist. Lexis 28406 at *8-*9 (N.D. Cal. Apr. 16, 2007) (citing *In re*

16 *Cavanaugh*, 306 F.3d at 729-30).

**A.    The PSLRA Presumes that Mr. Jones is "The Most Adequate Plaintiff"**

   **1.    Mr. Jones Has the Largest Financial Interest**

19 According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court

20 shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the

21 relief sought by the action. "So long as the plaintiff with the largest losses satisfies the typicality and

22 adequacy requirements, he is entitled to lead plaintiff status...." *Ferrari v. Gisch*, 225 F.R.D. 599,

23 602 (C.D. Cal. 2004) (citation omitted). Courts have uniformly held that the financial loss prong of

24 the above test is by far the most important factor in selecting a Lead Plaintiff. *See, e.g., In re*

25 *Cavanaugh*, 306 F.3d at 732 ("the reform Act provides in categorical terms that the *only* basis on

---

[2] Sphera Fund's opening motion papers merely indicates that it "is a private hedge fund … managed by Sphera Funds Management, Ltd." Sphera Fund's sworn certification is signed by Ron Senator as "Managing Partner, Sphera Funds Management, Ltd., on behalf of Sphera Fund."

which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.") (emphasis in the original).

Indeed, this Court has recognized that "[a]lthough the PSLRA does not provide any specific guidance with respect to the appropriate method of calculating which plaintiff has the 'largest financial interest,' district courts typically equate 'largest financial interest' with the amount of potential recovery." *Gerin v. Aegon USA, Inc., et al.*, No. C06-5407-SBA, 2007 U.S. Dist. Lexis 5284, at *8 (N.D. Cal. January 10, 2007); *Siegall v. Tibco Software, Inc.*, No. C05-2146-SBA, 2006 U.S. Dist. Lexis 26780, at *11 (N.D. Cal. February 24, 2006).

Mr. Jones, with losses of $438,617.74, has the "largest financial interest in the relief sought by the Class" among those seeking appointment as Lead Plaintiff. Indeed, Mr. Jones' losses are nearly $64,000 greater than those of the Sphera Fund which *claims* losses of $374,889.61.[3] The chart below illustrates that Mr. Jones overwhelmingly has the largest financial interest in this litigation.

| Movant | Shares Purchased | Shares Sold | Financial Interest |
|---|---|---|---|
| Gwyn Jones | 50,000 | 39,000 (retained 11,000) | $438,617.74 |
| Sphera Fund | 95,900 | 95,900 | $374,889.61 |

Because the PSLRA provides unambiguously that the "only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy," the Court should reject the Sphera Fund's motion and appoint Mr. Jones who is presumptively the "most adequate plaintiff." *See In re Cavanaugh*, 306 F. 3d at 732. The PSLRA does not provide institutions a preference over other movants with greater financial losses. *See Tanne v. Autobytel, Inc*., 226 F.R.D. 659 (C.D. Cal. 2005)

---

[3] The loss chart provided by the Sphera Fund (*see* Exhibit C to the Declaration of Lionel Z. Glancy in Support of Motion of Sphera Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel, filed on December 3, 2007) shows the Sphera Fund's total loss to be $374,889.61. According to Yahoo Finance, on September 27, 2007, when the Sphera Fund claims to have sold 32,328 shares at $7.1096 per share for a total of $229,199.28, the actual trading range for the day (found on http://finance.yahoo.com) was between $8.95 and $9.30. Mr. Jones does not know the reasons for this discrepancy.

### 2. Mr. Jones Satisfies the Requirements of Rule 23

Mr. Jones has made a *prima facie* showing that his claims are typical of those made by other investors in BigBand and that he will adequately represent the interests of the Class under Rule 23. The Ninth Circuit has clearly stated that in the context of a motion seeking appointment as Lead Plaintiff the inquiry of whether a Lead Plaintiff satisfies Rule 23 shall focus on the "typicality" and "adequacy" aspects of that rule. *In re Cavagnaugh*, 306 F.3d at 730, n.5, and 732. Typicality is determined by looking to whether the movant's claims arise from the same event or course of conduct that gave rise to the claims of other class members and are founded on the same legal theory. Here, Mr. Jones purchased BigBand stock during the class period, paid stock prices that he alleges were artificially inflated by Defendants' wrongful conduct and alleges that he was damaged by that conduct. Thus, Mr. Jones' claims are typical of the class. *See Schonfeld v. Dendreon Corp.*, No. 07-869 (MJP), 2007 U.S. Dist. Lexis 76816, at *6-*7 (W.D. Wash. Oct. 4, 2007).

