LIONEL Z. GLANCY (#134180)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Attorneys for Lead Plaintiff Movant
Sphera Fund and Proposed Co-Lead Counsel

*[Additional Counsel Appear on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BIKASH MOHAN MOHANTY, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

v.

AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO. INC., MERRILL LYNCH PIERCE FENNER & SMITH INC., JEFFRIES & CO. INC., THINKEQUITY PARTNERS LLC, BIGBAND NETWORKS INC. and COWEN & CO. INC.,

Defendants.

No. 4:07-cv-05101-SBA

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

Date: January 8, 2008
Time: 1:00 p.m.
Courtroom 3

Hon. Saundra B. Armstrong

*[Captions Continue on Following Pages]*

| | |
|---|---|
| DENNIS KOESTERER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KENNETH A. GOLDMAN, GAL ISRAELY, BRUCE SACHS, ROBERT SACHS and GEOFFREY YANG,<br><br>Defendants. | No. 3:07-cv-05168-MMC |
| ABRENA WINSTON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, COWEN & COMPANY INC., JEFFRIES & COMPANY INC., LLC, and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05327-JSW |

*[Captions Continue on Following Pages]*

| | |
|---|---|
| DONALD SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL,<br><br>Defendants. | No. 3:07-cv-05361-SI |
| WAYNE LUZON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MORGAN STANLEY & CO. INCORPORATED, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, JEFFRIES & COMPANY INC., COWEN & COMPANY LLC and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05637-WHA |

*[Captions Continue on Following Page]*

| | |
|---|---|
| DEBRA L. BERNSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, GAL ISRAELY, DEAN GILBERT, KENNETH A. GOLDMAN, LLOYD CARNEY, BRUCE I. SACHS, ROBERT J. SACHS, GEOFFREY Y. YANG, MORGAN STANLEY & CO. INCORPORATED, JEFFRIES & COMPANY INC., MERRILL LYNCH, PIERCE FENNER & SMITH INCORPORATED, COWEN & COMPANY LLC and THINKEQUITY PARTNERS LLC,<br><br>Defendants. | No. 3:07-cv-05819-CRB |
| EUGENE L. HAMMER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGBAND NETWORKS INC., AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK A. BALL, LLOYD CARNEY, DEAN GILBERT, KENNETH A. GOLDMAN, GAL ISRAELY, BRUCE I. SACHS, ROBERT J. SACHS and GEOFFREY Y. YANG,<br><br>Defendants. | No. 3:07-cv-05825-MHP |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I Sphera Fund Is The Most Adequate Plaintiff And Should Be Appointed Lead Plaintiff . . . . . . . . . . 2

A. Sphera Fund Satisfies The Requirements Of Fed. R. Civ. P. 23 . . . . . . . . . . 3

B. Sphera Fund Is An Institutional Investor, The Type Of Investor Preferred By Congress To Serve As Lead Plaintiff . . . . . . . . . . 5

C. As the Only Institutional Investor Movant, Sphera Fund Should Be Appointed Lead Plaintiff . . . . . . . . . . 5

II Gwyn Jones Has Not Established a *Prima Facie* Case of Adequacy and Is Ineligible to Serve as Lead Plaintiff . . . . . . . . . . 7

III. Sphera Funds' Selection Of Counsel Should Be Approved . . . . . . . . . . 10

IV CONCLUSION . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

*Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655 (N.D. Cal. 2000) . . . . . 6

*Burke v. Ruttenberg*, 102 F.Supp.2d 1280 (N.D. Ala. 2000) . . . . . 8

*Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398 (D.Minn.,1998) . . . . . 8

*City of Brockton Retirement System v. The Shaw Group, Inc.*, 2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007) . . . . . 5

*Gluck v. Cellstar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997) . . . . . 5, 6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.1998) . . . . . 4

*In re Cable & Wireless, PLC Securities Litigation*, 217 F.R D. 372 (E.D.Va., 2003) . . . . . 3, 7, 10

*In re California Micro Devices Securities Litigation*, 168 F.R.D. 276 (N.D.Cal.1996) . . . . . 5

*In re Cavanaugh,* 306 F.3d 726, 733 (9th Cir. 2002) . . . . . 7

*In re Computer Memories Sec. Litig.*, 111 F.R.D. 675 (N.D. Cal. Aug. 26, 1986) . . . . . 3

