1  REED R. KATHREIN (139304)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  reed@hbsslaw.com

5  LEWIS S. KAHN
   KAHN GAUTHIER SWICK, LLC
6  650 Poydras Street, Suite 2150
   New Orleans, LA  70130
7  Telephone: (504) 455-1400
   Facsimile: (504) 455-1498
8  lewis.kahn@kgscounsel.com

9  Attorneys for Plaintiffs

10 [Additional counsel listed on signature page]

11
                        UNITED STATES DISTRICT COURT
12
                       NORTHERN DISTRICT OF CALIFORNIA
13
                                OAKLAND DIVISION
14

15 BIKASH MOHAN MOHANTY, On Behalf of  )   Case No. 3:07-CV-05101-SBA
   Himself and All Others Similarly Situated,  )
                                               )   CLASS ACTION
16         Plaintiff,                          )
                                               )   REPLY IN SUPPORT OF GWYN
17         vs.                                 )   JONES' MOTION TO APPOINT LEAD
                                               )   PLAINTIFF AND IN RESPONSE TO
18 BIGBAND NETWORKS, INC., AMIR                )   SPHERA FUND'S OPPOSITION TO
   BASSAN-ESKENAZI, RAN OZ, FREDERICK          )   JONES' MOTION
19 BALL, GAL ISRAELY, DEAN GILBERT,            )
   KEN GOLDMAN, LLOYD CARNEY, BRUCE            )
20 SACHS, ROBERT SACHS, GEOFFREY               )   DATE:   February 5, 2008
   YANG, MORGAN STANLEY & CO., INC.,           )   TIME:   1:00 P.M.
21 MERRILL LYNCH, PIERCE, FENNER &             )   DEPT:   Courtroom 3, 3rd Floor
   SMITH, INC., JEFFERIES & CO., INC.,         )
22 COWEN AND CO., INC., AND                    )
   THINKEQUITY PARTNERS, LLC                   )
23                                             )
           Defendants.                         )
24 _____      )

25

26

27

28

001922-11 219304 V2

| | | |
|---|---|---|
| 1 | DENNIS KOESTERER, On Behalf of Himself and All Others Similarly Situated, ) | Case No. 3:07-CV-05168-MMC |
| 2 | ) ) | |
| 3 | Plaintiff, ) ) | |
| 4 | v. ) ) | |
| 5 | BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KEN ) ) ) | |
| 6 | GOLDMAN, GAL ISRAELY, BRUCH SACHS, ROBERT SACHS, and GEOFFREY YANG ) ) | |
| 7 | ) Defendants. ) | |
| 8 | ) | |
| 9 | ABRENA WINSTON, Individually and On Behalf of All Others Similarly Situated, ) ) | Case No. 3:07-CV-05327-JSW |
| 10 | ) Plaintiff, ) | |
| 11 | ) v. ) | |
| 12 | ) BIGBAND NETWORKS, INC., AMIR ) | |
| 13 | BASSAN-ESKENAZI, RAN OZ, FREDERICK ) BALL, GAL ISRAELY, DEAN GILBERT, KEN ) | |
| 14 | GOLDMAN, LLOYD CARNEY, BRUCE ) SACHS, ROBERT SACHS, GEOFFREY ) | |
| 15 | YANG, MERRILL LYNCH, PIERCE, FENNER ) & SMITH, INC., MORGAN STANLEY & CO., ) | |
| 16 | INC., COWEN AND CO., JEFFERIES & CO., ) and THINKEQUITY PARTNERS, LLC ) | |
| 17 | ) Defendants. ) | |
| 18 | ) DONALD SMITH, On Behalf of Himself and All ) | Case No. 3:07-CV-05361-SI |
| 19 | Others Similarly Situated, ) ) | |
| 20 | Plaintiff, ) ) | |
| 21 | v. ) ) | |
| 22 | BIGBAND NETWORKS, INC., AMIR ) BASSAN-ESKENAZI, and FREDERICK A. ) | |
| 23 | BALL ) ) | |
| 24 | Defendants. ) ) | |

