LIONEL Z. GLANCY (#134180)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160
info@glancylaw.com

Attorneys for Lead Plaintiff Movant
Sphera Fund and Proposed Co-Lead Counsel

*[Additional Counsel Appear on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKASH MOHAN MOHANTY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMIR BASSAN-ESKENAZI, RAN OZ, FREDERICK BALL, GAL ISRAELY, DEAN GILBERT, KEN GOLDMAN, LLOYD CARNEY, BRUCE SACHS, ROBERT SACHS, GEOFFREY YANG, MORGAN STANLEY & CO. INC., MERRILL LYNCH PIERCE FENNER & SMITH INC., JEFFRIES & CO. INC., THINKEQUITY PARTNERS LLC, BIGBAND NETWORKS INC. and COWEN & CO. INC.,<br><br>Defendants. | No. 4:07-cv-05101-SBA<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>Date: February 5, 2008<br>Time: 1:00 p.m.<br>Courtroom 3<br><br>Hon. Saundra B. Armstrong |

**INTRODUCTION**

Proposed Lead Plaintiff Sphera Fund, Ltd. ("Sphera Fund") is a sophisticated institutional investor which suffered a substantial loss as a result of its investment in BigBand Network Solutions, Inc. ("Big Band"). Further, Sphera Fund is the ***only*** movant which satisfies the requirements of Fed. R. Civ. P. 23. Thus, Sphera Fund respectfully submits this reply memorandum in opposition to the competing motion of individual movant, Gwyn Jones, for appointment as lead plaintiff and approval of lead counsel, and in further support of its motion for consolidation, appointment as lead plaintiff and for approval of its selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel for the class.

**ARGUMENT**

**I.  Gwyn Jones Is Inadequate To Serve As Lead Plaintiff**

Sphera Fund has, on a number of grounds, successfully rebutted Jones' presumptive lead plaintiff status. As noted in Sphera Fund's opposition brief ("Sphera Opp."), Jones remains a person shrouded in mystery. Foregoing his opportunities to provide the Court with the details of his claimed credentials, Jones has provided the Court little more background information beyond two sentences, in which he asserts variously investing sophistication, executive experience and speaking engagements at several (unidentified) "United Kingdom universities." Jones' Opposition brief ("Jones Opp.") at 1, 4.

As argued in Sphera Fund's opposition brief, Jones remains unknown person, and has failed to provide any meaningful information with which the Court can determine whether, for example, Jones has the motivation, skills, experience, or inclination to effectively monitor a complex, securities class action litigation which potentially could span several years. *E.g.*, *In re Oracle Corporation Securities Litigation*, No. C-01-0988 (N.D.Cal.)(filed Mar. 9, 2001 and ongoing); *In re JDS Uniphase Corporation Securities Litigation*, No. C-02-1486 (N.D.Cal.)(filed Mar. 27, 2002; trial commenced October 2007).

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

1

At minimum, Jones' reluctance to undergo reasonable scrutiny of his claims violates the spirit of the Private Securities Litigation Reform Act ("PSLRA") and only deepens the mystery. *See Piven, v. Sykes Enterprises, Inc.,* 137 F.Supp.2d 1295, 1305 (M.D. Fla. 2000)(rejecting movant where "[t]here is a dearth of information regarding Westwind in the record. It is not even known where Westwind is located, what its business is, if it is a foreign company, and who controls it. Westwind repeatedly asserts that it is 'a large institutional investor,' but has not proffered any information regarding its identity, resources, and experience"). Similarly, Jones asserts that "[h]e is a sophsiticated investor and has served on the board of directors for both privately held and NASDAQ listed companies," Jones Opp. at 1, yet there remains a dearth of verifiable information regarding Jones on the record in this case. Despite this omission, Jones has failed to provide the Court with a declaration or any other indication that he understands the nature of the instant litigation, the he is able to monitor his attorneys or what he is willing to do if appointed as lead plaintiff.

What little is known about Jones indicates that he is, at best, prone to making only extremely short-term commitments before abandoning one endeavor and moving on to another position, another industry or another country. *See* Jones' resume, attached as Exhibit A to the concurrently filed Declaration of Adam Gauthier ("Gauthier Decl."). For example, Jones' resume lists no less than eight executive and/or advisory positions, since 1997, which Jones purportedly held for one year, ***or less***. Gauthier Decl. at 5-6. Moreover, if Jones' listing of his employment history during the past decade is accurate, Jones does not stay long in any one location, as the aforementioned positions were purportedly held in diverse locations including Sweden, Canada, the United States, China, the United Kingdom and France. *Id.* Based on the foregoing, the Court can have little confidence that if Jones is appointed lead plaintiff he will be available to the Court if the need arises, or that his whereabouts even one year from now will enable him to be readily available, even to consult with his own attorneys. It frankly boggles the

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

2

mind that such a globe-trotting individual can be entrusted to effectively monitor protracted litigation on behalf of a class. Significantly, in addition to his apparent wanderlust, it appears that Jones' resume misrepresents his academic credentials. *See* Gauthier Decl. at 3. The Court need not burden itself or the Class with sorting out these issues – there is no need for such distractions when a stable, institutional investor is ready, willing and able to serve as lead plaintiff.

