# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEAMFITTERS LOCAL 449 PENSION &
RETIREMENT SECURITY FUNDS, on behalf
of itself and all others similarly situated,

       Plaintiff,

v.                                                                  CASE NO: 8:04-cv-961-T-26MAP

QUALITY DISTRIBUTION, INC.; THOMAS
FINKBINER; SAMUEL M. HENSLEY;
ANTHONY R. IGNACZAK; JOSHUA J.
HARRIS; MICHAEL D. WEINER; MARC J.
ROWAN; MARC E. BECKER; DONALD C.
ORRIS; CREDIT SUISSE FIRST BOSTON LLC;
BEAR, STEARNS & CO., INC.; and DEUTSCHE
BANK SECURITIES, INC.,

       Defendants.

_____/

## ORDER

Before the Court is Plaintiff's Motion for Remand to State Court and supporting

Memorandum of Law and Defendant's opposing Memorandum of Law. After careful

consideration of the parties' submissions, together with the allegations of Plaintiff's class

action complaint, the Court is of the opinion that the motion is due to be granted and this

case remanded to state court.

Plaintiff filed its class action complaint in the Circuit Court of the Thirteenth

Judicial Circuit in and for Hillsborough County, Florida. The parties do not dispute

Plaintiff has only alleged violations of the Securities Act of 1933. The Court's own independent examination of the complaint confirms this fact. Indeed, Plaintiff explicitly alleges in paragraph 6 of the complaint that "[t]his is an action asserting federal law claims." Consequently, there can be no question that this lawsuit does not involve the application or invocation of the statutory or common law of the State of Florida.

Defendants removed the case to this Court under the auspices of 28 U.S.C. §§ 1331 and 1441, as well as the explicit removal provisions of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 77p(c). Plaintiff now seeks remand because it contends that the relevant provisions of SLUSA prohibit removal of a class action federal securities case filed in state court.

Five district courts have confronted this precise removability issue. The majority of these courts have decided that the Securities Act of 1933 as amended by SLUSA does not permit removal of a class action complaint alleging violations of the Securities Act as opposed to state-law claims founded on state statutory or common law authority. See In re Waste Mgmt., Inc. Securities Litigation, 194 F. Supp. 2d 590 (S.D. Tex. 2002); Nauheim v. The Interpublic Group of Companies, Inc., 2003 WL 1888843 (N.D. Ill. 2003); Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., 2003 WL 23509312 (S.D. Calif. 2003). The minority view holds that such a federal class action lawsuit can be removed to federal court under the amendments promulgated by the

Congress in SLUSA. See Brody v. Homestore, Inc., 240 F. Supp. 2d 1122 (C.D. Calif.
2003); Alkow v. TXU Corp., 2003 WL 21056750 (N.D. Tex. 2003).

After carefully reviewing the reasoning of each of these cases, together with the
interplay between the clear and unambiguous provisions of §§ 77p(b), 77p(c), 77p(f)(2),
and 77v(a), the Court agrees with the statutory analysis of the majority view, especially
the analysis employed by the court in Nauheim, and concludes that "the plain language of
the Securities Act, as amended by SLUSA , clearly and unambiguously permits the
removal of only those covered class action complaints that are based on State statutory or
common law." Id. at *4. This conclusion is buttressed by the equally clear and
unambiguous statement of the Eleventh Circuit Court of Appeals in Riley v. Merrill,
Lynch, Pierce, Fenner & Smith, 292 F. 3d 1334, 1342 (11th Cir. 2002), which Defendants
claim to be dicta, that "in order to remove an action to federal court under SLUSA, the
removing party must show" as one of the elements justifying removal "that . . . (2) the
plaintiffs' claims are based on state law . . ."[1]

Even without the guiding light of Riley and the majority view exemplified in
Nauheim, the Court would still reach the same conclusion based on a common sense
analysis of SLUSA's provisions. In § 77v(a), Congress clearly provided that state courts
have concurrent jurisdiction of "offenses and violations" arising under the Securities Act

---

[1]    The Court notes that the court in Nauheim also relied on this statement in Riley.

-3-

and that "[e]xcept as provided in § 77p(c) of this title, "no case arising" under that Act "and brought in any State court of competent jurisdiction shall be removed to any court of the United States." In § 77p(c), Congress made it equally clear that a "covered class action" as set forth in § 77p(b), which is filed in a state court, must be removed to federal court subject to the provisions of that statutory subsection. Finally, in § 77p(b), Congress plainly and unambiguously limited a "covered class action" which must be removed to federal court from state court to one that is "based upon the statutory or common law of any State or subdivision thereof."

Construing these statutory provisions *in pari materia*, and engaging in the presumption that Congress said what it meant and meant what it said in enacting this legislation,[2] the conclusion is inescapable: a class action lawsuit filed in state court founded only on claimed violations of the Securities Act of 1933 cannot be removed to federal court because of the unmistakable intent of Congress as manifested in §§ 77v(a) and 77p(b) that the only type of class action lawsuit subject to removal is one alleging violations of a state's statutory or common law. Or, put another way, one who chooses to file a class action lawsuit in state court alleging only violations of the Securities Act of 1933 cannot have that lawsuit removed to state court because of the unmistakable intent of Congress as manifested in § 77v(a) that such a lawsuit cannot be removed to state court

---

[2]  See Allapattah Serv., Inc. v. Exxon Corp., 333 F. 3d 1248, 1254 (11th Cir. 2003).

-4-

unless it falls within the ambit of § 77p(b) and alleges violations of state statutory or
common law.

Although the Court recognizes the anomaly of deciding that a class action lawsuit
filed in state court alleging federal claims cannot be removed to federal court, such an
anomaly arises from Congress' clear and unmistakable choice of the statutory language
found in the provisions of SLUSA and, if such an anomaly does exist, it is for Congress
to rectify, and not this Court. Instead, this Court's role is limited to applying the statutory
language selected by Congress, not rewriting it to conform to traditional notions of
removal jurisprudence. See Harris v. Garner, 216 F. 3d 970, 976 (11th Cir. 2000).

As noted, Defendants do not dispute that Plaintiff's claims in this case are not
based on state law. Given this concession, Defendants have failed to sustain their burden
of establishing the existence of federal jurisdiction. See Leonard v. Enterprise Rent A
Car, 279 F. 3d 967, 972 (11th Cir. 2002). Consequently, this Court must remand this case
to state court because it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c)
(providing in pertinent part that "[i]f at any time before final judgment it appears that the
district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff also requests attorneys' fees and costs associated with the filing of the
motion for remand. However, as in Hawaii Structural Iron Workers Pension Trust Fund,
"[t]he Court denies Plaintiff's request because the removal was premised on a close
question of law which has divided the courts." 2003 WL 23509312 *3.

ACCORDINGLY, for the reasons expressed, it is **ORDERED AND**

**ADJUDGED** as follows:

1)    Plaintiff's Motion for Remand to State Court (Dkt. 11) is granted.

2)    Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 11) is denied

3)    The Clerk is directed to remand this case to the Circuit Court of the

Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4)    The Clerk is directed to close this case after remand has been effectuated.

**DONE AND ORDERED** at Tampa, Florida, on June 25, 2004.

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record