# EXHIBIT 1

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JUL 0 3 2003
LUTHER THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CURT E. MARTIN, On Behalf of Himself
and All Others Similarly Situated,

    Plaintiff,

v.

BELLSOUTH CORPORATION,
F. DUANE ACKERMAN, RONALD M.
DYKES, REUBEN V. ANDERSON,
JAMES H. BLANCHARD, J. HYATT
BROWN, ARMANDO M. CODINA, and
ROBIN B. SMITH,

    Defendants.

CIVIL ACTION FILE
NO. 1:03-CV-728-WBH

## ORDER

Before the Court are Plaintiff Curt E. Martin's Motion to Remand Action to the Superior Court of Fulton County [7] and the parties' Joint Request for Oral Argument on Plaintiff's Motion to Remand [19]. For the reasons set forth below, the motion to remand is GRANTED, and the request for oral argument is DENIED.

## BACKGROUND

On February 6, 2003, Plaintiff filed this putative class action in the Superior Court of Fulton County on behalf of all persons who purchased BellSouth Corporation ("BellSouth") common stock during the relevant time period through the BellSouth Dividend Reinvestment Plan. Plaintiff alleges that Defendants violated Sections 11 and 15 the Securities Act of 1933 ("the 1933 Act") by issuing a false and misleading Registration

AO 72A
(Rev.8/82)

Statement and Prospectus. The complaint, which alleges only federal securities law claims, was filed in state court pursuant to the concurrent jurisdiction provision of the 1933 Act, 15 U.S.C. § 77v(a). On March 18, 2003, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a).[1] Plaintiff filed a motion to remand, arguing that removal is barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77v, 77p(c).

## DISCUSSION

### I. General Removal Standard

A defendant may remove a case to federal court only if it could have been properly filed there originally. 28 U.S.C. § 1441. The burden is upon the removing defendant to establish that removal is proper. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Courts must construe removal statutes strictly and resolve uncertainties about federal jurisdiction in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### II. Removal of Securities Class Actions

The 1933 Act provides that a plaintiff may bring suit in state or federal court. See 15 U.S.C. § 77v(a). Until SLUSA was enacted in 1998, claims brought in state court were not removable. SLUSA amended the 1933 Act, in part, to provide an exception to the bar

---

[1] 28 U.S.C. § 1441(a) provides, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

2

on removal for covered class actions[2] as described in Section 77p(c). See id.[3] Section 77p(c) provides that "[a]ny covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable . . . and shall be subject to subsection (b)." 15 U.S.C. § 77p(c) (emphasis added). Subsection (b), which preempts certain class actions based on state law, provides as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In this case, Plaintiff asserts that Section 77p(c)'s reference to subsection (b) necessarily limits removal under SLUSA to actions based on state law. Therefore, because his complaint asserts only federal claims, Plaintiff maintains that it falls outside the purview

---

[2] A "covered class action" includes a lawsuit on behalf of more than 50 people involving common questions of law or fact. See 15 U.S.C. § 77p(f)(2).

[3] Section 77v(a) provides, in relevant part:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 U.S.C. §§ 77a et seq.] . . . and, concurrent with State and Territorial courts, *except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this title . . . *Except as provided in section 16(c) [15 U.S.C. § 77p(c)], no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.*

15 U.S.C. § 77v(a) (emphasized portions reflect 1998 SLUSA amendments).

3

of SLUSA's removal provision and must be remanded. See Nauheim v. The Interpublic Group of Companies, Inc., 2003 U.S. Dist. LEXIS 6266, *11 (N.D. Ill. April 16, 2003) (holding that the plain language of the 1933 Act, as amended by SLUSA, permits the removal of only those covered class actions based on state law); In re Waste Management, Inc. Securities Litigation, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) (finding no express statement that Congress intended to modify the traditional rule prohibiting removal of cases under the 1933 Act).

Defendants do not dispute that Plaintiff's case is based entirely on federal law; however, they argue that a proper reading of the 1933 Act demonstrates that removal is authorized by Section 77p(c) and is consistent with the legislative history of SLUSA. In particular, Defendants point out that Section 77p(c) refers to "*any* covered class action," not simply a class action based on state law. See 15 U.S.C. § 77p(c) (emphasis added). Defendants maintain that the reference to subsection (b) incorporates that subsection's description of state law class actions that may be removed, but does not limit removal to those cases. See Alkow v. TXU Corp., 2003 U.S. Dist. LEXIS 7900, *4 (N.D. Tex. May 8, 2003) (adopting this interpretation in order to harmonize Sections 77p(c) and 77v(a)); Brody v. Homestore, Inc., 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003) (finding this interpretation to be consistent with the congressional findings of SLUSA).

The question of whether class actions brought in state court under the 1933 Act can be removed to federal court is one of first impression in this Court. In fact, there is no circuit case on point, and the few district courts to consider the question have split between the competing interpretations of the statute. However, based on the plain language of the 1933

4

AO 72A
(Rev.8/82)

Act and resolving all jurisdictional uncertainties in favor of remand, this Court agrees with Plaintiff that remand to state court is appropriate in this case.

When statutory language is clear and unambiguous, courts must give effect to the plain meaning of the statute and need not examine the legislative history. See, e.g., Nauheim, 2003 U.S. Dist. LEXIS at *9-11. Thus, while the Court acknowledges that SLUSA was enacted largely to prevent plaintiffs from evading federal law protections against abusive litigation by filing in state court, the Court cannot ignore the plain language of the statute. As amended by SLUSA, the removal provision set forth in Section 77p(c) expressly incorporates and relies upon subsection (b), which in turn refers only to particular types of class actions based on state law. Contrary to Defendants' argument, this interpretation does not render meaningless the removal provision set forth in Section 77v(a). As explained by the Nauheim court, "Section 77v(a), as amended by SLUSA, is made meaningful by section 77p(c)'s preemption of an expressly delineated category of state law class actions as set forth under subsection (b) . . . To otherwise interpret the statute would be to ignore its plain meaning." Id. at *14-15 (noting further that this interpretation is consistent with Congress' stated intent to limit securities class actions under state law).

For these reasons, Defendants have not persuaded the Court that a covered class action based on federal law may be removed pursuant to the 1933 Act as amended by SLUSA. Because Plaintiff's complaint is based entirely on federal securities law, the Court finds that the case was improperly removed. Accordingly, Plaintiff's motion to remand is GRANTED. Plaintiff has also moved for attorneys' fees and costs associated with removal

5

AO 72A
(Rev.8/82)

pursuant to 28 U.S.C. § 1447(c). However, the Court declines to award such fees and costs in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand [7] is GRANTED, and the parties' joint request for oral argument [19] is DENIED. The Clerk is directed to REMAND the case to the Superior Court of Fulton County, Georgia, and CLOSE this case.

It is so ORDERED this 2 day of July, 2003.

_____
Willis B. Hunt, Jr.
Judge, United States District Court

6

AO 72A
(Rev.8/82)