KEITH E. EGGLETON, keggleton@wsgr.com, State Bar No. 159842
RODNEY G. STRICKLAND, rstrickland@wsgr.com, State Bar No. 161934
JONI OSTLER, jostler@wsgr.com, State Bar No. 230009
FREEDA Y. LUGO, flugo@wsgr.com, State Bar No. 244913
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants BigBand Networks, Inc.
Amir Bassan-Eskenazi, Ran Oz, Frederick A. Ball,
Gal Israely, Dean Gilbert, Kenneth E. Goldman,
Lloyd Carney, Bruce I. Sachs, Robert J. Sachs,
and Geoffrey Y. Yang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>    ALL ACTIONS.<br>_____ | Master File No. 07-cv-05101-SBA<br><br>CLASS ACTION<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>DATE:   April 8, 2008<br>TIME:    1:00 p.m.<br>JUDGE:  The Honorable Saundra<br>              Brown Armstrong |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 3

I.      FEDERAL PUTATIVE CLASS ACTIONS CHALLENGING BIGBAND'S IPO ........... 3

II.     THE INSTANT COMPLAINT ........................................................................... 3

III.    STATUTORY BACKGROUND ......................................................................... 4

ARGUMENT ..................................................................................................................... 7

IV.     RELEVANT STANDARD ................................................................................ 7

V.      THIS ACTION WAS PROPERLY REMOVED UNDER 28 U.S.C. § 1441
        BECAUSE SLUSA GAVE FEDERAL COURTS EXCLUSIVE JURISDICTION
        OVER "COVERED CLASS ACTIONS" ALLEGING SECURITIES ACT
        CLAIMS ......................................................................................................... 8

VI.     THIS ACTION WAS PROPERLY REMOVED UNDER SLUSA'S REMOVAL
        PROVISIONS ................................................................................................ 9

VII.    SLUSA'S LEGISLATIVE HISTORY CONFIRMS THAT REMOVAL WAS
        PROPER ....................................................................................................... 13

VIII.   REMOVAL OF THIS CASE PROPERLY DEFEATS PLAINTIFF'S ATTEMPT
        TO CIRCUMVENT THE REFORM ACT AND SLUSA .................................... 15

CONCLUSION ............................................................................................................... 16

1

## TABLE OF AUTHORITIES

2

### CASES

3

**Page(s)**

4

*Alkow v. TXU Corp.*,
   2003 WL 21056750 (N.D. Tex. May 8, 2003) ..........................................................*passim*

5

*Bob Jones Univ. v. United States*,
6     461 U.S. 574 (1983) ....................................................................................................7

7

*Brody v. Homestore*,
   240 F. Supp. 2d 1122 (C.D. Cal. 2003) ...................................................................11, 15

8

*California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*,
9     368 F.3d 86 (2d Cir. 2004) ......................................................................................7, 9, 12

10

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   395 F.3d 25 (2d Cir. 2005), *vac'd*, 547 U.S. 71 (2006) ...................................................9

11

*Falkowski v. Imation Corp.*,
12     309 F.3d 1123 (9th Cir.),
       *amended*, 320 F.3d 905 (9th Cir. 2003) ................................................................ 7, 14-15

13

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*,
14     2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) ...................................................10, 11, 16

15

*In re King Pharms., Inc. Sec. Litig.*,
   230 F.R.D. 503 (E.D. Tenn. 2004) ........................................................................8, 14, 15, 16

16

*In re Silicon Graphics, Inc. Sec. Litig.*,
17     183 F.3d 970 (9th Cir. 1999) ...................................................................................4

18

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
   322 F. Supp. 2d 116 (D.N.H. 2004) ......................................................................11

19

*In re Waste Management, Inc. Sec. Litig.*,
20     194. F. Supp. 2d 590 (S.D. Tex. 2002) ...................................................................15

21

*Kircher v. Putnam Funds Trust*,
   547 U.S. 633, 126 S. Ct. 2145 (2006) ...................................................................12, 13, 14

22

*Kulinski v. Am. Elec. Power Co.*,
23     2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) ...........................................................11, 15

24

*Lowinger v. Johnston*,
   2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) .............................................................11, 15

25

*Martin v. Bellsouth Corp.*,
26     slip op. (N.D. Ga. July 3, 2003) .............................................................................15

27

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
   547 U.S. 71, 126 S. Ct. 1503 (2006) .......................................................................14

28

*Patenaude v. Equitable Life Assurance Soc'y of the United States*,
    290 F.3d 1020 (9th Cir. 2002)..................................................................7, 15

*Pinto v. Vonage Holdings Corp.*,
    2007 WL 1381746 (D.N.J. May 7, 2007) .................................................8, 15

*Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Communs. Corp.*,
    2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005)..............................10

*Purowitz v. DreamWorks Animation SKG*,
    slip op. (C.D. Cal. Nov. 15, 2005) ........................................................12, 15

*Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    292 F.3d 1334 (11th Cir. 2002)...................................................................9

*Rovner v. Vonage Holdings Corp.*,
    2007 WL 446658 (D.N.J. Feb. 7, 2007)..................................... 8, 10-11, 15, 16

*Rubin v. Pixelplus Co., Ltd.*,
    2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) ........................................*passim*

*TRW Inc. v. Andrews*,
    534 U.S. 19 (2001) ......................................................................................7

*Tcherepnin v. Knight*,
    389 U.S. 332 (1967) ....................................................................................7

*Unschuld v. Tri-S Security*,
    2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) ......................................9, 11, 13

