1  KEITH E. EGGLETON, keggleton@wsgr.com, State Bar No. 159842
   RODNEY G. STRICKLAND, rstrickland@wsgr.com, State Bar No. 161934
2  JONI OSTLER, jostler@wsgr.com, State Bar No. 230009
   FREEDA Y. LUGO, flugo@wsgr.com, State Bar No. 244913
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
6
   Attorneys for Defendants BigBand Networks, Inc.
7  Amir Bassan-Eskenazi, Ran Oz, Frederick A. Ball,
   Gal Israely, Dean Gilbert, Kenneth E. Goldman,
8  Lloyd Carney, Bruce I. Sachs, Robert J. Sachs,
   and Geoffrey Y. Yang

9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13  In re BIGBAND NETWORKS, INC.        )   Master File No. 07-cv-05101-SBA
    SECURITIES LITIGATION               )
14                                      )   CLASS ACTION
                                        )
15  _____ )   [PROPOSED] ORDER DENYING
                                        )   PLAINTIFF'S MOTION TO REMAND
16  This Document Relates to:           )
                                        )   DATE:  April 8, 2008
17       ALL ACTIONS.                   )   TIME:  1:00 p.m.
                                        )   JUDGE: The Honorable Saundra
18  _____ )          Brown Armstrong

19

20

21

22

23

24

25

26

27

28

Before the Court is plaintiff James Wiltjer's motion to remand his action (titled *Wiltjer v. BigBand Networks, Inc., et al.,* Case No. 04:08-cv-000022-SBA) to San Francisco Superior Court [Docket No. 55]. Defendants timely opposed the motion. Having read and considered the arguments presented by the parties in the papers submitted to the Court, and having heard and considered oral argument before the Court on April 8, 2008, the Court hereby finds as follows:

## BACKGROUND

Plaintiff James Wiltjer ("Wiltjer") filed a securities class action in state court alleging claims under the federal Securities Act of 1933 ("Securities Act"). Wiltjer's claims are virtually identical to those asserted in seven other consolidated putative class actions that were filed in and are proceeding before this Court. Each of those other class actions alleges that defendants violated federal securities laws by issuing allegedly false and misleading statements in connection with defendant BigBand Network, Inc.'s March 2007 initial public offering ("IPO"). On January 2, 2008, the defendants removed Wiltjer's action to this Court pursuant to 28 U.S.C. § 1441 and the removal provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") [*Wiltjer* Docket No. 1]. Wiltjer's action was thereafter deemed related to the first-filed of the seven other similar class actions, reassigned to this Court and consolidated along with the seven other class actions [Docket Nos. 52, 53, 54].

Plaintiff filed his Motion to Remand on February 19, 2008 [Docket No. 55]. Plaintiff contends that he properly filed his complaint in state court and that removal was improper.

## LEGAL STANDARD

Congress enacted SLUSA with two goals in mind: *First*, Congress sought to prevent plaintiffs from circumventing the requirements of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") by filing class actions asserting state law claims. *See, e.g.,* S. REP. NO. 105-182 at 1 (1998) (SLUSA was designed to "limit the conduct of securities class actions under State law"). *Second*, Congress intended to eliminate the abusive practice of plaintiffs filing securities class actions in state courts rather than federal courts in order to circumvent the Reform Act's protections. *See, e.g.,* H.R. CONF. REP. NO. 105-803, at 13 ("The purpose of [SLUSA] is to prevent plaintiffs from seeking to evade the protections that Federal law provides

against abusive litigation by filing suit in State, rather than Federal, court."); H.R. REP. NO. 105-640, at 8-9 (same).

Prior to SLUSA, the Securities Act provided that claims under the Securities Act could not be removed from state court. 15 U.S.C. § 77v(a) (1994). SLUSA, however, made a number of changes to the Securities Act. *First*, SLUSA amended the first sentence of § 77v(a) to provide exclusive federal jurisdiction over "covered class actions" asserting Securities Act claims.[1] 15 U.S.C. § 77v(a). This change eliminated state courts' concurrent jurisdiction over such claims. *Id. Second*, SLUSA amended the second to last sentence of § 77v(a) to eliminate the former bar to removal of certain actions arising under the Securities Act. *Id.* Specifically, SLUSA added the italicized phrase to the following sentence in § 77v(a):

> *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis showing amendments).

*Third*, SLUSA added a new § 77p. The new Section 77p(c) specifically authorizes the removal of covered class actions as follows:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c). The new Section 77p(b) provides that certain class actions are precluded:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
>   (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

---

[1] A "covered class action" is any lawsuit in which (a) damages are sought on behalf of at least 50 prospective class members, or by a named part on a representative basis on behalf of unnamed parties; and (2) common questions of law or fact predominate over questions affecting only individual prospective class members. 15 U.S.C. § 77p(f)(2).

1  (2) that the defendant used or employed any manipulative or deceptive
   device or contrivance in connection with the purchase or sale of a covered
2  security.

3  15 U.S.C. § 77p(b).

## ANALYSIS

Removal of this action is proper under 28 U.S.C. § 1441(b). Wiltjer's action is a covered class action under SLUSA because Wiltjer purports to act as a named representative seeking damages on behalf of himself and unnamed persons, and questions of law or fact common to those persons predominate. *See* 15 U.S.C. § 77p(f)(2); Wiljter Complaint at ¶¶ 1, 31-36 [*Wiltjer* Docket No.1]. Wiltjer's action asserts federal Securities Act claims. Wiljter Complaint at ¶¶ 1, 31-36 [*Wiltjer* Docket No.1] ¶¶ 1, 8, 58, 62, 69, 71. SLUSA's amendment to 15 U.S.C. § 77v(a) gave federal courts exclusive jurisdiction over covered class actions alleging Securities Act claims. *See Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); *accord Rubin v. Pixelplus Co., Ltd.*, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007). Accordingly, removal of this action is proper under 28 U.S.C. § 1441(b), which provides for removal where district courts have original jurisdiction.

Removal of this case is also proper under SLUSA's removal provisions in the second to last sentence of § 77v(a) and in § 77p(c). Read together, those provisions make clear that claims "arising under" the Securities Act may be removed to federal court. This interpretation gives full effect to the second to last sentence of § 77v(a). *See* 15 U.S.C. § 77v(a) ("*Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.") (emphasis added); *see also Rovner*, 2007 WL 446658, at *4; *accord Rubin*, 2007 WL 778485, at *3; *accord Brody v. Homestore*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003).

This interpretation is also the only interpretation that is consistent with SLUSA's legislative history and intent. *See, e.g., Falkowski v. Imation Corp.*, 309 F.3d 1123, 1128 (9th Cir.), *amended*, 320 F.3d 905 (9th Cir. 2003); *Patenaude v. Equitable Life Assurance Soc'y of the United States*, 290 F.3d 1020, 1025 (9th Cir. 2002) ("SLUSA mandated that federal court be

1  'the exclusive venue for class actions alleging fraud in the sale of certain covered securities' and
2  that 'such class actions be governed exclusively by federal law.'") (citation omitted).

### CONCLUSION

For the foregoing reasons, Plaintiff James Wiltjer's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: _____     _____
                                 HON. SAUNDRA BROWN ARMSTRONG
                                 UNITED STATES DISTRICT JUDGE