# EXHIBIT D



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sandra Purowitz, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DreamWorks Animation SKG, Inc., Jeffrey Katzenberg, Katherine Kendrick, Kristina M. Leslie, Roger A. Enrico, Paul G. Allen, Lewis W. Coleman, David Geffen, Mellody Hobson, Nathan Myhrvold, Howard Schultz and Does 1-100<br><br>Defendants. | Civil Action No. CV 05-6090 MRP (VBKx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

Sandra Purowitz, on behalf of herself and all others similarly situated ("Plaintiff") filed a class action lawsuit against DreamWorks Animation SKG, Inc. ("DreamWorks"), Jeffrey Katzenberg, Katherine Kendrick, Kristina M. Leslie, Roger A. Enrico, Paul G. Allen, Lewis W. Coleman, David Geffen, Mellody Hobson, Nathan Myhrvold, Howard Schultz and Does 1-100 (collectively, "Defendants") in Los Angeles County Superior Court on July 29, 2005, alleging claims under §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") relating

principally to statements made by DreamWorks regarding its revenue recognition policy and certain home video sales and estimates. Defendants removed the action to federal court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and Plaintiff has moved to remand. The sole issue before the Court is whether SLUSA permits removal to federal court in this instance.

There is a split in authority in this district and in other districts as to the issue of whether a class action alleging solely violations of federal law may be removed to federal court pursuant to SLUSA. In *Brody v. Homestore, Inc.* ("*Brody*"), 240 F. Supp. 2d 1122 (C.D. Cal. 2003), the Court looked to the text and legislative intent of SLUSA and found that it does authorize removal in such cases. More recently, in *Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Communications Corp.* ("*Pipefitters*"), No. CV 05-2730-RGK, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005), the Court held that the plain language of SLUSA unambiguously states that removal is improper where only federal claims are present. This Court is in agreement with the conclusion reached in *Brody*, and denies the Plaintiff's motion to remand for the reasons set forth below.

Prior to the enactment by Congress of SLUSA in 1998, state and federal courts had concurrent jurisdiction over claims brought under the Securities Act. *See* 15 U.S.C. § 77v(a). SLUSA changed this by authorizing the removal to federal court of certain class actions involving nationally listed securities. *See* 15 U.S.C. §§ 77p(b)-(c), 77v(a). The relevant portion of SLUSA is subsection (c):

(c) Removal of covered class actions. Any covered class action brought in any State court involving a covered security, as set forth in

subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

*15 U.S.C. § 77p(c)*. Subsection (b), in turn, reads as follows:

(b) Class action limitations. No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

*15 U.S.C. § 77p(b)*.

Employing an interpretation of subsection (c) based on that of the *Pipefitters* Court, Plaintiff argues that the phrases "as set forth in subsection (b)" and "shall be subject to subsection (b)" refer the reader to the phrase "based upon the statutory or common law of any State or subdivision thereof" from subsection (b), with the result that only covered class actions based at least in part upon state law claims may be properly removed. As there are not any state law claims in this case, Plaintiff argues that removal here was improper. However, as Defendants correctly point out, Plaintiff's reading of subsection (c) leads to the somewhat bizarre outcome that only those claims expressly prohibited in either state or federal court by subsection (b) - claims

3

based on state law - are by themselves removable. Federal claims will only be removable to the extent they are coupled with state law claims, which state law claims will then be required to be dismissed upon arrival in federal court.

Notwithstanding this anomalous outcome, Plaintiff argues that this Court should find that the plain language of § 77p(b)-(c) does not authorize the removal of federal claims by themselves. However, this Court disagrees with the interpretation of § 77p(b)-(c) set forth in *Pipefitters* and proposed here by Plaintiff. As this Court reads subsection (c), the phrase "as set forth in subsection (b)" does not modify merely "[a]ny covered class action", but rather the entire preceding phrase, "[a]ny covered class action brought in any State court involving a covered security." Had Congress intended subsection (c) to to be read as Plaintiff suggests, it could have inserted the phrase "as set forth in subsection (b)" immediately after the words "covered class actions," in which case Plaintiff's reading would clearly be correct. However, by drafting subsection (c) as it did, the words "as set forth in subsection (b)" appear to be shorthand not for the concept that such claims must be based on state law, but rather for the lengthier contents of subsections (b)(1) and (b)(2), which set forth the types of claims that are permissible as federal but not as state law claims. Read this way, application of subsection (c) leads to the perfectly sensible outcome that federal claims of the type described in subsections (b)(1) and (b)(2) are removable to federal court, whereas state claims of the type prohibited in either state or federal court under subsection (b) are not.

The *Pipefitters* opinion, along with several other cases from other jurisdictions that Plaintiff cites in support of her interpretation,

1 | also places great weight on the phrase "and shall be subject to
2 | subsection (b), " and argues that these words should be read to mean
3 | that "removal is allowed only for class actions "subject to subsection
4 | (b),"" i.e., claims based on state law. *Pipefitters*, 2005 U.S. Dist.
5 | LEXIS 14202 at *6. However this is not what the statute says. There
6 | is a difference between saying that 'any covered class action subject to
7 | subsection (b) shall be removable' and ' any class action shall be
8 | removable, and shall be subject to subsection (b).' The former requires
9 | that removable class actions be those class actions that are the subject
10 | of subsection (b); the latter simply confirms that subsection (c) does
11 | not override subsection (b) by allowing for the removal of state claims
12 | otherwise prohibited by subsection (b). It is the latter formulation
13 | that Congress chose in drafting subsection (c). Thus, while in
14 | agreement with the *Brody* court that the language of subsection (c) is
15 | "inartfully (or even inaccurately) worded," this Court finds that the
16 | reading proposed by Defendants is the correct one.

17 | Plaintiff points us to the proposition that "[l]egislative history
18 | is irrelevant to the interpretation of an unambiguous statute."
19 | *Pipefitters*, 2005 U.S. Dist. LEXIS 14202 at *8, quoting *Davis v.*
20 | *Michigan Dep't of Treasury*, 489 U.S. 803, 808 n.3 (1989). However
21 | where, as here, the statutory language is at best ambiguous, a review of
22 | the relevant legislative history is appropriate. In this case, the
23 | legislative history makes clear that in enacting SLUSA, Congress was
24 | attempting to close a loophole in the Private Securities Litigation
25 | Reform Act of 1995 ("PLSRA"), by which plaintiffs were attempting to
26 | avoid the increased procedural hurdles to securities lawsuits put in
27 | place by PLSRA by filing in state, rather than federal court. As
28 | Defendants note in their opposition brief, the legislative record is

replete with statements to the effect that the intent of Congress in enacting SLUSA was to make the federal court the exclusive venue for lawsuits with respect to nationally listed securities. Neither Plaintiff's brief nor any of the opinions cited by Plaintiff in support of her motion to remand provide any convincing arguments or examples to the contrary. Thus, not only is Plaintiff's interpretation of the relevant provisions of SLUSA unconvincing in its own right, it is simply irreconcilable with the manifest intent of Congress in enacting the legislation.

The Court concludes that this action is removable pursuant to 15 U.S.C. § 77p(b)-(c). Accordingly, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

DATED: November 14, 2005

Honorable Mariana R. Pfaelzer
United States District Judge