REED R. KATHREIN (139304)
PETER E. BORKON (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

LEWIS KAHN (*Pro Hac Vice*)
KAHN GAUTHIER SWICK, LLC
650 Poydras Street - Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Attorneys for Plaintiffs

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION<br><br>.<br><br>This Document Relates To: ALL ACTIONS | Master File No. 3:07-cv-05101-SBA<br><br>LEAD PLAINTIFF'S OPPOSITION TO JAMES WILTJER'S MOTION TO REMAND<br><br>DATE:           April 8, 2008<br>TIME:            1:00 pm<br>COURTROOM: 3<br>JUDGE:  Hon. Saundra B. Armstrong |

## INTRODUCTION

On February 13, 2008, this Court entered an Order appointing Gwyn Jones as Lead Plaintiff and approving his selection of Hagens Berman Sobol Shapiro LLP and Kahn Gauthier Swick, LLC as Co-Lead Counsel ("Order"). (Dkt. No. 52). In that Order the Court directed that Lead Counsel "shall have authority to speak for plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations … No motion, request for discovery or other pretrial proceedings shall be initiated or filed by plaintiffs except through co-lead counsel." Order at 16. In an apparent end run around this Court's Order, plaintiff James Wiltjer ("Wiltjer") now seeks remand to San Francisco Superior Court of his nearly identical complaint alleging violations of federal securities laws. Lead Plaintiff respectfully requests that this Court deny the motion to remand.

## PROCEDURAL HISTORY

On October 3, 2007, the first-filed case against BigBand Networks Inc. was filed before this Court. *Mohanty v. BigBand Networks, Inc.*, Case No. 07-cv-5101-SBA. On October 5, 2007, counsel for Wiltjer filed a case on behalf of Ellen Brodsky. *See Brodsky v. BigBand Networks, Inc.*, Case No. 07-cv-5141-MMC. Counsel for Ms. Brodsky voluntarily dismissed that complaint. On December 3, 2007, two movants filed motions seeking to be appointed as Lead Plaintiff in the above captioned cases.

That same day, rather than moving to be appointed Lead Plaintiff, counsel for Brodsky opted to file a nearly identical complaint in San Francisco Superior Court on behalf of Wiltjer. On January 2, 2008, Defendants removed Wiltjer's complaint to the United States District Court for the Northern District of California and on January 18, 2008, Wiltjer moved to remand the case. On February 13, 2008, the Court entered its Order appointing Gwyn Jones as Lead Plaintiff and approving of his selection of Lead Counsel. On February 19, 2008, Wiltjer filed a Corrected

LEAD PL.'S OPP. TO JAMES WILTJER'S MOT.    - 1 -
TO REMAND – CASE NO. 07-CV-5101-SBA

Plaintiff's Notice of Motion and Motion to Remand. Defendants oppose the motion to remand and Lead Plaintiff joins in that opposition.

**ARGUMENT**

In 1998, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"). SLUSA, Pub. L. 105-353 112 Stat. 3227. Prior to SLUSA, cases filed in State Court alleging claims under the Securities Act of 1933 ("Securities Act") were not removable. *See Brody v. Homestore,* 240 F. Supp. 2d 1122, 1123 (C.D. Cal. 2003). SLUSA made federal court the exclusive venue for class actions alleging fraud in the sale of certain securities and expanded federal jurisdiction over certain class actions. *Carpenters Pension Trust For Southern California v. Ebbers,* 299 B.R. 610, 614 (C.D. Cal. 2003). Indeed, the legislative history of SLUSA reveals that the premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court." 144 Cong. Rec. H11019-01, H11020 (1998)(Comments of representative Biley). SLUSA amended the jurisdictional provisions of the Securities Act as follows:

> The district courts of the United States and the United States courts of any territory shall have jurisdiction … concurrent with State and Territorial courts, except as provided in 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a). Thus, SLUSA divests state courts of concurrent jurisdiction over "covered class actions" *In re King Pharms., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (reasoning that although inartfully worded, SLUSA is intended to permit removal of cases alleging violations of the Securities Act).

Section 77p(f) defines "covered class actions" as those lawsuits where 1) plaintiff seeks to represent a class of greater than 50 members; and 2) common questions of law and fact predominate over questions affecting only individual prospective class members. 15 U.S.C. § 77p(f)(2). Section 77p(c) explicitly allows "removal of covered class actions":

> Any covered class action brought in any State court involving a covered security as set forth in subsection (b) of this section, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section.

15 U.S.C. § 77p(c). Here, Wiltjer filed a covered class action alleging violations of the Securities Act. Wiltjer's complaint purports to be on behalf of the identical class of shareholders represented by Lead Plaintiff Gwyn Jones. The wrongful conduct that is the subject of the Wiltjer complaint is the identical wrongful conduct that is the subject of the consolidated cases already pending before this Court. In *King Pharmaceuticals*, the court refused to remand a securities case to state court because remand "could lead to considerable confusion if not outright inconsistent results." *King Pharmaceuticals*, 230 F.R.D. at 505; *see also In re Bank of America Sec. Litig.,* 95 F. Supp. 2d 1044 (E.D. Mo. 2000) (enjoining prosecution of a securities case in state court under All Writs Act after securities case remanded from federal court in order to maintain control of litigation in federal court). Similarly, remanding the Wiltjer case to the San Francisco Superior Court could lead to considerable confusion, inconsistent results and needless expenditure of judicial resources. Accordingly, Lead Plaintiff respectfully requests that this Court deny Wiltjer's motion to remand and consolidate the Wiltjer action into the previously consolidated cases.

Dated: March 18, 2008                                      HAGENS BERMAN SOBOL SHAPIRO LLP


By:  _____/s/ Reed R. Kathrein_____
         REED R. KATHREIN

Peter E. Borkon (212596)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lewis S. Kahn (*Pro Hac Vice*)
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@kgscounsel.com

Kim E. Miller
KAHN GAUTHIER SWICK, LLC
12 East 41st Street, 12th Floor
New York, NY  10017
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
kim.miller@kgscounsel.com

Co-Lead Counsel for Lead Plaintiff Gwyn Jones, and the Class

LEAD PL.'S OPP. TO JAMES WILTJER'S MOT.     - 4 -
TO REMAND – CASE NO. 07-CV-5101-SBA

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of March 2008, at Berkeley, California.

/s/ Reed R. Kathrein
REED R. KATHREIN

# Mailing Information for a Case 4:07-cv-05101-SBA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Keith E. Eggleton**
  keggleton@wsgr.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Lewis S. Kahn**
  lewis.kahn@kgscounsel.com

- **Lewis Stephen Kahn**
  lewis.kahn@kglg.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com

- **Freeda Yllana Lugo**
  flugo@wsgr.com,jjohnstone@wsgr.com

- **Joni L. Ostler**
  jostler@wsgr.com,rstrickland@wsgr.com,pbaird@wsgr.com,flugo@wsgr.com,keggleton@wsgr.com

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Rodney Grant Strickland , Jr**
  rstrickland@wsgr.com

- **Michael Carl Tu**
  mtu@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James P. Cusick
Orrick Herrington & Sutcliffe, LLP
666 Fifth Avenue
```

```
New York, NY 10103-001
```