COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE (166806)
SYLVIA SUM (207511)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
jeffreyl@csgrr.com
sylvias@csgrr.com
– and –
DARREN J. ROBBINS (168593)
RAMZI ABADOU (222567)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
ramzia@csgrr.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION | Master File No. 07-cv-05101-SBA |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR REMAND TO STATE COURT |
| ALL ACTIONS. | |
| | DATE: April 8, 2008 |
| | TIME: 1:00 p.m. |
| | COURTROOM: The Honorable Saundra Brown Armstrong |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. The Plain Language of SLUSA Makes Clear that Plaintiff's Claims Are Not Removable ..... 1

B. SLUSA's Legislative History Displays a Clear Congressional Intent to Make Only State Law Claims Removable, Not Stand-Alone Securities Act Claims ..... 3

C. Defendants' Remaining Arguments Are Without Merit ..... 7

D. Lead Plaintiff's Opposition to Plaintiff's Motion to Remand Should Likewise Be Rejected ..... 9

III. CONCLUSION ..... 9

## I. INTRODUCTION

In apparent recognition that the Securities Act of 1933 as amended by SLUSA expressly permits the present action to proceed in the California Superior Court where it was initially filed, defendants brazenly mischaracterize and distort applicable statutory provisions in an attempt to cobble together some argument to avoid a remand of the action and the imposition of plaintiff's attorneys fees and costs.[1] But even a cursory review of the relevant statute reveals that the statute requires this case to be remanded to state court. Indeed, as the District court succinctly noted in *Bernd Bildstein IRRA v. Lazard Ltd.*, No. 05 CV 3399(RJP)(RMC) 2006, U.S. Dist. LEXIS 61395, at *3 (E.D.N.Y. Aug. 15, 2006), Sections §77(c) and (b) of the Securities Act " bar removal of claims other than covered class actions that involve covered securities ***and contain state-law claims***."[2] However, this case involves no state law claims. Thus, the statute, the caselaw and the legislative history all support the unassailable conclusion that this case, properly filed in state court, must be remanded.

In opposing remand defendants advance arguments that are contrary to the plain language of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and sound principles of statutory construction. Defendants' arguments have been rejected time and again by a decisive majority of the courts to have considered them. The same result should be reached here.

## II. ARGUMENT

### A. The Plain Language of SLUSA Makes Clear that Plaintiff's Claims Are Not Removable

Defendants' opposition principally fails because SLUSA on its face limits removability to class actions "based upon the statutory or common law of any State or subdivision thereof . . . ." 15 U.S.C. §77p(b). The "state law" limitation of subsection (b) is unequivocally incorporated into subsection (c), SLUSA's removability provision, which provides that "[a]ny covered class action

---

1 The Lead Plaintiff has likewise filed an opposition to the motion to remand making identical, albeit more limited, arguments.

2 Unless otherwise indicated, all emphasis is added and all citations and footnotes are omitted.

brought in any State court involving a covered security, ***as set forth in subsection (b) of this section***, shall be removable to the Federal district court for the district in which the action is pending, and ***shall be subject to subsection (b) of this section***." 15 U.S.C. §77p(c). This action, as defendants properly concede, asserts only claims arising under the Securities Act of 1933 ("Securities Act"). Thus, it does not assert state law claims "as set forth in subsection (b)." Thus, it is not removable under subsection (c). 15 U.S.C. §77p(c). And because it is not removable under subsection (c), this action does not fall within the lone exception to the bar on removal of Securities Act's claims to federal court. *See* 15 U.S.C. §77v(a).

