1  KEITH E. EGGLETON, State Bar No. 159842
   RODNEY G. STRICKLAND, State Bar No. 161934
2  JONI OSTLER, State Bar No. 230009
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile:  (650) 565-5100
   Email: keggleton@wsgr.com,
6  Email: rstrickland@wsgr.com,
   Email: jostler@wsgr.com,
7
   Attorneys for Defendants BigBand Networks, Inc.,
8  Amir Bassan-Eskenazi, Ran Oz, Frederick A. Ball,
   Gal Israely, Dean Gilbert, Kenneth E. Goldman,
9  Lloyd Carney, Bruce I. Sachs, Robert J. Sachs,
   and Geoffrey Y. Yang

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14  In re BIGBAND NETWORKS, INC.           )   Master File No. 07-cv-05101-SBA
    SECURITIES LITIGATION                  )
15                                         )   CLASS ACTION
                                           )
16  ─────────────────────────────────────  )   JOINT CASE MANAGEMENT
                                           )   STATEMENT
17  This Document Relates to:              )
                                           )   DATE:   April 10, 2008
18       ALL ACTIONS.                      )   TIME:   2:45 p.m.
                                           )   JUDGE:  Hon. Saundra Brown Armstrong
19  ─────────────────────────────────────  )

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 07-CV-05101-SBA

1   Lead Plaintiff Gwyn Jones ("Lead Plaintiff"), and defendants BigBand Networks, Inc. ("BigBand"), Amir Bassan-Eskenazi, Frederick Ball, Ran Oz, Lloyd Carney, Dean Gilbert, Kenneth Goldman, Gal Israely, Bruce Sachs, Robert Sachs, Geoffrey Yang, Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC, and ThinkEquity Partners LLC (collectively, "Defendants"), respectfully submit this Joint Case Management Statement for the Case Management Conference ("CMC") scheduled for April 10, 2008.

## PROCEDURAL HISTORY AND STATUS

This is a consolidated securities class action lawsuit against BigBand Networks, Inc., certain of its present and former officers and directors, and the underwriters of its initial public offering. This action began with the filing of many substantially similar class action complaints in the Northern District of California between October 3, 2007 and November 16, 2007. The actions alleged that Defendants violated federal securities laws by issuing allegedly false and misleading statements in connection with defendant BigBand's March 2007 initial public offering ("IPO"). The actions alleged violations of both the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

On December 3, 2007, two competing lead plaintiff motions were filed pursuant to the applicable provisions of the Private Securities Litigation Reform Act of 1995 ("Reform Act") [Docket Nos. 12, 15]. By order dated February 14, 2008, the Court consolidated the eight substantially similar class actions then pending in the Northern District of California [Docket Nos. 52, 54]. The Court appointed Gwyn Jones to serve as lead plaintiff, and approved his selection of Hagens Berman Sobol Shapiro LLP and Kahn Gauthier Swick, LLC as co-lead counsel [Docket No. 52].

Separately, on December 3, 2007, plaintiff James Wiltjer ("Wiltjer") filed a securities class action in the California state court, also alleging violations of the Securities Act based on the same underlying facts alleged in the other putative class actions that were filed in and consolidated by this Court. On January 2, 2008, the Defendants removed Wiltjer's action to the Northern District of California. *See Wiltjer v. BigBand Networks, Inc., et al.*, Case No. 4:08-cv-

1  00022-SBA, Docket No. 1. Wiltjer's action has been reassigned to this Court and consolidated
2  along with the other similar class actions [Docket Nos. 52, 53, 54]. On February 19, 2008,
3  Wiltjer filed a Motion to Remand, and noticed it for hearing before this Court [Docket No. 55].
4  Lead Plaintiff and Defendants opposed the motion on March 18, 2008 [Docket Nos. 62, 64, 66].
5  The motion is scheduled for hearing on April 8, 2008 at 1:00 p.m.

6        The Lead Plaintiff has not yet filed a consolidated complaint. The Stipulation and Order
7  Regarding Consolidation and Scheduling, entered by the Court on February 14, 2008 [Docket
8  No. 54], provides that the parties shall meet and confer regarding a mutually acceptable schedule
9  for the filing of a consolidated complaint and for briefing and hearing of responses thereto. The
10 parties have met and conferred and agreed to the following schedule:

- Lead Plaintiff shall file the consolidated and amended complaint on or before May 26, 2008 (45 days from the date of the CMC);
- Defendants' motion(s) to dismiss shall be filed 60 days from the date the consolidated complaint is filed;
- Lead Plaintiff's opposition to the motion(s) to dismiss shall be due 45 days after filing of the motion(s) to dismiss; and
- Defendants' reply shall be due 30 days after filing of the opposition.

18     Concurrent with this Case Management Statement, the parties are filing a separate
19 Stipulation and [Proposed] Order Regarding Schedule setting forth the above schedule for the
20 Court's approval.

