THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION <br> ——————————————————— <br> This Documents Relates Only to: <br> Case No. 08-00022 SBA <br> ——————————————————— | Master File No. 07-05101 SBA <br> **ORDER** <br> [Docket No. 58] |

The Court's order, filed June 17, 2008 [Docket No. 83], is hereby VACATED.

Currently before the Court is Plaintiff Wiltjer's Motion to Remand [Docket No. 58]. Having fully considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing pursuant to Rule 78(b).

The Court ORDERS as follows: 1) Plaintiff Wiltjer's Motion to Remand is GRANTED; and 2) Case No. 08-00022 SBA is REMANDED to the Superior Court for the County of San Francisco.

In connection with its motion to remand, Wiltjer requests that this court award its attorney's fees and costs. Wiltjer argues that defendants had no reasonable basis for removal and that clearly established federal law unequivocally prohibited removal under the circumstances of this case.

This Court recognizes its authority to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (U.S. 2005), the Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* While this Court finds that SLUSA's language regarding removal of actions is unambiguous, this Court also notes that federal district courts are split over this very question. Defendants have cited a number of holdings, including one from a district court in

this Circuit, in support of their interpretation of SLUSA's removability provisions.  The existence of such case law, while admittedly at odds with the holding of this Court, nonetheless constitutes a "reasonable basis for removal."  Accordingly, Wiltjer's request for an award of attorney's fees and expenses is DENIED.

     IT IS SO ORDERED.

Dated: 6/18/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

2