Adequacy is demonstrated where the proposed Lead Plaintiff's interests are "common with, and not antagonistic to, those of the class" and the movant has selected adequate Lead Counsel. *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Here, Mr. Jones' interests in prosecuting this case are identical to those of other class members. Mr. Jones seeks to recover against the Defendants for permitting false or misleading statements to be included in BigBand's Registration Statement and other publicly disseminated representations during the class period. Furthermore, Mr. Jones is an experienced shareholder with a sophisticated understanding of investing. Furthermore, Mr. Jones has selected highly experienced counsel who stand ready to serve the best interests of the class. Indeed, Hagens Berman Sobol Shaprio LLP and Kahn Gauthier Swick, LLC have extensive experience in securities litigation and significant resources to dedicate to this case. Accordingly, Mr. Jones satisfies the requirements of Rule 23.

**B. The Sphera Fund Cannot Rebut the Presumption in Favor of Appointing Mr. Jones As Lead Plaintiff and the Sphera Fund Is Not a Proper Lead Plaintiff**

In order to determine whether the Sphera Fund is capable of adequately representing the Class, the Court needs sufficient information to decide whether the agent who signed the PSLRA certification on behalf of Sphera is authorized to bring this litigation on Sphera's behalf. The

certification submitted by the Sphera Fund is signed by Ron Senator, purportedly on behalf of the Fund, in his capacity as managing partner of Sphera Fund Management, Ltd.  In its opening motion papers, the Sphera Fund describes itself as follows:

> Sphera Fund is a private Fund investing in equities of Israeli companies traded in U.S, Israel and European market.  Sphera Fund is managed by Sphera Fund Management, Ltd., and currently has over $260 million capital under management.

*See* Notice of Motion and Motion of Sphera Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel; Memorandum of Points and Authorities in Support Thereof, filed December 3, 2007.

Because Mr. Senator's certification fails to provide sufficient information, the Court has no way of knowing whether Sphera Fund Management, Ltd. has authorization to bring this litigation on behalf of the Sphera Fund.  Nor has any information been provided indicating the identity of the owners or clients of the Sphera Fund or whether they seek to pursue this litigation.  In the past, this Court has held that an asset manager's failure to provide evidence that it acts as an attorney-in-fact and is authorized to seek recovery for investments losses renders it inadequate to serve as a Lead Plaintiff within the meaning of the PSLRA.

> The Court also has serious concerns regarding Northern Oak's authority to bring this action on behalf of its clients.  An asset manager … is generally required to provide evidence that it acts as attorney-in-fact for its clients and is authorized to seek recovery for investment losses. *Smith*, 206 F. Supp. 2d at 634.   In this respect, Northern Oak contends that its authority to bring this action is implicit in the Certification of Named Plaintiff Pursuant to Federal Securities Laws. (citation omitted) This contention lacks merit.  Nothing in that document suggests that Northern Oak has been authorized by its clients to bring securities law claims on their behalf.  In the absence of such evidentiary support, the Court finds that Northern Oak has not demonstrated itself to be an adequate plaintiff within the meaning of the PSLRA.  *Id*.  ("The clients' mere grant of authority to an investment manager to invest on its behalf does not confer authority to initiate suit on its behalf.")

*Weisz*, 2002 U.S. Dist. Lexis 27831 at *22-*23.  *See also In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870-J (RBB), 2002 U.S. Dist. Lexis 27690, at *56-*57, 60 (S.D. Cal. Oct. 9, 2002) (finding that investment manager failure to provide proof of authority to sue was fatal to its appointment as lead plaintiff).