*In re Conseco, Inc. Securities Litigation*, 120 F.Supp.2d 729 (S.D.Ind. 2000) . . . . . 9

*In re Flight Safety Technologies, Inc. Securities Litigation*, 231 F.R.D. 124 (D.Conn. 2003) . . . . . 8

*In re HiEnergy Techs., Inc. Sec. Litig.*, 2006 WL 2780058 (C.D. Cal. Sept. 26, 2006) . . . . . 3, 4

*In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . 10

*In re Terayon Communications Systems, Inc. Securities Litigation*, 2004 WL 413277 (N.D.Cal. Feb. 23, 2004) . . . . . 8

*In re Veeco Instruments, Inc.*, 233 F.R.D. 330 (S.D.N.Y.2005) . . . . . 5

*King v Livent, Inc.*, 36 F. Supp. 2d 187(S.D.N.Y. 1999) . . . . . . . . . 9

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) . . . . . . . . . 4

*Ruland v. InfoSonics Corp.*, 2006 WL 3746716 (S.D.Cal. Oct. 23, 2006) . . . . . . . . . 4

*Vladimir v. Bioenvision, Inc.*, Slip Copy, 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) . . . . . . . . . 2, 5

*Wenderhold v. Cylink Corp.*, 188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . 2

**STATUTES AND MISCELLANEOUS**

The Private Securities Litigation Reform Act . . . . . . . . . *passim*

15 U.S.C. §§ 78u-4 . . . . . . . . . *passim*

Lead plaintiff Movant Sphera Fund respectfully submits this memorandum of law in further support of its motion for appointment as lead plaintiff and for approval of its selection of lead counsel, and in opposition to the competing motion of Gwyn Jones, who has not made the requisite showing of adequacy under the PSLRA and Fed. R. Civ. P. 23. Because Sphera Fund is a sophisticated institutional investor which has a substantial financial interest in this litigation and has demonstrated its adequacy to serve as lead plaintiff, Sphera Fund is the most adequate plaintiff and should be appointed lead plaintiff for the Class and have its selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo approved as co-lead counsel.

## INTRODUCTION

Presently pending before the Court are two motions seeking appointment as lead plaintiff and approval of lead counsel filed by: (i) Sphera Fund – a sophisticated, institutional investor with losses of $374,889.61; and (ii) Gwyn Jones ("Jones") – who appears to be an individual investor with reported losses of $438,617.74.

Pursuant to the express terms of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court shall adopt a presumption that the most adequate plaintiff in a securities class action is the class member with the largest financial interest in the litigation who also satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23.

As detailed herein and in its opening brief, Sphera Fund should be appointed lead plaintiff in this action because (i) it has suffered a substantial financial loss as a result of its purchase of Big Band stock, (ii) Sphera Fund is the only movant that satisfies the requirements of Rule 23, as it is both an adequate and typical representative for all class members; and (iii) Sphera Fund is a

sophisticated institutional investor, the prototypical investor that Congress envisioned as serving as lead plaintiff in actions brought under the PSLRA. Accordingly, Sphera Fund should be appointed as lead plaintiff, and the competing motion of Gwyn Jones should be denied.

As the presumptive most adequate plaintiff, Sphera Fund has selected lead counsel in this action, subject to Court approval. Here, the law firms Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel. Both of these law firms have extensive experience in securities class action litigation and are well-qualified to prosecute this action. Accordingly, Sphera Fund's lead counsel selection should be approved by the Court.

## ARGUMENT

### I. Sphera Fund Is The Most Adequate Plaintiff And Should Be Appointed Lead Plaintiff

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice... ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). See also *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

"To encourage the selection of an institutional investor as the lead, the [Reform Act] ... creates a rebuttable presumption concerning which class member is most capable of adequately representing the interests of class members." *In re Network Associates, Inc., Securities Litigation*, 76 F.Supp.2d 1017, 1021 (N.D. Cal. 1999). *See also Vladimir v. Bioenvision, Inc.*, Slip Copy, 2007 WL 4526532,

at *9 ("Although the procedures contemplated by the PSLRA are well defined, district courts have not followed them invariably, especially when doing so would fail the court's ultimate obligation to appoint as lead plaintiff the member or members of the purported plaintiff class who are most capable of representing the interests of the class members.")(citations, internal quotations omitted). "[T]he purpose of the PSLRA's selection-of-lead-plaintiff provision was to get institutional investors involved in the prosecution of securities class action suits. *In re Cable & Wireless, PLC Securities Litigation*, 217 F.R.D. 372, 377 (E.D.Va. 2003). Congress established this procedure because the Lead Plaintiff in a securities class action plays a critically important role and "owes a fiduciary duty to all members of the proposed class to provide fair and adequate representation and actively work with class counsel to obtain the largest recovery for the proposed class consistent with good faith and meritorious advocacy." *In re Network Associates*, 76 F.Supp.2d at 1033.