| | | |
|---|---|---|
| 1 | WAYNE LUZON, On Behalf of Himself and All Others Similarly Situated, ) | Case No. 3:07-CV-05637-WHA |
| 2 | ) Plaintiff, ) | |
| 3 | ) v. ) | |
| 4 | ) BIGBAND NETWORKS, INC., AMIR BASSAN- ) | |
| 5 | ESKENAZI, RAN OZ, FREDERICK BALL, GAL ) ISRAELY, DEAN GILBERT, KEN GOLDMAN, ) | |
| 6 | LLOYD CARNEY, BRUCE SACHS, ROBERT ) SACHS, GEOFFREY YANG, MORGAN ) | |
| 7 | STANLEY & CO., INC., MERRILL LYNCH, ) PIERCE, FENNER & SMITH, INC., JEFFERIES & ) | |
| 8 | CO., INC., COWEN AND CO., INC., and ) THINKEQUITY PARTNERS, LLC ) | |
| 9 | ) Defendants. ) | |
| 10 | ) DEBRA L. BERNSTEIN, Individually and On ) | Case No. 3:07-CV-05825-MHP |
| 11 | Behalf of All Others Similarly Situated, ) ) | |
| 12 | Plaintiff, ) ) | |
| 13 | v. ) ) | |
| 14 | BIGBAND NETWORKS, INC., AMIR BASSAN- ) ESKENAZI, RAN OZ, FREDERICK A. BALL, ) | |
| 15 | GAL ISRAELY, DEAN GILBERT, KENNETH A. ) GOLDMAN, LLOYD CARNEY, BRUCE I. ) | |
| 16 | SACHS, ROBERT J. SACHS, GEOFFREY Y. ) YANG, MORGAN STANLEY & CO., ) | |
| 17 | INCORPORATED, JEFFERIES & COMPANY, ) INC., MERRILL LYNCH, PIERCE FENNER & ) | |
| 18 | SMITH INCORPORATED, COWEN AND ) COMPANY, LLC and THINKEQUITY ) | |
| 19 | PARTNERS LLC, ) ) | |
| 20 | Defendants. ) ) | |
| 21 | EUGENE HAMMER, On Behalf of Himself and ) All Others Similarly Situated, ) | Case No. 3:07-CV-05825-MHP |
| 22 | ) Plaintiff, ) | |
| 23 | ) v. ) | |
| 24 | ) BIGBAND NETWORKS, INC., AMIR BASSAN- ) | |
| 25 | ESKENAZI, FREDERICK A. BALL, RAN OZ, ) LLOYD CARNEY, DEAN GILBERT, KEN ) | |
| 26 | GOLDMAN, GAL ISRAELY, BRUCE SACHS, ) ROBERT SACHS, and GEOFFREY YANG ) | |
| 27 | ) Defendants. ) | |
| 28 | ) | |

001922-11 219304 V2

**I.    INTRODUCTION**

Movant Sphera Fund Management, Ltd. ("Sphera Fund") concedes that Gwyn Jones ("Mr. Jones") suffered the largest loss of anyone seeking to serve as Lead Plaintiff in these cases alleging that Defendants engaged in conduct that violates federal securities laws. The Ninth Circuit is clear that the movant with the largest loss and who otherwise meets the adequacy and typicality requirements of Federal Rule of Civil Procedure 23(a) ("Rule 23"), is the "presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff – (is) the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23.'"). Once the presumptive Lead Plaintiff is selected, the Ninth Circuit permits the "other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.*

Here, Mr. Jones suffered the largest loss of any movant and he satisfies the requirements of Rule 23. Therefore, Mr. Jones is presumptively the most adequate Lead Plaintiff. The Sphera Fund has failed to rebut that presumption. It has not introduced any evidence to rebut Mr. Jones' showing that he should be appointed Lead Plaintiff in this case. *See Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead unless it finds that he does not satisfy the typicality or adequacy requirements."). Based on the "information provided in his pleadings and declarations," *id*. at 730, Mr. Jones' adequacy and typicality cannot be challenged and his motion to be appointed as Lead Plaintiff should be granted. Mr. Jones is a sophisticated investor whose work experience includes service as senior management and as a member of the board of directors of several corporations. Mr. Jones' claims are typical of other class members who purchased shares of Bigband Networks, Inc. stock and Mr. Jones has selected counsel, the law firms of Hagens Berman Sobol Shapiro LLP and Kahn Gauthier Swick, LLC, that are experienced securities litigators capable of vigorously prosecuting this litigation with Mr. Jones at the helm.

Moreover, consistent with *Cavanaugh* and its progeny, the Sphera Fund's argument that institutional investors are the "better selection" as lead plaintiff, or its alternative argument that its

1  status as an institutional investor warrants its appointment as a co-lead plaintiff in this case, should

2  be rejected. *See Tanne v. Autobytel*, 226 F.R.D. 659, 672-673 (C.D. Cal. 2005) (finding no

3  "controlling Ninth Circuit precedent" supports the argument that an institution should be appointed

4  lead or co-lead plaintiff simply because it is an institution.)