Furthermore, Jones, as a resident of the Republic of Cyprus, Jones Opp. at 1, may be subject to a unique defense – a Fed. R. Civ. P. 23(b)(3) superiority defense – rendering him an inadequate lead plaintiff and class representative. The laws of Cyprus, in particular Rule 9 of Cyprus Civil Procedure Rules, only authorize representative civil actions where the absent plaintiffs explicitly sign a power of attorney to the representative plaintiff.[1] The *mere potential* that Cypriot courts may not give preclusive and binding force to a judgment entered by this Court in this action – as against Cypriot public policy for attempting to bind absent class members without explicit approval to be represented – renders Gwyn Jones an inadequate lead plaintiff. *Borochoff v. Glaxosmithkline, PLC*, 246 F.R.D. 201, 203-05 (S.D.N.Y. 2007) (despite having the largest financial interest, German shareholder's application for lead plaintiff denied because collective/class actions that bind represented non-parties may not be viable in Germany and a German court therefor may not give preclusive effect to an American court's class action judgment as a matter of German public policy; English foreign investor appointed lead plaintiff instead because English courts likely to give preclusive effect to U.S. court's judgment); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 352-53 (D. Md. 2003) (presumption of most adequate lead plaintiff rebutted because courts of the foreign purchaser's country may not give *res judicata* effect to an American court's judgment).

---

[1] The Cypress Civil Procedure Rules were obtained from, and are available at www.cylaw.org/cpr-en.html.

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

3

In contrast Sphera Fund does not suffer from the same potential and unique defense. Sphera Fund is an Israeli institutional investor, and Israeli courts generally give binding, preclusive effect to judgments entered by an American court. *See Tahan v. Hodgson*, 662 F.2d 862, 868 (D.C. Cir. 1981). It is no surprise that courts have routinely appointed Israeli lead plaintiffs in securities class actions. *E.g.*, *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 573, 577 (D.N.J. 2003).

In the event Jones is not rejected outright, because the difference between Jones' purported losses and those of Sphera Fund is relatively small[2], and because Sphera Fund is an institutional investor, Sphera Fund should be appointed co-lead plaintiff with Jones in order to ensure sufficient oversight of counsel and continuing commitment to this litigation regardless of its ultimate length and complexity.

**II.     Sphera Fund Is Precisely the Type of Institutional Investor Envisioned by the PSLRA To Serve As Lead Plaintiff**

As argued in its opposition brief, and in contrast to individual investor Jones, Sphera Fund is straightforward, an ideal lead plaintiff under the PSLRA. The legislative history of the PSLRA, and numerous decisions in this and other Courts, demonstrate that the statute was intended to encourage institutional investors such as Sphera Fund to serve as lead plaintiff. *See* Sphera Opp. at 5-6.

Jones provides no evidence to rebut this preference, beyond mere speculation that Sphera Fund is somehow an "investment advisor" lacking standing to sue. These attacks are meritless. Sphera Fund is a sophisticated institutional investor which owns its shares of Big Band Networks, Ltd.[3]

As set forth in the accompanying Declaration of Ron Senator, the managing partner and board member of Sphera Fund's investment manager, Sphera Funds Management Ltd., Sphera Fund invests primarily in the equities of Israeli companies traded in U.S., Israel and Europe, and

---

[2]Sphera Fund suffered losses of $374,889.61; Jones claims losses of $438,617.74.

[3]*See* Declaration of Ron Senator ("Senator Decl.") filed concurrently herewith, at ¶3.

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

4

*"is the owner of the shares of Big Band at issue herein."*  Senator Decl. at ¶3.  Sphera Fund, not its underlying individual investors, has the right to bring suit to protect its rights as a shareholder of Big Band.  *See* Senator Decl. at ¶4.

Jones implies that Sphera Fund is adequate to serve as Lead Plaintiff if "the agent who signed the PSLRA certification on behalf of Sphera" has authority to pursue litigation on the fund's behalf.  *See* Jones Opp. at 4.  However, Jones then incorrectly asserts that Sphera Funds Management Ltd.'s authority is uncertain.  *Id.*, at 5.  In fact, "Sphera Funds Management Ltd. is authorized to purchase and sell securities on behalf of Sphera Fund's account, and to take necessary actions to exercise and enforce Sphera Fund's legal rights as the shareholder of the securities purchased."  Senator Decl. at ¶¶4-5.  Mr. Senator's declaration conclusively establishes that Sphera Funds Management Ltd., the paid fund manager for Sphera Fund, is authorized to pursue litigation