**STATUTES**

15 U.S.C. § 77p(b) ............................................................................*passim*

15 U.S.C. § 77p(c).............................................................................*passim*

15 U.S.C. § 77p(f)(2) .............................................................................6, 9

15 U.S.C. § 77v(a)............................................................................*passim*

15 U.S.C. § 77z-1(a)................................................................................4

15 U.S.C. § 77z-1(b)(1)............................................................................4

28 U.S.C. § 1441 .............................................................................1, 8, 9

Pub. L. No. 105-353, 112 Stat. 3227 (1998) .................................................5

**MISCELLANEOUS**

H.R. Conf. Rep. No. 105-803 (1998) ..........................................................5

H.R. Rep. No. 105-640 (1998) ...................................................................5

S. Rep. No. 105-182 (1998) ...................................................................4, 5

**PRELIMINARY STATEMENT**

This is a putative securities class action, alleging claims under the federal Securities Act of 1933 ("Securities Act"). It is virtually identical to seven other putative class actions which have been consolidated by this Court. Each of the other putative class action complaints also challenges statements made in connection with defendant BigBand Network, Inc.'s March 2007 initial public offering ("IPO"). Plaintiff's counsel initially filed a virtually identical action on behalf of a different plaintiff in federal court, but then dismissed that action and filed this case in state court. Defendants removed the case.

There is no question that this Court has jurisdiction to hear this putative class action raising solely federal Securities Act claims. And, Defendants properly removed this case under 28 U.S.C. § 1441 and the two removal provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Plaintiff's Motion to Remand should be denied.

SLUSA amended the Securities Act in two ways. First, it amended the first sentence of § 22 of the Securities Act, 15 U.S.C. § 77v(a) ("§ 77v(a)"), to provide for exclusive federal jurisdiction over "covered class actions" asserting Securities Act claims. Plaintiff does not, and cannot, dispute that his complaint (i) is a "covered class action," and (ii) asserts Securities Act claims. The definition of a "covered class action" is *not* tied to whether a complaint asserts federal or state claims. 15 U.S.C. § 77p(f)(2). In light of the exclusive federal jurisdiction over "covered class actions" asserting Securities Act claims, Defendants properly removed this case under 28 U.S.C. § 1441. Plaintiff's remand motion fails to address this basis for removal at all.

Second, SLUSA amended the second to last sentence of § 77v(a) and created new § 16(c) of the Securities Act, 15 U.S.C. § 77p(c) ("§ 77p(c)"), both of which authorize the removal of "covered class actions" arising under the Securities Act. Plaintiff misreads § 77p(c), insisting that it permits removal only of "covered class actions" that assert state law claims, which state law claims are then precluded by § 77p(b). Plaintiff is wrong. The removal authority in the second to last sentence of § 77v(a) expressly envisions the removal of cases "arising under" the Securities Act. In addition, the removal authority in § 77p(c) is limited only by two different phrases in § 77p(b) – phrases describing claims based on alleged untruth or manipulation in the

1  sale of securities.  There is no question that Plaintiff's claims are based on such allegations, and

2  thus fall within the scope of removable cases under § 77p(c).  Accordingly, Defendants also

3  properly removed this case under SLUSA's removal provisions in §§ 77v(a) and 77p(c).

4      Removal of this Securities Act complaint is also entirely consistent with SLUSA's

5  purpose and legislative history.  Plaintiff wrongly discounts as mere "snippets" SLUSA's

6  extensive legislative history.  Congress had *two* overlapping goals in enacting SLUSA:  (i) to

7  have litigation over nationally traded securities treated under one national law, and (ii) to ensure

8  that federal courts are the exclusive venue for securities class action litigation.  The Supreme

9  Court and Ninth Circuit have noted that SLUSA was enacted to close the loophole of plaintiffs

10  filing securities class actions in state court to avoid the protections of the Private Securities

11  Litigation Reform Act of 1995 (the "Reform Act").

12      Contrary to Plaintiff's characterization, cases permitting removal of Securities Act

13  complaints are not a "distinct minority."  Nine better-reasoned cases authorize removal,

14  observing that Defendants' reading of §§ 77v(a) and 77p(c) is the only reading that gives proper

15  effect to all parts of the Securities Act amended by SLUSA, and that is also consistent with

16  Congress' intent in enacting SLUSA.  Plaintiff's restrictive interpretation, meanwhile, leads to a

17  bizarre result.  According to Plaintiff, a class action filed in state court asserting only federal

18  claims cannot be removed to federal court, whereas a class action filed in state court asserting

19  both federal and state claims can be removed – and thereafter only the federal claims will

20  proceed while the state claims are precluded by § 77p(b).  That defies common sense.

21      Finally, SLUSA was designed to foreclose the very type of forum shopping by Plaintiff

22  here.  By filing in state court despite pending federal litigation raising the same facts and same

23  claims, Plaintiff avoids the Reform Act requirements, generates double the work in two different

24  fora, and creates a risk of inconsistent rulings and judgments.  Plaintiff cannot circumvent the

25  Reform Act and SLUSA by alleging only federal claims in state court.  Removal was proper.

26

27

28

**FACTUAL BACKGROUND**

## I.    FEDERAL PUTATIVE CLASS ACTIONS CHALLENGING BIGBAND'S IPO

In October and November 2007, seven putative class action lawsuits were filed against BigBand Networks, Inc., certain of its current and former officers and directors, and the underwriters of its March 2007 IPO.[1]  The cases allege that the Defendants issued false and misleading statements in the prospectus for BigBand's IPO, in violation of the Securities Act. On February 14, 2008, this Court consolidated these actions, appointed Gwyn Jones as lead plaintiff and appointed Hagens Berman Sobol Shapiro LLP and Kahn Gauthier Swick, LLC as co-lead counsel.  Docket Nos. 52, 54.