Defendants opposition, by selective characterization of SLUSA's statutory language, attempts to transform the statute into something that it isn't.[3] SLUSA's statutory scheme however, is not ambiguous. For example, defendants assert that this is a "covered class action"- a contention that is not contested by anyone – and then claim that under §22(a) of the Securities Act there is exclusive federal court jurisdiction over covered class actions and therefore removal is proper (Defs' Mem. at 1). But the statute simply does not say that. Rather, §22(a) states that "The district courts of the United States . . . shall have jurisdiction of offenses and violations arising under [the Securities Act of 1933] . . . concurrent with State and Territorial courts, except as provided in section 16 with respect to covered class actions, of all suits in equity and actions at law . . . ." Thus, rather than providing for *exclusive* jurisdiction in federal court, §22(a) recognizes that there is concurrent jurisdiction for §11 claims and that that jurisdiction is only limited by section 16 of the Securities Act. Indeed, the penultimate sentence of §22(a) expressly provides that: "Except as provided in §16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Thus, simply reading the statute reveals that removal is governed by §16.

Section 16(c) entitled "Removal of Covered Class Actions," referred to in the above exception, states that "any covered class action brought in any State court involving a covered

---

[3] That is to say nothing of the portions of the brief which simply misstate the law. *Compare* Defendants' Opposition to Plaintiff's Motion to Remand ("Defs' Mem.") at 1:12-14 with §77v.

security, as set forth in subsection (b) [15 U.S.C. §77p(b)], shall be removable to the Federal District court for the district in which the action is pending, and shall be subject to subsection *(b)*." 15 U.S.C. § 77p(c). Subsection (b) cross-referenced in §16(c) above states "no covered class action based on the statutory or common law of ***any State or subdivision thereof may*** be maintained in any State or Federal court." 15 U.S.C. § 77p (b). All of these sections read together, as they must be, allow only one conclusion: complaints that allege any claims based on state law – even if they also include Securities Act claims – are removable and subject to dismissal. Conversely, where, as here, a Securities Act case is properly filed in state court and does not assert claims "based on the statutory or common law of any State," §16 precludes removal and §22(a) ***requires*** that the action proceed in that state court. The statutory provisions themselves compel the conclusion that remand is required here. Thus, when properly read, it is clear that this case – alleging only §11 claims – must be remanded. *E.g*., *Bernd Bildstein*, 2006 U.S. Dist. LEXIS 61401, at *15; *Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Commc'ns Corp*., No. CV 05-2730-RGK(MCx), 2005 U.S. Dist. LEXIS 14202, at *6 (C.D. Cal. June 28, 2005); *Zia v. Medical Staffing Network, Inc*., 336 F. Supp. 2d 1306, 1309 (S.D. Fla. 2004).

### B. SLUSA's Legislative History Displays a Clear Congressional Intent to Make Only State Law Claims Removable, Not Stand-Alone Securities Act Claims

Knowing that the plain language of SLUSA precludes removal here, defendants try to convince the Court that SLUSA really means something different than what it says. In support of this effort, defendants submit a few choice excerpts from SLUSA's legislative history. *See* Declaration of Freda Y. Lugo in Support of Defendants' Opposition to Plaintiff's Motion to Remand to State Court ("Lugo Decl.") at ¶¶1-3 and exhibits A-C thereto. However, SLUSA's legislative history does not aid defendants.

First, "[l]egislative history is irrelevant to the interpretation of an unambiguous statute." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 808 n.3 (1989). SLUSA's limitation of removable claims to those based on state law is unambiguous, and thus defendants' reliance on legislative history is improper.

Second, even if the Court were to consider SLUSA's full legislative history (which defendants failed to provide to the Court, and which plaintiff submits contemporaneously herewith as attachments to the Supplemental Declaration of Darren J. Robbins ("Supp. Robbins Decl.")), that legislative history does not evidence a "clearly contrary congressional intent," in the face of SLUSA's plain language limiting removeability to state law claims, to make stand-alone Securities Act claims removable. *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 884 (9th Cir. 2001). Quite the opposite: SLUSA's legislative history repeatedly emphasizes that the purpose of the statute is to preempt claims based on state law, and nowhere does the legislative history state that stand-alone Securities Act claims are removable.

For example, the May 4, 1998, Report of the Senate Committee on Banking, Housing and Urban Affairs regarding SLUSA states, in the very first sentence:

> The Committee on Banking, Housing and Urban Affairs, to which was referred the bill (S. 1260), to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 ***to limit the conduct of securities class actions under State law***, having considered the same, reports favorably thereon with an amendment in the nature of a substitute, and recommends that the bill as amended do pass.