21 **CASE MANAGEMENT STATEMENT**

22     In accordance with the Standing Order for All Judges of the Northern District of
23 California, the parties submit the following:

24     1.    <u>Jurisdiction and Service</u>. Service or waivers of service have been effectuated as
25 to all defendants in this case. At this time, there are no factual issues as to personal jurisdiction
26 that remain unresolved. As mentioned above, Wiltjer has filed a motion to remand the *Wiltjer*
27 matter to the Superior Court for the State of California, County of San Francisco [Docket No.
28 55]. Defendants and Lead Plaintiff have opposed that motion [Docket Nos. 62, 64, 66].

2. <u>Facts</u>.  The current complaints allege that the Defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act and/or Sections 10(b) and 20(a) of the Exchange Act by selling or assisting in the sale of securities pursuant to a false and misleading registration statement and prospectus in connection with BigBand's IPO, and/or by making false or misleading statements or omissions to investors after the IPO.

3. <u>Legal Issues</u>.  The parties do not yet have a complete picture of the legal issues presented; the parties believe, however, that the legal issues will include (but will not necessarily be limited to) the following:

 a. Whether any defendant violated § 10(b) and/or § 20(a) of the Exchange Act;

 b. Whether any defendant violated § 11, § 12(a)(2) and/or § 15 of the Securities Act;

 c. Whether BigBand's IPO registration statement and prospectus contained materially false or misleading statements, and whether any defendant made other materially false or misleading statements to investors during the Class Period;

 d. Whether the challenged statements are actionable;

 e. Whether Lead Plaintiff has adequately pleaded its claims in conformance with the requirements of the Reform Act;

 f. Whether defendants knew or recklessly disregarded that their statements were false and/or materially misleading;

 g. Whether the allegedly false or misleading statements caused the plaintiff to suffer monetary damages, and the proper measure thereof;

 h. Whether the individual defendants and underwriter defendants can establish the affirmative defense of due diligence, *i.e.*, that they conducted a reasonable investigation and had reasonable grounds to believe that BigBand's IPO registration statement was accurate and did not omit any facts that were required to be stated; and

 i. Whether this action can properly be maintained as a class action.

4. <u>Motions</u>.  As mentioned above, a motion to remand the *Wiltjer* matter is pending. In the event remand is granted, the parties anticipate further motion practice regarding the

appropriateness of a stay of proceedings in the state court.  The Defendants also anticipate that they will file motion(s) to dismiss once the consolidated complaint is filed.

5. <u>Amendment of Pleadings</u>.  As stated above, the parties have agreed, subject to the Court's approval, that Lead Plaintiff shall file his consolidated complaint on or before May 26, 2008 (45 days from the CMC).

6. <u>Evidence Preservation</u>.  The Defendants believe they have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.  Defendants' steps include preserving back up tapes, electronic mail and other electronic data.  Lead Plaintiff has been instructed to save all documents relating to his claims.  Lead Plaintiff has agreed to preserve all information related to this case, no matter how it is recorded, including not only "paper" records, but any email or other types of computer data that are stored on hard drives, CDs, DVDs, floppy disks or the like.  Lead Plaintiff has also agreed to preserve documents that someone else is keeping for Lead Plaintiff.

7. <u>Disclosures & Discovery</u>.  The discovery stay provisions of the Reform Act are applicable here.  Thus, all initial disclosures and discovery are stayed pending a determination of the sufficiency of the complaint.  Once a consolidated complaint is filed, the Defendants intend to challenge the sufficiency of the allegations with a motion to dismiss.

8. <u>Class Action</u>:  The parties anticipate that Lead Plaintiff will file a motion to certify the class after Defendants' motion(s) to dismiss are decided.  Defendants may oppose that motion in whole or in part.

9. <u>Related Cases</u>.  All similar class actions pending in the Northern District of California have now been consolidated before this Court.  A shareholder derivative action titled *Ifrah v. Bassan-Eskenazi, et al.*, Case No. 468401, is pending in the Superior Court for the County of San Mateo.  This shareholder derivative matter has been stayed until July 22, 2008.

10. <u>Relief Sought</u>.  The complaints in the now-consolidated actions seek unspecified money damages.

11. <u>Settlement and ADR</u>.  The parties believe that it is premature to engage in settlement discussions and/or ADR at this time.  The parties also believe that this case is not

suited for the Court's Multi-Option ADR Program. As noted in A.D.R. L.R. 3-5(e)(3), the ADR process will not deliver benefits to the parties sufficient to justify the resources consumed by its use. The parties believe that, in the event they engage in settlement discussions, private mediation will be the appropriate mechanism.

12. <u>Consent to Magistrate Judge For All Purposes</u>. The parties do not consent to have a magistrate judge conduct all further proceedings.

13. <u>Other References</u>. The parties do not believe this case is suitable for reference to binding arbitration or a special master at this time.

14. <u>Narrowing of Issues / Expedited Schedule / Trial</u>. The parties believe it is premature to address these issues at this time.