1    Moreover, the mere grant of authority to an investment manager to invest on one's behalf
2 does not necessarily mean that the investment manager has authority to initiate suit. *Smith v.*
3 *Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634-35 (D.N.J. 2002). In *Suprema*, as is the case
4 here, the investment manager, Stoneridge Investments, did not provide the Court with evidence
5 indicating that its client had given it authority to file lawsuits on its behalf. *Id.* at 635. Similar to the
6 instant litigation, nothing before the Court indicated that the clients even knew that the action had
7 been commenced. *Id.*; *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255
8 (S.D.N.Y. 2003) (accord). The Court denied Stoneridge Investments' motion seeking appointment as
9 Lead Plaintiff. *Suprema*, 206 F. Supp at 642.

10    Similarly, other courts have found that the failure of an investment manager to provide proof
11 that it is acting as its client's attorney-in-fact in bringing suit on behalf of the client subjects the
12 investment manager to a unique defense. *See In re Cardinal Health Inc. Sec. Litig.*, 226 F.R.D. 298,
13 311 (S.D. Ohio 2005).

14    Moreover, both the Fund and Sphera Fund Management, Ltd., appear to be foreign entities.
15 According to the Fund's website, it is "an off-shore private hedge fund…organized in a limited
16 partnership structure." Kathrein Decl. Ex. A.[4] Sphera Fund Management, Ltd. began operations in
17 January 2004 and is controlled by Shrem Fudim Kelner & Co., Ltd. ("SFK Group"), a Tel Aviv
18 based financial services company. Kathrein Decl. Ex. B and C. It is clear that as foreign-based
19 entities, the Fund and Sphera Fund Management, Ltd.'s corporate structure, investment authority and
20 ability to institute litigation will be governed by some foreign law.

21    Pursuant to Federal Rule of Civil Procedure 44.1, "[a] party who intends to raise an issue
22 concerning the law of a foreign country shall give notice by pleadings or other reasonable notice."
23 Indeed, the purpose of Rule 44.1 is to "furnish Federal courts with a uniform and effective procedure
24 for raising and determining an issue concerning the law of a foreign country." Fed. R. Civ. P. 44.1,
25 Advisory Committee Notes, 1966 Adoption. Here, neither the Fund nor Sphera Fund Management,
26 Ltd. have provided the Court with the necessary foreign law that these entities are operating under

---

[4]    "Kathrein Decl." refers to the Declaration of Reed R. Kathrein in Support of Gwyn Jones' Opposition to the Motion of the Sphera Fund to Appoint Lead Plaintiff, filed herewith.

GWYN JONES' OPP. TO THE MOT. OF THE SPHERA FUND    - 6 -
TO APPOINT LEAD PL. – NO. C 07-05101 SBA
001922-11 217993 V1

conferring standing and authority to pursue this litigation. This is another defect fatal to the Fund's application to be appointed Lead Plaintiff.

Accordingly, the Sphera Fund's motion should be denied and Mr. Jones should be appointed Lead Plaintiff.

### III. CONCLUSION

For all of the foregoing reasons, and the reasons set forth in his opening motion, memorandum and all supporting papers, Mr. Jones respectfully requests that this Court: (1) consolidate all similar actions; (2) appoint Gwyn Jones to serve as Lead Plaintiff in this action; and (3) approve Gwyn Jones' selection of Co-Lead Counsel for the Class.

DATED:  January 15, 2008             HAGENS BERMAN SOBOL SHAPIRO LLP

                                                  /s/ Reed R. Kathrein
                                          REED R. KATHREIN

715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lewis S. Kahn
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Kim E. Miller
KAHN GAUTHIER SWICK, LLC
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@kgscounsel.com

Attorneys for Lead Plaintiff Movant, Gwyn Jones, and Proposed Co-Lead Counsel for the Class

**DECLARATION OF SERVICE**

I hereby certify that on January 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached **Electronic Mail Notice List**, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached **Manual Notice List**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of January 2008, at Berkeley, California.

/s/ Reed R. Kathrein
REED R. KATHREIN

# Mailing Information for a Case 4:07-cv-05101-SBA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e‑mail notices for this case.

- **Michael M. Goldberg**
  info@glancylaw.com

- **Lewis Stephen Kahn**
  lewis.kahn@kglg.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Joni L. Ostler**
  jostler@wsgr.com,rstrickland@wsgr.com,pbaird@wsgr.com,flugo@wsgr.com,keggleton@wsgr.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Michael Carl Tu**
  mtu@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James P. Cusick
Orrick Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103-001
```