As demonstrated below, Sphera Fund is the ***only*** movant who has sufficiently demonstrated that it meets Rule 23's requirements of typicality and adequacy.

### A. Sphera Fund Satisfies The Requirements Of Fed. R. Civ. P. 23

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." As demonstrated in its opening brief, Sphera Fund readily meets the adequacy and typicality requirements. See Sphera Fund Opening Memorandum ("Op. Mem.") at 7-10.

"[T]he typicality requirement of Rule 23(a) requires that the claims or defenses of the class representatives not differ significantly from the claims or defenses of the class as a whole." *In re HiEnergy Techs., Inc. Sec. Litig.*, 2006 WL 2780058, at *4 (C.D. Cal. Sept. 26, 2006) (*citing In re Computer Memories*

*Sec. Litig.*, 111 F.R.D. 675, 680 (N.D. Cal. Aug. 26, 1986)). *See also Ruland v. InfoSonics Corp.*, 2006 WL 3746716, at *6 (S.D.Cal. Oct. 23, 2006)("Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical'")(citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998)). Sphera Fund is typical of the Class because it purchased Big Band shares during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by defendants, and (b) was damaged by defendants' alleged violations of federal securities laws.

Sphera Fund is also an adequate representative of the class. Rule 23's adequacy requirement is satisfied where the moving party demonstrates that it can "adequately protect the interests of the class," *i.e.*, that the plaintiff's attorneys are qualified and experienced, and the plaintiff does not have interests antagonistic to or conflicting with those of the class. *In re HiEnergy Techs.*, 2006 WL 2780058, at *4 (*citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978)). Sphera Fund has chosen proposed lead counsel, the law firms Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo, which have extensive experience successfully litigating securities class actions, *see* Op. Mem., Declaration of Lionel Z. Glancy, Ex. D (attaching firm resumés), and is not aware of any antagonism between Sphera Fund's interests and those of the Class. Accordingly, the Court can rest assured that Sphera Fund and its proposed lead counsel will more than adequately protect the interests of absent class members.

As the only movant which has sufficiently demonstrated its adequacy pursuant to Fed. R. Civ. P. 23, Sphera Fund is the presumptive most adequate plaintiff and should be appointed lead plaintiff in this action.

**B. Sphera Fund Is An Institutional Investor, The Type Of Investor Preferred By Congress To Serve As Lead Plaintiff**

Congress enacted the PSLRA "to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one." *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y.2005).

Sphera Fund is precisely the type of lead plaintiff which Congress envisioned when it enacted the PSLRA. Institutional investors hold a preferred position under the PSLRA as they are likely to have substantially more financial resources than individual private investors, they possess investment sophistication, and "an administrative structure under which they fulfill their fiduciary obligations to their members by choosing counsel to represent them and then maintaining oversight over those attorneys." *City of Brockton Retirement System v. The Shaw Group, Inc.*, 2007 WL 2845125 at *4 (S.D.N.Y. Sept. 26, 2007).

As an institutional investor, Sphera Fund is "accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex., 1997) *citing In re California Micro Devices Securities Litigation*, 168 F.R.D. 276, 278 (N.D.Cal.1996).

**C. As the Only Institutional Investor Movant, Sphera Fund Should Be Appointed Lead Plaintiff**

Congress' clear goal in enacting the PSLRA provisions governing the appointment of lead plaintiff was, in part, to increase the likelihood that institutional investors will serve as lead plaintiffs. *See Bioenvision,* 2007 WL 4526532, at *3 (collecting cases).

Accordingly, courts have realized Congress' goal by rejecting competing lead plaintiff movants with allegedly greater financial interests in favor of an institution. *See Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655, 658 (N.D. Cal.