## II. MR. JONES HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS, AND IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF

The Ninth Circuit has held that the Private Securities Litigation Reform Act of 1995 ("PSLRA") "provides a simple three-step process for identifying the lead plaintiff" in a case like this one. *Cavanaugh*, 306 F.3d at 729. "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id*. "In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff – the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23.'" *Id*., at 729-730. The *Cavanaugh* Court continued:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a) . . . . If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.

*Id*., at 730. (emphasis in original). Finally, the *Cavanaugh* Court stated that "(t)he third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23(a)'s typicality and adequacy requirements." *Id*.

Neither Mr. Jones nor the Sphera Fund contest the adequacy of the notice of pendency under step one of the *Cavanaugh* test.[1] As to the second part of the *Cavanaugh* test, Mr. Jones and the Sphera Fund agree that Mr. Jones suffered the greatest financial loss of any movant seeking

---

[1] Defendants' take no position on the issue of who should be appointed Lead Plaintiff and do not contest the adequacy of the published notice. (Bigband Defendants' Response to Motions for Consolidation, Appointment As Lead Plaintiff, and Approval of Selection of Lead Counsel, filed on January 15, 2008, [Dkt. No. 33]).

1  appointment as lead plaintiff. (Memorandum of Law in Further Support of Motion of Sphera Fund
2  for Appointment As Lead Plaintiff and Approval of Selection of Co-Lead Counsel, filed January
3  15, 2008, ("Sphera Fund Opp.") at 1, [Dkt. No. 35]). ("(i) Sphera Fund . . . with losses of
4  $374,889.61; and (ii) Gwyn Jones . . . with reported losses of $438,617.74."),[2] *see also*, *Tanne*,
5  226 F.R.D. at 666 ("The PSLRA "provides in categorical terms that the *only* basis on which a court
6  may compare plaintiffs competing to serve as lead is the size of their financial stake in the
7  controversy") (emphasis in original).

8        Having established that he suffered the greatest financial loss of any movant, the Court
9  must consider whether Mr. Jones also satisfies the typicality and adequacy requirements of Rule
10 23(a). As noted in his Motion to Consolidate and Appoint Lead Plaintiff, Mr. Jones satisfies the
11 requirements of Rule 23(a). Mr. Jones' interests are typical of the other Class Members because
12 he, like the other Class Members, purchased the Defendants' stock "in reliance on the company's
13 alleged misrepresentations or omissions." *Tanne*, 226 F.R.D. at 668, *see also*, Mr. Jones' Notice of
14 Motion and Motion to Consolidate, to Appoint Gwyn Jones Lead Plaintiff and to Approve
15 Proposed Lead Plaintiff's Selection of Counsel; Memorandum of Points and Authorities in Support
16 Thereof at 8-10, Sec. 4, [Dkt. No. 12]. Mr. Jones is also an adequate representative because "he
17 has suffered the greatest financial loss, ensuring vigorous advocacy." *Tanne*, 226 F.R.D. at 668.
18 Mr. Jones further demonstrated his ability to adequately represent members of the class by
19 complying with the PSLRA's requirement that he submit a certification declaring his willingness to
20 serve as a representative. *Id*., *see also*, Declaration of Reed R. Kathrein in Support of the Motion
21 to Consolidate, to Appoint Gwyn Jones Lead Plaintiff and to Approve Proposed Lead Plaintiff's
22 Selection of Counsel, filed December 3, 2008 ("Kathrein Decl."), at Ex. A [Dkt. No. 13].
23 Moreover, Mr. Jones is a sophisticated investor, whose experience includes senior management

---

[2] The Sphera Fund also concedes this fact in a more subtle way throughout its pleadings as it changes its reference to its losses from "the largest financial interest" in its opening brief (Notice of Motion and Motion of Sphera Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel; Memorandum of Points and Authorities in Support Thereof, filed December 3, 2007, ("Sphera Fund Motion.") at 7, Sec. B(2), [Dkt. No. 15]) to a "substantial financial interest," or a "substantial financial loss" in its opposition. Sphera Fund Opp. at 1.

positions and board directorships. *See*, Declaration of Reed Kathrein in Support of Gwyn Jones' Reply to the Sphera Fund's Opposition to His Motion to Appoint Lead Plaintiff, filed concurrently herewith, Ex. A. ("Supp. Decl. Reed R. Kathrein").  Thus, under the PLSRA, Mr. Jones is presumed the most adequate movant to serve as Lead Plaintiff in this case.