Although Jones cites several cases in support of his argument that Sphera Fund in lacking authority to bring this lawsuit, those cases are distinguishable, as the movants therein failed to establish their authority.  Indeed, most of the cases Jones cites actually support Sphera Fund's position because they reaffirm Sphera Fund's eligibility, based on the information it has provided this Court.  For example, in *In re Cardinal Health, Inc. Securities Litigation,* 226 F.R.D. 298, ( S.D. Ohio 2005) the court acknowledged a split of authority concerning whether an investment manager which provided no proof that it is the clients' attorney-in-fact was susceptible to a unique defense regarding its standing to assert securities fraud claims on behalf of its clients. *Id.,* at 311 (*citing Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y.2003) (appointing an investment advisor as lead plaintiff only after confirming its authority to act as attorney-in-fact), and *In re Rent-Way Sec. Litig.*, 218 F.R.D. 101, 106-109 (W.D.Pa.2003) (finding the specific language "attorney-in-fact" not necessary before an investment advisor can be appointed lead plaintiff).  *Id*. The court ultimately appointed the movant with the ***second largest*** loss, a group of "well-grounded and sophisticated institutional investors that can commit substantial resources to this litigation." *Id.,*  at 306. Unlike the

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

5

1  investment-advisor movant in *Cardinal*, in the instant action, Sphera Fund has provided this
2  Court with proof of its authority to assert these claims. Senator Decl. ¶4.

3      Similarly, Jones cites *In re Peregrine Systems, Inc. Securities Litigation*, No. Civ. 02 CV
4  870-J(RBB), 2002 WL 32769239, at *14 (S.D.Cal. Oct. 11, 2002), in which the court declined
5  to appoint an investment manager who failed to provide evidence of its "authority to institute
6  suit and litigate on behalf of its clients." Instead the court appointed an institutional investor
7  even though it was the movant claiming the sixth-largest loss (out of sixteen movants): " '[T]he
8  'most adequate plaintiff' requirement was intended to place responsibility for managing
9  securities class action litigation in the hands of institutions. Such investors ... possess the
10 sophistication, expertise and resources to manage securities litigation efficiently.' " *Id.* at *16
11 (citing *In re Network Associates, Inc. Securities. Litig.*, 76 F.Supp.2d at 1025 (internal citation
12 omitted). As previously stated herein and in the Declaration of Ron Senator, Sphera Fund's
13 investment manager, Sphera Fund Management Ltd., which signed the Certification on Sphera
14 Fund's behalf, possesses the requisite authority.

15     Finally, Jones frivolously insinuates that Sphera Fund's standing "will be governed by
16 some foreign law," Jones Opp. at 6. Other than citing the non-binding Advisory Committee
17 Notes to Fed.R. Civ. P. 44.1, Jones provides no supporting authority for this purported "fatal
18 defect." *See Marsden v. Select Medical Corp.*, 2007 WL 3145338, at *6 n.2 (E.D.Pa. Oct. 25,
19 2007)(rejecting defendant's challenge to class certification because "the mere fact that Capital
20 Invest--or any other hypothetical Austrian in the proposed class--hails from another country does
21 not change the fact that this action falls squarely under the securities laws of the United States").[4]

---

[4] The *Marsden* court further noted that "[a] number of courts have held that an investment manager has standing to bring securities law claims 'if it is the clients' attorney-in-fact and has specific authority to recover its clients' investment losses.' " 2007 WL 3145338, at *6 (citing *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y.2003) and *In re Rent-Way Sec. Litig.*, 218 F.R.D. 101, 106-09 (W.D.Pa.2003).

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

6

### III. In the Alternative, Sphera Fund Should Be Appointed as Co-Lead Plaintiff with Jones

Courts, including this one, have repeatedly appointed individual investors alongside institutional investors to ensure diverse and strong leadership. *See*, *e.g.*, *Weisz v. Calpine Corp.*, No. 4:02-CV-1200 (VKA), 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) ("The Court finds that appointing both an individual and institutional investor to serve as co-lead plaintiffs will ensure that all class members will be adequately represented in the prosecution of this action"); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing pension fund alongside individual investors and management company to ensure "diverse representation"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (appointed institutional investor and individual investor as co-lead plaintiffs because it "represented a broader range of shareholder interests").

Appointing Sphera Fund to serve as co-lead plaintiff alongside Jones will serve the class well and provide for diverse representation. Indeed, this is particularly the case where, as here, the difference between the losses of Sphera Fund and Jones is relatively small.

### IV. Sphera Funds's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Sphera Fund has selected Glancy Binkow and Goldberg LPP and The Law Office of Jacob Sabo as co-lead counsel for the class. Both of these law firms have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. *See* Goldberg Decl. Exhs. D and E attaching the firms' resumes. Consequently, the Court may be assured that by approving Glancy Binkow and Goldberg LPP and The Law Office of Jacob Sabo as co-lead counsel, the class will receive the best legal representation available.

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

7

# CONCLUSION

For the foregoing reasons and the reasons given in its opening and opposition memoranda, Sphera Fund respectfully requests that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Sphera Fund as lead plaintiff; and (3) approve Glancy Binkow and Goldberg LPP and The Law Office of Jacob Sabo as co-lead counsel for the class.

DATED: January 22, 2008                    Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By:    */s/ Lionel Z. Glancy*
     Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:   (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No. 3 Daniel Frisch Street, 15th Floor
Tel Aviv, Israel 64731
Telephone:    011-972 3 607 88 88
Facsimile:    011-972 3 607 88 89

*Attorneys for Movant Sphera Fund*
*and Proposed Co-Lead Counsel*

No. 4:07-cv-05101-SBA REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SPHERA FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

8