Counsel for Plaintiff Wiltjer initially filed a federal action on behalf of Ellen Brodsky, also challenging statements made in connection with BigBand's IPO.  *Brodsky v. BigBand Networks, Inc.*, No. C 07-5141-MHP (filed Oct. 5, 2007).  Brodsky's certificate of BigBand holdings, filed as required by the Reform Act, shows that she held 400 BigBand shares.  *See id.*, Docket No. 1.  Other plaintiffs, however, held larger stakes in BigBand.  *See, e.g.*, *In re BigBand Networks, Inc. Sec. Litig.*, Docket No. 1 (7715 shares purchased).  Brodsky thereafter voluntarily dismissed her complaint.  *Brodsky*, Docket No. 5.

## II.    THE INSTANT COMPLAINT

On December 3, 2007, counsel filed the instant action on behalf of Plaintiff Wiltjer – this time in state court.  That was the same day that applications for appointment as lead plaintiff in the pre-existing federal class actions were filed.  *See In re BigBand Networks, Inc. Sec. Litig.*, Docket Nos. 12-18.  Plaintiff's complaint is virtually identical to the pending federal complaints. Having filed in state court, Plaintiff did not certify his BigBand holdings under the Reform Act.

On January 2, 2008, Defendants removed the action to this Court.  On February 14, 2008, the Court related this action to the first-filed of the seven other federal class actions challenging

---

[1] *See Mohanty v. Bassan-Eskenazi*, No. C 07-5101-SBA (filed Oct. 3, 2007); *Koesterer v. BigBand Networks, Inc.*, No. C 07-5168-SBA (filed Oct. 9, 2007); *Winston v. BigBand Networks, Inc.*, No. C 07-5327-SBA (filed Oct. 18, 2007); *Smith v. BigBand Networks, Inc.,* No. C 07-5361-SBA (filed Oct. 19, 2007); *Luzon v. BigBand Networks*, No. C 07-5637-SBA (filed Nov. 6, 2007); *Bernstein v. BigBand Networks, Inc.*, No. C 07-05819-SBA (filed Nov. 15, 2007); and *Hammer v. BigBand Networks, Inc.*, No. C 07-5825-SBA (filed Nov. 16, 2007).

1   BigBand's IPO, and reassigned the action to this Court.  *See In re BigBand Networks, Inc. Sec.*

2   *Litig.*, Docket No. 53.  That same day, the Court issued Orders consolidating all the federal class

3   actions challenging BigBand's IPO and appointing lead plaintiff and co-lead counsel.  *In re*

4   *BigBand Networks, Inc. Sec. Litig.*, Docket Nos. 52 at 16, 54.  On February 19, 2008, Plaintiff

5   filed the instant Motion to Remand this case to state court.[2]  *In re BigBand Networks, Inc. Sec.*

6   *Litig.*, Docket No. 55.

7   **III.     STATUTORY BACKGROUND**

8           When Congress enacted the Securities Act, it provided federal and state courts with

9   concurrent jurisdiction over suits in equity and at law to enforce liability created by the Act.  *See*

10  15 U.S.C. § 77v(a) (1994).  Congress also included an anti-removal provision, providing that

11  claims under the Securities Act could not be removed from state court.  *Id.*

12          In 1995, Congress passed the Reform Act to curb abuses in private securities lawsuits.  *In*

13  *re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 973 (9th Cir. 1999).  The Reform Act

14  imposed stringent requirements for private securities class actions pending in federal courts,

15  including:  (1) sworn certification by the lead plaintiff that he/she has reviewed the complaint,

16  authorized its filing, and will serve as a diligent class representative; (2) publication of notice to

17  other putative class members who may wish to serve as lead plaintiff; (3) court appointment of a

18  lead plaintiff and lead counsel; and (4) limits on payment of attorneys' fees and costs.  15 U.S.C.

19  § 77z-1(a).  The Reform Act also imposed a mandatory stay of discovery during the pendency of

20  any motion to dismiss.  15 U.S.C. § 77z-1(b)(1).

21          Following the Reform Act's enactment, Congress found compelling evidence that

22  plaintiffs were circumventing the statute's stringent requirements in two ways.  First, plaintiffs

23  were filing class actions asserting state law securities claims.  *See, e.g.,* S. REP. NO. 105-182 at 1

24  (1998) (SLUSA was designed to "limit the conduct of securities class actions under State law")

25  (annexed as Ex. A to Declaration of Freeda Y. Lugo ("Lugo Decl."), filed March 18, 2008).

26

27  _____

28      [2] Plaintiff's Motion to Remand was initially filed before the Honorable Charles R. Breyer, but plaintiff re-filed and re-noticed his motion after the case was re-assigned to this Court.

Second, Congress found that plaintiffs were filing securities class actions in state, rather than federal, court. S. Rep. No. 105-182, at 3; *see also* H.R. Conf. Rep. No. 105-803, at 14-15 (1998) ("[S]ince passage of the Reform Act, plaintiffs' lawyers have sought to circumvent the [statute's] provisions by exploiting differences between Federal and State laws by filing frivolous and speculative lawsuits in State court, where essentially none of the [statute's] procedural or substantive protections against abusive suits are available.") (Lugo Decl. Ex. B); H.R. Rep. No. 105-640, at 10-11 (1998) ("[T]he migration to State court was fueled by a desire to circumvent the more stringent requirements of the heightened pleading standard adopted under the Reform Act.") (Lugo Decl. Ex. C).