105 S. Rpt. 182 at 1.[4] The Report continues: "The amendment makes clear the Committee's intention to enact this legislation in order to prevent ***state laws*** from being used to frustrate the operation and goals of the 1995 Reform Act." *Id.* at 2.

In the section setting forth the section-by-section analysis of S. 1260 and its proposed amendments to the Securities Act, the Senate Report explains the intended operation of SLUSA's removal provision:

> Subsection 16(b) provides that no class action ***based on State law*** alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.
>
> Subsection 16(c) provides that ***any class action described in Subsection (b)*** that is brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b).

---

4 A few pages of this report are attached as Ex. A to the Lugo Decl. The full text of the report is attached as Ex. 3 to the Supp. Robbins Decl.

*Id.* at 6. As this explanation makes clear, the removability provision applies solely to claims ***based on state law***.

Other portions of the Senate Report also make clear that the focus of SLUSA is claims based on state law, not stand-alone Securities Act claims. For example, in the section of the Senate Report setting forth the "Additional Views of Senators Sarbanes, Bryan and Johnson," the Report states that "the majority would preempt securities fraud causes of action ***under State law***." *Id.* at 7. This section goes on to state that S. 1260 "would preempt State law securities actions . . . ." *Id.* at 9. This section of the Report continues, observing that S. 1260 "would preempt securities fraud class actions brought under State law. Investors seeking to file class action lawsuits would be forced to file under the Federal securities laws." *Id.* at 12. Nowhere in the Senate Report is there any statement that stand-alone Securities Act claims (which by definition would be filed "under the Federal securities laws") brought in state court would be removable to federal court.

The House of Representatives version of SLUSA included not only the language of S. 1260, but additional housekeeping provisions requiring a report on the consequences of SLUSA and setting appropriations for the Securities and Exchange Commission for fiscal year 1999. *See* July 21, 1998, Report of the House Committee on Commerce, 105 H. Rpt. 640 at 6-7.[5] With respect to the purpose of the legislation, the House Report mirrors the Senate Report, stating in the very first sentence:

> The Committee on Commerce, to whom was referred the bill (H.R. 1689) to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 ***to limit the conduct of securities class actions under State law***, and for other purposes, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

*Id.* at 1. The House Report continues, with regard to the proposed legislation: "it preempts securities fraud class actions brought under State law." *Id.* at 11.

The section of the House Report that sets forth a section-by-section analysis of the legislation is particularly telling, making clear that only state law claims are removable under SLUSA:

---

[5] A few pages of this report are attached as Ex. C to the Lugo Decl. The full text of the report is attached as Ex. 4 to the Supp. Robbins Decl.

> Subsection 16(b) provides that no class action ***based on State law*** alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.
>
> Subsection 16(c) provides that any class action described in subsection (b) that is brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b). ***This provision is designed to prevent a State court from inadvertently, improperly, or otherwise maintaining jurisdiction over an action that is preempted pursuant to subsection (b)***.

*Id.* at 14.

In their Opposition, defendants attempt to argue that Securities Act claims must be removable because they claim it would create the "bizarre" result that the federal court could not hear a federal claim. Defs' Mem. at 15. But that was not the purpose for removal. Defendants' argument ignores, and is completely contradicted by, the foregoing statement in the House Report, which makes clear that the purpose of subsection (c)'s separate removability provision is to ensure state court compliance with SLUSA (not to render stand-alone Securities Act claims removable). Finally, as with the Senate Report, nowhere in the House Report is there any statement that stand-alone Securities Act claims brought in state court are removable to federal court.

The October 9, 1998, Report of the Committee of Conference also underscores that SLUSA is designed "to limit the conduct of securities class actions under State law . . . ." 105 H. Rpt. 803 at 1; *see* Lugo Decl., Ex. B, at 11, 12. Indeed, the House Committee Report submitted by defendants acknowledges that the Bill was designed to "limit the conduct of securities class actions under State law. . . ." Lugo Decl., Ex. C. As with the Senate and House Reports, nowhere in the Report of the Committee of Conference is there any statement that stand-alone Securities Act claims brought in state court are removable to federal court.