15. <u>Scheduling</u>. The parties have agreed to, and propose for the Court's approval, the following schedule for filing the consolidated complaint and briefing defendants' anticipated motion(s) to dismiss:

   a. Lead Plaintiff shall file his consolidated complaint on or before May 26, 2008 (45 days from the CMC);
   b. Defendants' motion(s) to dismiss shall be filed 60 days from the date the consolidated complaint is filed;
   c. Lead Plaintiff's opposition to the motion(s) to dismiss shall be due 45 days after filing of the motion(s) to dismiss; and
   d. Defendants' reply shall be due 30 days after filing of the opposition.

16. <u>Disclosure of Non-party Interested Entities or Persons</u>: All Defendants have filed their disclosures [Docket Nos. 10, 26]. Defendant BigBand Networks, Inc. does not have a corporate parent; and no public company owns 10% or more of BigBand stock. Other than the named parties, the BigBand Defendants believe there is no interest to report under Civil L.R. 3-16.

Morgan Stanley & Co. Incorporated has a parent corporation and is a wholly-owned subsidiary of Morgan Stanley. Merrill Lynch, Pierce, Fenner & Smith Incorporated has a parent corporation and is a wholly-owned subsidiary of Merrill Lynch & Co., Inc. Jefferies & Company,

1  Inc. has a parent corporation and is a wholly-owned subsidiary of Jefferies Group, Inc. Cowen
2  and Company, LLC (erroneously sued as Cowen & Co., Inc.) is a wholly-owned subsidiary of
3  Cowen Group, Inc., which is publicly traded on NASDAQ at "COWN" and no corporation holds
4  10% or more of the stock of Cowen Group, Inc. ThinkEquity Partners LLC has a parent
5  corporation and is a wholly-owned subsidiary of Panmure Gordon & Co. As of this date, other
6  than the named parties and disclosed entities, there is no entity or party with an interest that could
7  be substantially affected by the outcome of the proceeding.

Pursuant to Civil L.R. 3-16, Lead Plaintiff certifies that, as of this date, other than the parties and absent class members, Lead Plaintiff knows of no other entity or party that could be substantially affected by the outcome of this proceeding.

*     *     *

Dated: March 27, 2008                    WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation

                                         By: /s/ Keith E. Eggleton
                                             Keith E. Eggleton
                                         Rodney G. Strickland, Jr.
                                         Joni Ostler
                                         650 Page Mill Road
                                         Palo Alto, CA 94304-1050
                                         Telephone: (650) 493-9300
                                         Facsimile:  (650) 565-5100

                                         *Counsel for Defendants BigBand Networks, Inc., Amir Bassan-Eskenazi, Ran Oz, Frederick A. Ball, Gal Israely, Dean Gilbert, Kenneth E. Goldman, Lloyd Carney, Bruce I. Sachs, Robert J. Sachs, and Geoffrey Y. Yang*

Dated: March 27, 2008                    ORRICK HERRINGTON & SUTCLIFFE LLP

                                         By: /s/ Michael C. Tu
                                             Michael C. Tu
                                         Teodora E. Manolova
                                         777 South Figueroa Street
                                         Suite 3200
                                         Los Angeles, CA  90017-5855
                                         Tel.: (213) 629-2020
                                         Fax: (213) 612-2499
                                         Email: mtu@orrick.com

                                         (counsel continued on next page . . .)

/ / /

| | |
|---|---|
| 1 | James P. Cusick |
| 2 | Robert P. Varian<br>ORRICK HERRINGTON & SUTCLIFFE LLP |
| 3 | 405 Howard Street<br>San Francisco, CA 94105-2669 |
| 4 | Tel.: (415) 773-5934<br>Fax: (415) 773-5759 |
| 5 | Email: rvarian@orrick.com |

*Counsel for Defendants Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC and ThinkEquity Partners LLC*

Dated: March 27, 2008        HAGENS BERMAN SOBOL SHAPIRO LLP

By:     /s/ Reed R. Kathrein
           Reed R. Kathrein
Peter E. Borkon
715 Hearst Avenue, Suite 2092
Berkeley, CA 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
Email: reed@hbsslaw.com
Email: peterb@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

*Co-Lead Counsel for Lead Plaintiff*

Dated: March 27, 2008        KAHN GAUTHIER SWICK, LLC

By:   /s/ Lewis Kahn
         Lewis Kahn
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel.: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@kgscounsel.com

*Co-Lead Counsel for Lead Plaintiff*

**ATTESTATION**

I, Joni Ostler, am the ECF user whose identification and password are being used to file the **JOINT CASE MANAGEMENT STATEMENT**.  In compliance with General Order 45.X.B, I hereby attest that Keith E. Eggleton, Michael C. Tu, Reed R. Kathrein and Lewis Kahn have all concurred in this filing.

Dated:  March 27, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:      /s/ Joni Ostler
             Joni Ostler