2000)(single public pension fund appointed lead plaintiff over movant group with larger losses); *In re Critical Path, Inc. Securities Litigation*, 156 F.Supp.2d 1102, 1112 (N.D.Cal. 2001)(single institutional investor with losses of $2.3 million appointed over competing movants with aggregate losses of $14 million). Thus, by appointing Sphera Fund as lead plaintiff in this case, the Court would be fulfilling one of the PSLRA's primary goals – "increasing the appointment of institutional investors as lead plaintiffs." *Id.*, at 1109.

Likewise, in this case a single institutional investor, Sphera Fund, seeks to be appointed Lead Plaintiff. *See Network Associates*, 76 F. Supp. 2d at 1021, 1025 (analyzing legislative history and noting "It seems clear that Congress intended a single, strong lead plaintiff to control counsel and the litigation"); *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999)("The PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp.*, 976 F. Supp. at 548 (N.D. Tex. 1997)("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"). Sphera Fund, which manages more than $260 million in capital is the ideal lead plaintiff envisioned by the PSLRA. It is run by a team of experienced investment managers and directors who act in a fiduciary capacity on a daily basis, and it clearly possess the resources and ability to oversee this litigation and monitor the lawyers. Moreover, Sphera Fund is the ***only*** movant which has made a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23, as required by the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (cc). As a sophisticated institutional investor with substantial experience and resources, Sphera Fund is capable of managing this litigation efficiently, effectively and in

the best interests of the class. Based upon the foregoing, Sphera Fund should be appointed to lead this litigation on behalf of the proposed class.

## II. Gwyn Jones Has Not Established a *Prima Facie* Case of Adequacy and Is Ineligible to Serve as Lead Plaintiff

Pursuant to the PSLRA, the Court must determine which of the competing movants has the "largest financial interest" in the litigation. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant claiming to have the largest loss in this case is apparently an individual investor, Gwyn Jones, about whom virtually nothing is known. However, as an individual whose ability and qualifications to be lead plaintiff, if any, are unknown, Jones cannot assure the adequate representation of absent class members' interests. *See In re Cable and Wireless*, 217 F.R.D. at 377 (E.D.Va. 2003)("a movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class.")

Once the court has determined the movant with the largest financial interest in the litigation, "It must then focus its attention on *that* plaintiff and determine, ***based on the information he has provided in his pleadings and declarations***, whether he satisfies the requirements of Rule 23(a)," with the court ***relying on the presumptive lead plaintiff's initial filings and sworn certification***. *In re Cavanaugh*, 306 F. 3d at 730 (emphasis added).

In order to be appointed lead plaintiff under the PSLRA, a plaintiff's filings must make a *prima facie* showing of its adequacy to serve in that role. *See Id.*; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Although "the fact that a searching inquiry under Rule 23 is not required at this stage of the litigation does not mean that the Court must pay mere lip service to the requirement of the statute that a prospective lead plaintiff satisf[y] the requirements of Rule 23." *In re Flight Safety Technologies, Inc. Securities Litigation*, 231 F.R.D. 124, 128 (D.Conn.

2003)(*citing In re Terayon Communications Systems, Inc. Securities Litigation*, 2004 WL 413277 (N.D.Cal. Feb. 23, 2004). In this case, the Court is faced with a dearth of identifying information concerning Jones, who proposes to undertake this important fiduciary role on behalf of absent class members without providing even basic information for the Court to evaluate his or her qualifications.

Jones' certification provides no information whatsoever concerning who Gwyn Jones is, including what he or she does for a living, where he or she resides, his or her investment experience, his or her experience serving as a fiduciary, or even Jones' middle initial. "[T]he certification requirement forms the baseline for any party seeking to act as lead plaintiff in a securities class action..." and "requires a plaintiff seeking to serve in a representative capacity to put forward with his, her, or its motion such information from which the district court can evaluate the adequacy of that plaintiff against competitors . ..." *Burke v. Ruttenberg*, 102 F.Supp.2d 1280, 1320 (N.D. Ala. 2000). Jones has failed to do that.

In this context, Jones' submission of nothing more than a cookie-cutter certification form without any supplemental information whatsoever raises more questions that it answers, and serves only to defeat a court's reasonable inquiry into the movant's *bona fides*.