### III. SPHERA FUND FAILS TO REBUT THE PRESUMPTION THAT MR. JONES IS THE MOST ADEQUATE PLAINTIFF

In determining whether the proposed lead plaintiff satisfies the adequacy and typicality prongs of Rule 23, the court focuses its attention on the proposed Lead Plaintiff's pleadings and declarations.   Thus, the Sphera Funds' argument in its opposition papers that Mr. Jones' "ability and qualifications to be lead plaintiff . . . are unknown", and that Mr. Jones is a "blank slate" who has not shown the "*bona fides*" necessary to serve as Lead Plaintiff in "nothing more than a cookie-cutter certification" fails to consider the information set forth in Mr. Jones opposition papers and in his curriculum vitae submitted in connection with these reply papers.  (Sphera Fund Opp. at 7-8) (emphasis in original) .

As set forth in his opposition papers, Mr. Jones' is "a sophisticated investor and has served on the board of directors of both privately held and NASDAQ listed companies, and also lectured in e-commerce and entrepreneurship at several United Kingdom universities."  (Gwyn Jones' Opposition to the Motion of the Sphera Fund to Appoint Lead Plaintiff, filed January 15, 2008, ("Gwyn Jones Opp.") at 1 [Dkt. No. 31]).  For example, and as detailed in Mr. Jones' *curriculum vitae*, he served as a Director of eCleanUK, a privately held on-line cleaning service; as the CMO of HumanConcepts, a privately held computer software provider; as a Vice President of VistaPrint, a publically held on-line printing service; as an Executive Vice President of Software Publishing Corp., a publically held computer software company; as CEO and Director of Serif, a privately held computer software company; and as CEO and Director of LaserMaker, a privately held printing company.  *See* Supp. Decl. Reed R. Kathrein, Ex. A.  In addition, he has several academic degrees in business and he has lectured at the University of California, Berkeley and at the University of Portsmouth, United Kingdom.  *Id*.  Accordingly, Mr. Jones is well qualified to understand and fulfill the role of Lead Plaintiff in this the litigation.  *See also*, *Tanne* 226 F.R.D. at

668 (finding the presumptive lead plaintiff met the Rule 23(a) adequacy requirement because he suffered the greatest financial loss; represented that he was committed to the prosecution of the case; submitted a certification detailing his purchases; stated his willingness to serve as Lead Plaintiff; held a degree in physics; and had impressive professional experiences that made him "comfortable overseeing large projects and meeting deadlines.")  Thus, given his extensive professional experience, Mr. Jones is very well-qualified to be appointed Lead Plaintiff in this case.

### IV. THE SPHERA FUNDS' ARGUMENT THAT AS AN INSTITUTIONAL INVESTOR IT IS PREFERRED AND WILL MAKE A "BETTER" LEAD PLAINTIFF OR, IN THE ALTERNATIVE, THAT IT SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF IS CONTRARY TO NINTH CIRCUIT PRECEDENT

Sphera Fund asks the Court to ignore the PSLRA's mandate that the most adequate Lead Plaitniff is the investor with the largest loss and who satisfies Rule 23(a).  Instead, Sphera Fund contends that its status as an institutional investors makes it a "better selection" as lead plaintiff in this case.  (Sphera Fund Opp. at 3-10).  This contention ignores the well-settled law that once the presumption of the most adequate plaintiff "is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job."  *Tanne*, 226 F.R.D. at 669.

In *Tanne*, a case decided after the Ninth Circuit's decision in *Cavanaugh*, the presumptively most adequate plaintiff who had the largest financial interest in the case was an individual investor named Gary Kurtz ("Kurtz").  One of the other movants competing with Kurtz for appointment as Lead Plaintiff was an institutional investor, NJS Advisors, Inc. ("NJS").  *Id*. at 666.  In that case, Kurtz had the largest financial stake in the litigation and was otherwise found to be adequate based on his willingness to serve as Lead Plaintiff, his degree in physics, and his position as a materials engineer overseeing major projects.  *Id*., at 668.  Applying *Cavanaugh*, the court refused to overturn the presumption that the most adequate plaintiff was the movant who had the largest financial interest in the case; Kurtz.  In addressing the challenge to Kurtz by NJS the court stated:

> NJS contends that it should be lead plaintiff because it is the only institutional investor seeking appointment, and thus is the plaintiff 'most capable of adequately representing the interests of class members.' (citation omitted)  While the words 'most capable' seem

> to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The 'most capable plaintiff' – and hence the lead plaintiff – is the one who 'has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.' *Cavanaugh*, *supra*, 306 F.3d at 729. Although the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation, the Ninth Circuit has held that it does not 'require[] the district court to select the plaintiff it believes is the most sophisticated investor available.' *Id*. at 737. As a consequence, there is no per se rule requiring that an institutional investor be appointed lead plaintiff in lieu of an individual who has a larger stake in the litigation.

*Id*. at 670.[3] *See also*, *Cavanaugh*, 306 F.3d at 737, n.20 ("If financial sophistication had been Congress' principal concern, it would not have made the plaintiff who lost the most money the presumptive lead plaintiff"); *Steiner v. Aurora Foods Inc.*, No. C 00-602, 2000 U.S. Dist. Lexis 20341, *3 (N.D. Cal. June 5, 2000) (holding that "the PSLRA does not limit the presumption of most adequate plaintiff to institutional investors. Rather, the statute merely provides that the person or group of persons with the largest financial interest in the relief sought by the class is entitled to the presumption of most adequate plaintiff" (citations omitted); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 821 (N.D. Ohio 1999) ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor.")

In this case, as in the *Tanne* case, the institutional investor asserts that it is a more adequate Lead Plaintiff because it is an experienced fiduciary and has substantial resources to oversee the

---

3   The Sphera Fund also relies on *Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655, 658 (N.D. Cal. 2000) and *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 112 (N.D.Cal. 2001) to argue that courts routinely choose institutional investors over individual investors. (Sphera Fund Opp. at 5-6). This reliance is misplaced because (1) both of those cases pre-date *Cavanaugh* and "appear to be fundamentally at odds with *Cavanaugh*'s interpretation of the PSLRA," *Tanne*, 226 F.R.D. at 673, and (2) both of those cases rejected the individual investors for reasons other than their status as merely individual investors. *Bowman*, 195 F.R.D. at 657-658 (appointing an institutional investor as lead plaintiff and rejecting an aggregate group of individual investors who "had no pre-existing relationship . . . [and] appeared[ed] to be hand-picked by the [lawyers] for the sole purpose of obtaining lead plaintiff status"); *In re Critical Path*, 156 F. Supp. 2d at 1110-1113 (appointing an institutional investor as lead plaintiff and rejecting an individual family trust who was inadequate "because of the manner in which it acquired its shares" and rejecting other groups of investors because it "considers the existence of a preexisting relationship to be paramount in determining whether to accept a group.").

1  litigation. (Sphera Fund Opp. at 5-6). This argument must fail. "So long as the plaintiff with the

2  largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff

3  status, even if the district court is convinced that some other plaintiff would do a better job."

4  *Cavanaugh*, 306 F.3d at 732; *see also id.* at 739 (holding that the Reform Act was not meant to

5  "authorize the district court to select as lead plaintiff the most sophisticated investor available");

6  *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004) ("Although the court may compare putative

7  lead plaintiffs when assessing financial stake, once the statutory presumption has attached, it

8  cannot be rebutted through relative comparison.")

9    Recognizing the inadequacy of its contention that its status as an institutional investor

10 overcomes the presumption in favor of Mr. Jones serving as Lead Plaintiff, Sphera Fund makes a

11 last-ditched alternative argument, that the Court should appoint it Co-Lead Plaintiff "to ensure that

12 the litigation proceeds with speed and efficiency, and [so] that the interest of the class are

13 adequately protected." (Sphera Fund Opp. at 10). This argument is unsupported by Ninth Circuit

14 precedent or the PSLRA. As fully discussed above and in Mr. Jones' previous filings, not only is

15 Mr. Jones the movant with the largest financial loss in the action and a sophisticated investor who

16 has *bona fide* experience and a significant personal interest in this case, there is just no authority in

17 the PSLRA or precedent in the Ninth Circuit that supports the argument that an institution should

18 be appointed lead or Co-Lead Plaintiff simply because it is an institution. *Tanne*, 226 F.R.D. at

19 672. Indeed, the two cases relied upon by the Sphera Fund in their plea to be appointed co-lead

20 plaintiff, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) and *In re*

21 *Cable & Wireless. PLC Sec. Litig.*, 217 F.R.D. 372 (E.D. Va. 2003) were rejected by the court in