In response, Congress enacted SLUSA in order to, *inter alia*, end plaintiffs' practice of filing securities class actions in state court and thereby circumventing the Reform Act:

> [SLUSA] makes Federal court the exclusive venue for most securities class action lawsuits. The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court.

H.R. Conf. Rep. No. 105-803, at 13; H.R. Rep. No. 105-640, at 8-9 (same); *id.* at 9 ("Under [SLUSA], class actions relating to a 'covered security' . . . alleging fraud or manipulation must be maintained pursuant to the provisions of Federal securities law, in Federal court (subject to certain exceptions)."). SLUSA expressly includes Congress' findings concerning the troubling shift in class actions from federal to state court, and plaintiffs' frustration of the Reform Act:

> (1) the [Reform Act] sought to prevent abuses in private securities fraud lawsuits;
>
> (2) since enactment of [the Reform Act], considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts; [and]
>
> (3) this shift has prevented [the Reform Act] from fully achieving its objectives . . . .

Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998).

With these goals in mind, SLUSA amended the Securities Act in two key ways: (1) to provide federal courts with exclusive jurisdiction over "covered class actions" seeking to enforce the Securities Act; and (2) to permit the removal and preclusion of certain class actions.

As for jurisdiction, SLUSA amended the first sentence of § 77v(a) by *eliminating* state courts' concurrent jurisdiction over "covered class actions" asserting Securities Act claims:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis showing amendments).  Section 77p(f) defines a "covered class action" to include any lawsuit in which (1) damages are sought on behalf of at least 50 prospective class members, or by a named party on a representative basis on behalf of unnamed parties; and (2) common questions of law or fact predominate over questions affecting only individual prospective class members.  15 U.S.C. § 77p(f)(2).  The definition is not tied to whether a state or federal claim is asserted.

As for removal, SLUSA amended the second to last sentence of § 77v(a) to eliminate the former bar to removal of certain actions arising under the Securities Act:

> *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis showing amendments).  SLUSA also added a new § 77p.  Section 77p(c) specifically authorizes "Removal of covered class actions":

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).  Section 77p(b) provides for the preclusion of certain class actions:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
> > (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

**ARGUMENT**

**IV.    RELEVANT STANDARD**

Three principles govern this Court's interpretation of the relevant provisions of the Securities Act that were amended by SLUSA (§§ 77v, 77p).  First, the provisions must be considered in the context of the Securities Act as a whole; interpretations of the specific sections cannot conflict with, or render superfluous, other provisions in the Securities Act.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001); *Patenaude v. Equitable Life Assurance Soc'y of the United States*, 290 F.3d 1020, 1025 (9th Cir. 2002) (interpreting SLUSA).

Second, interpretation of §§ 77v and 77p must be consistent with the purpose and legislative history of SLUSA, which amended or added these subsections.  *See Patenaude*, 290 F.3d at 1025; *see generally Bob Jones Univ. v. United States*, 461 U.S. 574, 586 (1983).

Third, the Ninth Circuit has mandated that SLUSA "should . . . be viewed as part of the remedial package of federal securities laws," and "should be construed not technically and restrictively, but flexibly to effectuate its remedial purposes."  *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1129 (9th Cir.), *amended*, 320 F.3d 905 (9th Cir. 2003); *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967) ("remedial legislation should be construed broadly").

Plaintiff's reference to a "strong presumption against removal," Motion at 4, 12, is misplaced.  Ninth Circuit precedent requires that SLUSA be construed flexibly – and *not* restrictively – in order to effectuate its remedial purpose of preventing plaintiffs from circumventing the Reform Act.  *Falkowski*, 309 F.3d at 1129.  Through SLUSA and in the specific context of securities class actions, Congress specifically sought to *expand* the jurisdiction of federal courts, by (i) providing for exclusive federal jurisdiction over covered class actions, and (ii) limiting the anti-removal provision previously found in § 77v(a).  *See California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 98 (2d Cir. 2004) ("SLUSA . . . expanded federal jurisdiction over class actions.").

**V.    THIS ACTION WAS PROPERLY REMOVED UNDER 28 U.S.C. § 1441 BECAUSE SLUSA GAVE FEDERAL COURTS EXCLUSIVE JURISDICTION OVER "COVERED CLASS ACTIONS" ALLEGING SECURITIES ACT CLAIMS**

As described *supra* at 5-6, SLUSA made *two* amendments to § 77v(a): SLUSA amended the jurisdictional provision in the first sentence, and it amended the removal provision in the second to last sentence. The first sentence of § 77v(a), as amended by SLUSA, confers on this Court exclusive jurisdiction over Plaintiff's complaint. Defendants properly removed this case under 28 U.S.C. § 1441(b), which provides for removal where district courts have original jurisdiction.

Before SLUSA, the first sentence of § 77v(a) provided for concurrent jurisdiction of state and federal courts over suits asserting claims under the Securities Act. SLUSA eliminated states' concurrent jurisdiction for certain actions, through the phrase "except as provided in section 77p of this title with respect to covered class actions." 15 U.S.C. § 77v(a). Based on the plain language of the first sentence of § 77v(a), federal courts now have exclusive federal jurisdiction over "covered class actions" that are "brought to enforce any liability or duty created by" the Securities Act. *Id.*

Properly focusing on this newly exclusive federal jurisdiction, several courts have concluded that Securities Act complaints are properly removed to federal court:

> Plaintiff's Motion to Remand completely ignores the amendment to the first sentence of the SLUSA concerning jurisdiction. In amending the first sentence of section 77v(a), Congress replaced concurrent jurisdiction with exclusive federal jurisdiction over "covered class actions . . . brought to enforce any liability or duty created by [the Securities Act]." Thus, under the plain language of section 77v(a), there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act; and (ii) are covered class actions. Once the foregoing requirements are met, the case may be brought in federal court because it falls within the exception to concurrent jurisdiction set forth in section 77v(a).

*Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); *accord Rubin v. Pixelplus Co., Ltd.*, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007).[3] Likewise, the Second Circuit expressly recognized that SLUSA "expanded federal jurisdiction over class actions" by

---

[3] *Accord Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746, at **1-2 (D.N.J. May 7, 2007); *In re King Pharms., Inc. Sec. Litig.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004).

1  making "federal court the exclusive venue for class actions alleging fraud in the sale of certain

2  securities." *WorldCom,* 368 F.3d at 98.

3         As was the case in *Rovner*, Plaintiff entirely ignores SLUSA's amendment to the

4  jurisdictional first sentence in § 77v(a). Plaintiff relies on *Unschuld v. Tri-S Security*, 2007 WL

5  2729011 (N.D. Ga. Sept. 14, 2007), Motion at 2 n.3, but that court agreed that, to "give effect to

6  all the terms of § 77v," the proper reading is that the first sentence confers exclusive federal

7  jurisdiction over "covered class actions" under the Securities Act. 2007 WL 2729011, at *7.

8  With only one exception (*see* n.5, *infra*), the cases on which Plaintiff relies do not even attempt

9  to address the amended jurisdictional first sentence in § 77v(a).

10        Plaintiff does not, and cannot, dispute that his complaint is a "covered class action." That

11 term is defined in § 77p(f)(2), *without regard to whether claims are based on federal or state

12 law*. 15 U.S.C. § 77p(f)(2). Rather, a covered class action is one – as here – that seeks damages

13 by named representatives on behalf of themselves and unnamed persons, and questions of law or

14 fact common to those persons predominate. *Id.* Plaintiff also cannot dispute that his complaint

15 seeks to enforce the Securities Act.[4]

16        Because the plain language of the first sentence of § 77v(a) confers exclusive federal

17 jurisdiction over Plaintiff's complaint – a "covered class action" seeking to enforce the Securities

18 Act – Defendants properly removed it under 28 U.S.C. § 1441(b).

19 **VI.    THIS ACTION WAS PROPERLY REMOVED UNDER SLUSA'S REMOVAL
           PROVISIONS**

20

21        Even putting aside that this case was properly removed based on this Court's exclusive

22 jurisdiction, this action was also properly removed under SLUSA's two removal provisions in

23 the second to last sentence of § 77v(a) and in § 77p(c). Read together, those provisions make

24 clear that claims "arising under" the Securities Act may be removed to federal court.

25 _____

26        [4] This analysis – determining whether a complaint is (i) a "covered class action," that (ii)
   asserts a Securities Act claim – defeats Plaintiff's reliance on a separate, purported four-prong
   test to invoke federal jurisdiction, which test includes a condition that the claims are based on
27 state law. Motion at 4-5. The cases cited by Plaintiff, *Riley v. Merrill Lynch, Pierce, Fenner &
   Smith, Inc.*, 292 F.3d 1334 (11th Cir. 2002), and *Dabit v. Merrill Lynch, Pierce, Fenner & Smith,
28 Inc.*, 395 F.3d 25 (2d Cir. 2005), *vac'd*, 547 U.S. 71 (2006), did not involve SLUSA removal of
   federal claims. Their general discussion of prerequisites for SLUSA removal is thus inapposite.

1    Plaintiff fundamentally misreads SLUSA's removal provisions. *See* Motion at 5-6 & n.6.

2  Ignoring the first sentence of § 77v(a) (granting exclusive federal jurisdiction over covered class

3  actions), Plaintiff looks solely at the removal provision in the second to last sentence of § 77v(a).

4  That removal provision permits removal "as provided in" § 77p(c). Plaintiff then turns to §

5  77p(c), focuses on its phrase "as set forth in subsection (b)," and asserts that this phrase limits

6  the class of cases that can be removed.   Finally, Plaintiff turns to § 77p(b) and ignores most of it

7  – including prongs (b)(1) and (b)(2), which describe the types of claims that are precluded

8  (specifically, claims based on alleged untruth and manipulation in the sale of securities) – and

9  instead insists that the particular phrase "based upon the statutory or common law of any State or

10  subdivision thereof" in § 77p(b) limits the cases that may be removed under § 77p(c).  In other

11  words, Plaintiff simply equates all of the cases that can be removed under subsection (c) with

12  just one of the phrases in subsection (b). *See* Motion at 5-6. The cases upon which Plaintiff

13  relies use the same analysis. *E.g.*, *In re Tyco Int'l Multidistrict Litig.*, 322 F. Supp. 2d 116, 119-

14  20 (D.N.H. 2004); *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Communs. Corp.*,

15  2005 U.S. Dist. LEXIS 14202, at *6 (C.D. Cal. June 28, 2005); *Hawaii Structural Ironworkers*

16  *Pension Trust Fund v. Calpine Corp.*, 2003 WL 23509312, at *2 (S.D. Cal. Aug. 27, 2003).

17    This interpretation suffers many flaws. First, it ignores the jurisdictional first sentence in

18  § 77v(a), conferring exclusive jurisdiction on federal courts over "covered class actions"

19  asserting Securities Act claims. *See supra* at 6-7.