In sum, the legislative history of SLUSA does not, in the face of a statute which renders state law claims removable, evidence a "clearly contrary congressional intent" to also make stand-alone Securities Act claims removable. *Carson Harbor Vill.*, 270 F.3d at 884.

This same conclusion was reached by Chief Judge Barbadoro of the District of New Hampshire, in *In re Tyco Int'l, Ltd., Multidistrict Litig.*, 322 F. Supp. 2d 116 (D.N.H. 2004). Judge Barbadoro addressed the removal to federal court of cases involving solely Securities Act claims in a

situation where Securities Act claims had also been properly brought in federal court as well, holding:

> SLUSA's operative language reveals that the specific problem that it was crafted to address was the use of ***state law causes of action*** to thwart the PSLRA rather than the use of Securities Act claims for this purpose. Moreover, while defendants cite numerous statements from SLUSA's legislative history, ***they have failed to identify a single reference that explicitly states that SLUSA was intended to permit the removal of cases that are based exclusively on the Securities Act***. Instead, SLUSA's legislative history supports the view that Congress attempted to prevent plaintiffs from circumventing the PSLRA by "enacting national standards for securities class action lawsuits involving nationally traded securities," rather than by making federal courts the exclusive forum for Securities Act class actions alleging fraud. Accordingly, even if defendants had offered a plausible interpretation of §77p(c), I would have rejected their interpretation because it is not sufficiently supported by SLUSA's legislative history.

*Id.* at 121. The Court here should reach a similar conclusion and remand plaintiff's action to state court.

### C. Defendants' Remaining Arguments Are Without Merit

In opposing remand, defendants make a smattering of other arguments, none of which is meritorious under the plain meaning of SLUSA, its legislative history, and the holdings of the majority of courts to have addressed these issues.[6] For example, defendants argue that, with respect to the clause in §77p(c) that states "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," the phrase "as set forth in subsection (b)" should be read as modifying only "covered security" rather than the whole clause. *See* Defs' Mem. at 12:19-13:9. Defendants' suggested (mis)reading of this clause violates one of the basic principles of statutory construction, to wit: "[e]vidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma." 2A Norman J. Singer, Statutes and Statutory Construction §47:33 at 373 (6th ed. 2000). Relying on this principle, Chief Judge Barbadoro also

---

[6] In their Opposition, defendants rely on *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003) and *Purowitz v. DreamWorks Animation SKG*, No. CV 05-60980, slip op. (C.D. Cal. 2005), Lugo Decl., Ex. D, and the other minority cases without effectively refuting plaintiff's attacks in its opening brief on the reasoning and holdings of those cases. Defendants also unsuccessfully try to distinguish or minimize the majority cases (and their analysis), which comport with the plain meaning and intent of SLUSA.

rejected the exact argument when it was made by the defendants in *Tyco*. Judge Barbadoro reasoned:

> Any real doubt about the meaning of §77p(c) is dispelled by the way in which it is punctuated. If Congress had intended "as set forth in subsection (b)" to modify "involving a covered security," one would expect to see commas setting off the phrase "involving a covered security as set forth in subsection (b)" from the rest of the sentence. Instead, the drafters of §77p(c) placed the comma between "involving a covered security" and "as set forth in subsection (b)." The only purpose that this choice serves is to preclude defendants' interpretation by signaling that "as set forth in subsection (b)" should modify "covered class action" rather than "covered security." Thus, this case is governed by the exception to the rule of the last antecedent which applies when a comma is placed between the last antecedent and the qualifying phrase.