Essentially, Jones is a blank slate, whose background is completely unknown and whose certification fails to provide any meaningful information with which the Court can independently make the required adequacy determination under Rule 23. *See Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 410 414 (D.Minn.1998)("If there is any benefit in appending a certification to the Complaint, it is only realized when the Court reviews the certification in the context of a Lead Plaintiff Motion. ...[C]ertifications are an essential foundation

for assessing a proposed Lead Plaintiff's capacity to be the 'most adequate plaintiff'"). Accordingly, the Court cannot accurately assess Jones' qualifications, if any, or be confident that class members' interests will be adequately protected. *See In re Conseco, Inc. Securities Litigation*, 120 F.Supp.2d 729, 734 (S.D.Ind. 2000)(appointing institutional investor as lead plaintiff over individual movant because, despite having the largest loss, his "certification form, does not provide the quality of information about himself that would give the Court confidence in appointing him as lead plaintiff over institutional investors").

Conversely, Sphera Fund, as an institutional investor and experienced fiduciary, has the background, expertise and professional organization to ensure adequate representation for the class. This Court or any other interested party may, through a simple Internet search[1], easily and quickly access substantial information concerning Sphera Fund, its size, business organization, management (including the signatory of its Certification, managing partner Mr. Ron Senator) investment philosophy, historical performance data, and, importantly, a variety of contact information including office and email addresses, telephone and fax numbers, and the name of the relevant party who can respond to inquiries for additional information. Thus, Sphera Fund's transparency stands in stark contrast to the complete lack of similar information about Jones. *See King v Livent, Inc.*, 36 F. Supp. 2d 187, 191 (S.D.N.Y. 1999)(PSLRA's lead plaintiff selection process "works better with more information than less").

Sphera Fund is an institutional investor which possesses the resources, expertise, and incentives necessary to pursue this action on behalf of the class and whose qualifications and expertise are readily available for review. Jones, on the

[1] www.spherafund.com

other hand, presents no support that he or she can provide the same or, for that matter, any of the resources or expertise of a large institution like Sphera Fund in managing a complex securities litigation. Consequently, Sphera Fund should be appointed lead plaintiff and Jones motion should be denied.

Alternatively, in the event the Court does not deny Jones' motion outright, Sphera Fund respectfully urges to Court to appoint Sphera Fund as co-lead plaintiff to ensure that the litigation proceeds with speed and efficiency, and that the interests of the class are adequately protected. *See Plumbers and Pipefitters Local 51 Pension Fund v. First Bancorp,* 409 F.Supp.2d 482, 483 (S.D.N.Y.2006) (appointing institutional investor as co-lead plaintiff where individual with larger loss had "very little investment expertise and virtually no prior experience with litigation of this kind"); *In re Cable & Wireless*, 217 F.R D. 372 at 379 ("appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will be adequately represented"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y.1998) (appointing institutional and individual investor as co-lead plaintiffs "allows for broad representation and the sharing of resources and experience to ensure that the litigation will proceed expeditiously").

**III. Sphera Funds' Selection Of Counsel Should Be Approved**

The PSLRA states that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *See* 15 U.S.C. §78u-4 (a)(3)(B)(v). Here, Sphera Fund has selected the law firms Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel to represent it and the class. Both of these law firms have extensive experience in the area of shareholder litigation, both have successfully litigated numerous securities class actions and are well-qualified to serve as lead counsel. See Sphera Fund's

Op. Mem., Glancy Decl. Ex. D (attaching firm resumés). Moreover, The Law Office of Jacob Sabo is situated in Tel Aviv, Israel, where the defendant company also maintains an office and conducts substantial operations. Thus, the Court can be confident that appointing Sphera Fund as lead plaintiff will ensure that the class receives experienced, high-quality representation.

## CONCLUSION

For the foregoing reasons, Sphera Fund respectfully requests that this Court: (i) appoint Sphera Fund as Lead Plaintiff in the action; and (ii) approve Sphera Fund's selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel for the Class.

DATED: January 15, 2008

Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By: *_/s/ Lionel Z. Glancy_*
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No. 3 Daniel Frisch Street, 15th Floor
Tel Aviv, Israel 64731
Telephone: 011-972 3 607 88 88
Facsimile: 011-972 3 607 88 89

***Attorneys for Movant Sphera Fund and Proposed Co-Lead Counsel***