22 *Tanne* as "fundamentally at odds with *Cavanaugh's* interpretation of the PSLRA and its outlining

23 of the process to be used in identifying a lead plaintiff." *Tanne*, 226 F.R.D. at 673. Just as in

24 *Tanne*, the institutional investor here has not shown that the appointment of Co-Lead Plaintiffs is

25 preferred to the appointment of a single Lead Plaintiff. *Id.* Rather, the *Tanne* court concluded, that

26 a co-lead plaintiff structure was unnecessary, and might even harm the class by dividing

27 responsibility for the supervision of class counsel. Accordingly, the court, as it should here, denied

28 the institutional investor's request to be appointed co-lead counsel. *Id.*

### V. THE SPHERA FUND FAILED TO PROVIDED EVIDENCE THAT IT IS AUTHORIZED TO PURSUE THIS CASE ON BEHALF OF ITS CLIENTS

Notwithstanding Mr. Jones' arguments supporting his appointment as Lead Plaintiff, the Sphera Fund failed to provide any evidence that it is authorized to bring this litigation on behalf of the Sphera Fund in its opening motion papers. (Sphera Fund Motion, at 3-5). This lack of authorization is also absent from the Sphera Fund's opposition papers. *See In re Peregrine Systems, Inc. Sec. Litig.*, 2002 WL 3276239, at *14-15 (S.D. Cal. Oct. 11, 2002) (declining to appoint asset management fund as Lead Plaintiff because "it has not submitted any *evidence* that it received permission to move on its clients' behalf"). Clearly, if such authorization exists, it must be produced in support of Sphera Fund's motion seeking to serve as Lead Plaintiff. Because Sphera Fund failed to submit any evidence that its fund manager is authorized by Sphera Fund's clients to seek appointment as Lead Plaintiff, it cannot be appointed Lead Plaintiff and its selection of Lead Counsel should be rejected.

### VI. CONCLUSION

For all of the foregoing reasons, and the reasons set forth in its opening motion, memorandum and all supporting papers, Gwyn Jones respectfully requests that this Court: (1) consolidate all similar actions; (2) appoint Gwyn Jones to serve as Lead Plaintiff in this action; and (3) approve Gwyn Jones' selection of Co-Lead Counsel for the Class.

Dated: January 22, 2008             HAGENS BERMAN SOBOL SHAPIRO, LLP


By:      /s/ Reed R. Kathrein
         REED R. KATHREIN

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

REPLY ISO GWYN JONES' MOT. TO APPOINT LEAD PL. AND   - 8 -
IN RESPONSE TO SPHERA FUND'S OPP'N. TO JONES' MOT. –
NO. C 07-05101 SBA

| | |
|---|---|
| 1 | Facsimile: (206) 623-0594 |
| 2 | steve@hbsslaw.com |
| 3 | Lewis S. Kahn |
| | KAHN GAUTHIER SWICK, LLC |
| 4 | 650 Poydras Street, Suite 2150 |
| | New Orleans, LA  70130 |
| 5 | Telephone: (504) 455-1400 |
| | Facsimile: (504) 455-1498 |
| 6 | lewis.kahn@kgscounsel.com |
| 7 | Kim E. Miller |
| | KAHN GAUTHIER SWICK, LLC |
| 8 | 12 East 41st Street, 12th Floor |
| | New York, NY  10017 |
| 9 | Telephone: (212) 696-3730 |
| | Facsimile: (504) 455-1498 |
| 10 | kim.miller@kgscounsel.com |
| 11 | Attorneys for Plaintiff |

REPLY ISO GWYN JONES' MOT. TO APPOINT LEAD PL.  AND   - 9 -
IN RESPONSE TO SPHERA FUND'S OPP'N. TO JONES' MOT. –
NO. C 07-05101 SBA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                /s/ Reed R. Kathrein
                REED R. KATHREIN

# Mailing Information for a Case 4:07-cv-05101-SBA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael M. Goldberg**
  info@glancylaw.com

- **Lewis Stephen Kahn**
  lewis.kahn@kglg.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Joni L. Ostler**
  jostler@wsgr.com,rstrickland@wsgr.com,pbaird@wsgr.com,flugo@wsgr.com,keggleton@wsgr.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Rodney Grant Strickland , Jr**
  rstrickland@wsgr.com

- **Michael Carl Tu**
  mtu@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James P. Cusick
Orrick Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103-001
```