20    Second, Plaintiff's reading renders the removal provision in the second to last sentence of

21  § 77v(a) superfluous. As Plaintiff concedes, the removal provisions in §§ 77v(a) and 77p(c)

22  must be read together, and effect must be given to both of them. Motion at 10. The removal

23  provision in § 77v(a) expressly bars removal of cases "arising under" the Securities Act, "except

24  as provided in section 77p(c)." The statute thus contemplates that *some* complaints "arising

25  under" the Securities Act *can* be removed. If only complaints asserting state law claims can be

26  removed, the amendment to the second to last sentence of § 77v(a) makes no sense. *Rovner*

27  explained:

28

[S]ection 77v(a) . . . bars removal of cases "arising under" the Securities Act, "except as provided in section 77p(c)" . . . . [F]or the "arising under" exception to have meaning, it must apply to some subset of cases that actually arise under the Securities Act. Under Plaintiff's interpretation of section 77p(c), the exception would only apply to claims arising under state law. This cannot be what Congress intended as state law claims do not "arise under" the Securities Act, but rather under state law. If Congress had indeed intended to limit the exception to non-removability to state law claims of the type described in section 77p(b), then that section read in conjunction with section 77p(c) accomplishes that purpose without any amendment to section 77v(a).

2007 WL 446658, at *4; *accord Rubin*, 2007 WL 778485, at *3.[5]

In a misguided attempt to harmonize §§ 77v(a) and 77p(c), Plaintiff offers an extremely strained reading of the second to last sentence of § 77v(a). Under Plaintiff's reading, SLUSA's authorization of removal for cases "arising under this subchapter" refers – not to cases asserting Securities Act claims but – only to cases asserting *both* Securities Act claims *and* state claims. Motion at 6-7, 9-10. But Plaintiff cannot insert additional words, made up of whole cloth, into the statute. There is absolutely nothing in that sentence of § 77v(a) indicating that its phrase "arising under this subchapter" instead means "arising under this subchapter *and asserted alongside state claims*."[6] Even cases upon which Plaintiff relies reject this twisted reading. *See Unschuld*, 2007 WL 2729011, at *7; *Hawaii Structural*, 2003 WL 23509312, at *2.[7]

Third, Plaintiff simply misreads the phrase "as set forth in subsection (b)" that is found in § 77p(c). Plaintiff is wrong that the phrase somehow incorporates as a condition for removal the phrase "based upon the statutory or common law of any State or subdivision" from § 77p(b).

---

[5] *Accord Brody v. Homestore*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003); *Alkow v. TXU Corp.*, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003); *Kulinski v. Am. Elec. Power Co.*, 2003 WL 24032299, at **2, 4 (S.D. Ohio Sept. 19, 2003).

[6] *Tyco* proffers the same strained reading to avoid the jurisdictional first sentence of §77v(a). According to *Tyco*, the first sentence divests state courts of concurrent jurisdiction only with respect to complaints alleging *both* state and federal claims. 322 F. Supp. 2d at 120 n.7. Nothing in § 77v(a) says that the phrase "except as provided in section 77p with respect to covered class actions" actually means "except as provided in section 77p with respect to covered class actions *that assert both federal and state law claims*." The statute cannot be rewritten.

[7] Plaintiff tries to buttress his contorted reading of the second to last sentence of § 77v(a) by claiming that it remedies the pre-SLUSA problem of plaintiffs "anchor[ing]" otherwise removable claims in state court by including non-removable Securities Act claims. Motion at 10. No court has accepted this argument. Plaintiff cannot rewrite § 77v(a) without any indication that Congress knew about, much less was concerned about, the so-called "anchoring" problem.

1   Motion at 6.  Rather, "as set forth in subsection (b)" follows and modifies the phrase "covered

2   class action . . . involving a covered security."   It references and incorporates as a condition for

3   removal the *types* of claims that are described in § 77p(b) pertaining to securities:  claims

4   alleging "an untrue statement or omission of a material fact in connection with the purchase or

5   sale of a covered security," and claims alleging "that the defendant used or employed any

6   manipulative or deceptive device or contrivance in connection with the purchase or sale of a

7   covered security."  15 U.S.C. § 77p(b)(1), (2).  The court in *Purowitz v. DreamWorks Animation*

8   *SKG* (C.D. Cal. Nov. 15, 2005), explained:

> [T]he words "as set forth in subsection (b)" appear to be shorthand not for the
> concept that such claims must be based on state law, but rather for the lengthier
> contents of subsections (b)(1) and (b)(2), which set forth the types of claims that
> are permissible as federal but not as state law claims.  Read this way, application
> of subsection (c) leads to the perfectly sensible outcome that federal claims of the
> type described in subsections (b)(1) and (b)(2) are removable to federal court,
> whereas state claims of the type prohibited in either state or federal court under
> subsection (b) are not.

14  Slip op. at 4 (Lugo Decl. Ex. D); *accord Rubin*, 2007 WL 778485, at *3.[8]  The Second Circuit

15  similarly observed that removal under § 77p(c) is not limited to state law complaints.  Rather, §

16  77p(c)  "excepts 'class action[s] brought in state court' from the scope of the nonremoval

17  provision and provides that those class actions 'shall be removable to the Federal district court

18  for the district in which the action is pending.'"  *WorldCom*, 368 F.3d at 97.

19        The Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S.

20  Ct. 2145 (2006),  further indicates that the phrase "as set forth in subsection (b)" in § 77p(c) does

21  not limit removal to those cases asserting state law claims.   The Supreme Court analyzed §§

22  77p(b) and (c) in the face of a complaint alleging only state law claims.  126 S. Ct. at 2151.