322 F. Supp. 2d at 119-120. Based on the same reasoning, the Court should reject defendants' identical argument here.

Relying on dicta in *Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020 (9th Cir. 2002) and *Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002), defendants also argue that SLUSA should be interpreted broadly to effectuate its purpose. Even if that were true, it does not aid defendants here. As demonstrated above, the "purpose" of SLUSA (as pertinent to this motion) is to make certain state law claims removable – and dismissible – by federal courts, so *Patenaude* and *Falkowski* are inapposite. Indeed, neither *Patenaude* nor *Falkowski* involved Securities Act claims or whether SLUSA applied to stand-alone Securities Act claims. Instead, ***both cases involved state law causes of action*** and a determination as to whether those causes of action involved a covered security or a purchase or sale thereof.[7] Furthermore, despite defendants' attempts to twist them into a holding they simply did not reach (*see* Defs' Mem. at 6-7), neither *Patenaude* nor *Falkowski* rejected or even addressed the long-standing Ninth Circuit rule rejecting jurisdiction "if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[7] *Patenaude* actually supports remand here. It states, "SLUSA provides for the removal and dismissal of class actions brought ***pursuant to state law*** alleging misrepresentations in connection with the purchase or sale of a covered security." 290 F.3d at 1023-24. It further states: "When it became evident that class actions plaintiffs were avoiding PSLRA's requirements by filing class action suits in state courts ***under state statutory or common law theories***, Congress enacted SLUSA to foreclose this alternative." *Id.* at 1025.

Defendants' only other argument is essentially a throw-away argument intimating that plaintiff has somehow engaged in improper "artful pleading" by asserting a stand-alone Securities Act claim. Of course, the "well-pleaded complaint" rule governs removal of cases from state court to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). For nearly one hundred years, the United States Supreme Court has repeatedly noted that a plaintiff is "master of the complaint," and therefore can choose from proper remedies for any alleged wrong. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396 (1987). In reaffirming state court jurisdiction over 1933 Act claims, Congress had made clear that plaintiffs may continue to choose their forum – even in securities cases.

### D. Lead Plaintiff's Opposition to Plaintiff's Motion to Remand Should Likewise Be Rejected

The Lead Plaintiff has objected to plaintiff's motion for remand on the same grounds as defendants. *Compare* Lead Plaintiff's Opposition at 2-3 *with* Defendants' Opposition at 1, 15-16. While it is not at all clear that she has standing to make such an objection since she suffers no injury in fact by a remand, her arguments are identical, albeit less elaborate, than defendants' and should be rejected for the same reasons.

## III. CONCLUSION

Accordingly, for the foregoing reasons and those set forth in plaintiff's opening memorandum, the Court should apply the plain language of SLUSA and remand this action to state court.

DATED: March 25, 2008                           Respectfully submitted,

                                                              COUGHLIN STOIA GELLER
                                                                 RUDMAN & ROBBINS LLP
                                                              DARREN J. ROBBINS
                                                              RAMZI ABADOU


                                                                  s/ Darren J. Robbins
                                                                 DARREN J. ROBBINS

                                                               655 West Broadway, Suite 1900
                                                               San Diego, CA 92101-3301
                                                               Telephone: 619/231-1058
                                                               619/231-7423 (fax)

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
SYLVIA SUM
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiff

T:\CasesSF\BigBand State_Fed\BRF00050143.doc

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR
REMAND TO STATE COURT - 07-cv-05101-SBA                    - 10 -

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 25, 2008.

s/ Darren J. Robbins
DARREN J. ROBBINS

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:darrenj@csgrr.com

# Mailing Information for a Case 4:07-cv-05101-SBA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Keith E. Eggleton**
  keggleton@wsgr.com
- **Michael M. Goldberg**
  info@glancylaw.com
- **Lewis S. Kahn**
  lewis.kahn@kgscounsel.com
- **Lewis Stephen Kahn**
  lewis.kahn@kglg.com
- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com
- **Jeffrey W. Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com,GDarwish@csgrr.com
- **Freeda Yllana Lugo**
  flugo@wsgr.com,jjohnstone@wsgr.com
- **Joni L. Ostler**
  jostler@wsgr.com,rstrickland@wsgr.com,pbaird@wsgr.com,flugo@wsgr.com,keggleton@wsgr.com
- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com
- **Rodney Grant Strickland , Jr**
  rstrickland@wsgr.com
- **Michael Carl Tu**
  mtu@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**James P. Cusick**
Orrick Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103-001