23  Thus, the Supreme Court did not address SLUSA removal of federal claims.  In any event, the

24  Supreme Court observed that the phrase "as set forth in subsection (b)" in § 77p(c) modifies its

25  phrase "covered class action . . . involving a covered security."  *Id.* at 2154.  The Supreme Court

26

27  ─────────────────────

28        [8] *Accord Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005);
      *Alkow*, 2003 WL 21056750, at *1.

1  interpreted "as set forth in subsection (b)" as limiting removal by the substantive conditions

2  found in §77p(b)(1) and (2) – *not* by the condition that a complaint assert a state law claim:

3         [W]e read authorization for the removal in subsection (c) . . . as confined to cases
          "set forth in subsection (b)," . . . namely, those with claims of untruth,
4         manipulation, and so on.  The quoted phrase ["set forth in subsection (b)"]
          immediately follows the subsection (c) language describing removable cases as
5         covered class actions involving covered securities, and the language has no
          apparent function unless it limits removal to covered class actions involving
6         claims like untruth or deception.

7  *Id*. at 2154.  Based on this analysis, the court in *Rubin* ruled that SLUSA removal of Securities

8  Act complaints both "better harmonizes section 77p(c) with section 77v(a)," and is "entirely

9  consistent with the Supreme Court's reading of section 77p(c) in *Kircher*."  2007 WL 778485, at

10 *4.  The *Rubin* concluded:

11        [C]onstruction of the removal provision strongly suggests that removal is not
          limited to state law causes of action, as plaintiff argues here, but rather only to
12        securities class actions that involve "claims of untruth, manipulation and so on."

13 *Id.* at *4.[9]

14        In sum, giving effect to each of SLUSA's amendments to §§ 77v(a) and 77p(c), the plain

15 language of the statute provides that Securities Act complaints may be removed under SLUSA.

16 **VII.   SLUSA'S LEGISLATIVE HISTORY CONFIRMS THAT REMOVAL WAS
          PROPER**
17

18        Defendants' reading of the Securities Act is also the only reading that is consistent with

19 SLUSA's legislative history.

20        Plaintiff concedes that this Court must look to SLUSA's legislative history, but wrongly

21 claims that such inquiry must be "strictly limited."  Motion at 11.  Plaintiff also wrongly claims

22 that "the U.S. Supreme Court in *Kircher* did not consult the legislative history at all."  *Id.*  The

23

24 _____

25        [9]  The only other case addressing *Kircher* in the context of SLUSA removal of Securities
   Act complaints is *Unschuld*.  Most of its analysis supports removal.  *See* 2007 WL 2729011, at
26 **7-9.  But *Unschuld* misreads what it characterizes as the "dicta" in *Kircher* that "removal and
   jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection
27 (b)."  *Id.* at *10.  *Unschuld* wrongly understood the precluding "terms of subsection (b)" to be
   the single phrase "based upon the statutory or common law of any State."  As *Kircher* and *Rubin*
28 make clear, the precluding terms are the longer phrases in (b)(1) and (b)(2), defining "claims of
   untruth, manipulation, and so on."  126 S. Ct. at 2154.

1    Supreme Court expressly noted: "And legislative history tends to show that this was just what

2    Congress understood." 126 S. Ct. at 2154.

3         SLUSA's legislative history confirms that Congress intended *both* to preclude securities

4    claims under state law *and* to ensure that federal courts provide the exclusive venue for securities

5    class action litigation. *See supra* at 4-5. Plaintiff wrongly dismisses the extensive legislative

6    history cited above as mere "snippets." Motion at 11. In addition, Plaintiff focuses solely on

7    only one of Congress' two goals (precluding state law causes of action), apparently believing

8    that it is mutually exclusive with the second goal (rendering the federal venue exclusive). *Id.* at

9    11-12. The twin goals are not mutually exclusive, as binding precedent makes clear.

10        In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 126 S. Ct. 1503,

11   1511 (2006), the Supreme Court explained that Congress enacted the Reform Act to curb

12   perceived abuses from securities class actions: "nuisance filings, targeting of deep-pocket

13   defendants, vexatious discovery requests, and 'manipulation by class action lawyers of the

14   clients whom they purportedly represent'." 126 S. Ct. at 1510-11. But the restrictions imposed

15   by the Reform Act also had "unintended consequences," including a migration of cases to state

16   court, which consequence led to SLUSA's passage:

17        *[The Reform Act] prompted at least some members of the plaintiffs' bar to avoid
          the federal forum altogether.* Rather than face the obstacles set in their path by the
18        Reform Act, plaintiffs and their representatives began bringing class actions under
          state law, *often in state court.* The evidence presented to Congress during a 1997
19        hearing to evaluate the effects of the Reform Act suggested that this phenomenon
          was a novel one; *state-court litigation of class actions involving nationally traded
20        securities had previously been rare. . . . To stem this 'shif[t] from Federal to State
          courts'* . . . [and] frustrat[ion] [of] the objectives of the Reform Act . . . Congress
21        enacted SLUSA.

22   *Id.* (emphasis added).

23        Likewise, the Ninth Circuit has made clear that SLUSA was intended to render federal

24   court the exclusive forum for securities class actions:

25        Under SLUSA, federal court is the exclusive venue for fraud claims "in connection
          with the purchase or sale of a covered security" and the statute itself specifically
26        provides for removal of such claims to federal court. The statute was originally
          enacted in 1998 because heightened pleading requirements in federal securities
27        cases caused a pilgrimage of securities claims to state courts, thus circumventing
          congressional reforms designed to restrict federal securities claims.

28

1   *Falkowski*, 309 F.3d at 1128; *accord Patenaude*, 290 F.3d at 1025 (federal court exclusive

2   venue).  Plaintiff's brief fails to address this binding reading of SLUSA's legislative history.

3           Numerous district courts permitting SLUSA removal of Securities Act complaints have

4   observed that Congress' clear intent in enacting SLUSA was to, among other things, ensure that

5   federal courts were the exclusive venue for federal securities litigation.  *See, e.g., Rubin*, 2007

6   WL 778485, at *2.[10]  Even cases relied on by Plaintiff recognize this.  *See  In re Waste*

7   *Management, Inc. Sec. Litig.*, 194 F. Supp. 2d 590, 592 (S.D. Tex. 2002); *Martin v. Bellsouth*

8   *Corp.*, slip op. at 5 (N.D. Ga. July 3, 2003) (Decl. of Darren Robbins, filed Feb. 19, 2008, Ex. 1).

9                                                   * * *

10          Perhaps the most problematic aspect of Plaintiff's restrictive interpretation of SLUSA is

11  the bizarre result that it would achieve.  According to Plaintiff, state courts can hear federal

12  claims, but federal courts may hear federal claims only if they are accompanied by state claims –

13  which must be immediately dismissed because they are precluded by § 77p(b).  It simply defies

14  common sense to argue that a federal court cannot consider a securities class action alleging

15  violation of federal law unless a state claim, which is necessarily precluded, is also asserted.  *See*

16  *Purowitz*, slip op. at 3-4 (noting "bizarre outcome" from plaintiff's reading of § 77p(c)).

17  **VIII.    REMOVAL OF THIS CASE PROPERLY DEFEATS PLAINTIFF'S ATTEMPT TO
              CIRCUMVENT THE REFORM ACT AND SLUSA**

18

19          Removal was particularly appropriate here.  This case presents a clear example of the

20  type of forum shopping that Congress sought to foreclose through the Reform Act and SLUSA.

21  There are seven federal consolidated actions challenging BigBand's IPO under the Securities

22  Act.  Plaintiff could have filed his own putative class action alongside these cases in federal

23  court.  His counsel previously filed – and then dismissed – such a complaint.

24

25

26

27          [10] *Accord Pinto*, 2007 WL 1381746, at *2; *Rovner*, 2007 WL 446658, at *5; *Lowinger*,
        2005 WL  2592229, at *3; *Purowitz*, slip op. at 5; *King Pharms.*, 230 F.R.D. at 505; *Kulinski*,
28      2003 WL 24032299, at *4; *Alkow*, 2003 WL 21056750, at *2; *Brody*, 240 F. Supp. 2d at 1124.

1    Plaintiff instead filed a complaint based on the same facts and same law in state court.

2    By doing so, he circumvents the Reform Act and competition for lead plaintiff status. He also

3    creates double the work in two fora, and the possibility of inconsistent rulings and judgments.

4    Several courts have observed that Congress sought to foreclose these very litigation

5    tactics. The court in *Rubin* noted:

6    A holding that a class action complaint labeled as a state law or common law
     cause of action is removable, and one labeled as a Securities Act violation is not,
7    would lead to an absurd result that would undermine the principal purpose of
     SLUSA, which was to stop state-court litigation of class actions involving
8    nationally traded securities.

9    2007 WL 778485, at 5; *accord Alkow*, 2003 WL 21056750, at *2. Likewise, the court in *King*

10   *Pharmaceuticals* observed:

11   if the Court were to remand the movants' class actions, there would be concurrent
     class actions in state and federal court asserting substantially similar claims. This
12   could lead to considerable confusion if not outright inconsistent results.

13   230 F.R.D. at 505.

14   Plaintiff should not be heard to argue that removal statutes must be construed strictly

15   against removal, and then engage in artful pleading designed to defeat removal. As aptly stated

16   in *Rovner*: "[T]he plain language of the statute, coupled with the legislative history and a

17   healthy dose of common sense compel the conclusion that this class action, which alleges only

18   federal Securities Act claims, was removable." 2007 WL 446658, at *5.[11]

19                                   **CONCLUSION**

20   For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

21   Dated: March 18, 2008                    Respectfully submitted,

22                                            WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
23

24                                            By:   /s/ Keith E. Eggleton
                                                    Keith E. Eggleton
25   _____

26       [11] Plaintiff's request for attorneys' fees and expenses is baseless. Motion at 14-15. In
     2003, *Hawaii Structural* denied fees because the SLUSA removal question was "premised on a
27   close question of law which has divided the courts." 2003 WL 23509312, at *3. A fortiori, four
     years later – during which time at least nine courts have authorized SLUSA removal of
28   Securities Act complaints – attorneys' fees and expenses are plainly unwarranted. Plaintiff does
     not, and cannot, cite a single case awarding fees and expenses in this context.

1        I, Freeda Lugo, as counsel for defendants BigBand Networks, Inc., Amir Bassan-

2    Eskenazi, Frederick A. Ball, Ran Oz, Lloyd Carney, Dean Gilbert, Kenneth A. Goldman, Gal

3    Israely, Bruce I. Sachs, Robert J. Sachs, and Geoffrey Y. Yang, am the ECF User whose

4    identification and password are being used to file the Defendants' Opposition to Plaintiff's

5    Motion to Remand.  In compliance with General Order 45.X.B., I hereby attest that Keith E.

6    Eggleton has concurred in this filing.

7

8    Dated:  March 18, 2008           WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

9

10                               By: _____*/s/ Freeda Lugo*_____

11                                     Freeda Lugo

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28