KEITH E. EGGLETON, State Bar No. 159842
RODNEY G. STRICKLAND, State Bar No. 161934
JONI OSTLER, State Bar No. 230009
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: keggleton@wsgr.com,
Email: rstrickland@wsgr.com,
Email: jostler@wsgr.com,

Attorneys for Defendants BigBand Networks, Inc.,
Amir Bassan-Eskenazi, Ran Oz, Frederick A. Ball,
Gal Israely, Dean Gilbert, Kenneth E. Goldman,
Lloyd Carney, Bruce I. Sachs, Robert J. Sachs,
and Geoffrey Y. Yang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION | Master File No. 07-cv-05101-SBA |
| | <u>CLASS ACTION</u> |
| | JOINT CASE MANAGEMENT STATEMENT |
| This Document Relates to: | |
| ALL ACTIONS. | DATE:   July 17, 2008<br>TIME:    3:15 p.m.<br>JUDGE:  Hon. Saundra Brown Armstrong |

Lead Plaintiff Gwyn Jones ("Lead Plaintiff"), and defendants BigBand Networks, Inc. ("BigBand"), Amir Bassan-Eskenazi, Frederick Ball, Ran Oz, Lloyd Carney, Dean Gilbert, Kenneth Goldman, Gal Israely, Bruce Sachs, Robert Sachs, Geoffrey Yang, Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC, and ThinkPanmure, LLC, formerly known as ThinkEquity Partners LLC (collectively, "Defendants"), respectfully submit this Joint Case Management Statement for the Case Management Conference ("CMC") scheduled for July 17, 2008.

## UPDATE TO PROCEDURAL STATUS

On May 30, 2008, the Lead Plaintiff filed his Consolidated Class Action Complaint for Violation of Securities Laws ("Consolidated Complaint") [Docket No. 82]. In accordance with the parties' Stipulation and [Proposed] Order re Schedule filed on March 27, 2008 [Docket No. 72], Defendants' motion(s) to dismiss shall be filed no later than 60 days from May 30, 2008, *i.e.*, July 29, 2008. Lead Plaintiff's opposition to the motion(s) to dismiss shall be due 45 days after filing of the motion(s) to dismiss; and Defendants' reply shall be due 30 days after filing of the opposition.

On June 18, 2008, the Court ordered that the putative class action titled *Wiltjer v. BigBand Networks, Inc., et al.*, Case No. 08-00022, be remanded to Superior Court of the County of San Francisco [Docket No. 85].

## UPDATE TO CASE MANAGEMENT STATEMENT

In accordance with the Standing Order for All Judges of the Northern District of California, the parties submit the following:

1. <u>Jurisdiction and Service</u>. Service or waivers of service have been effectuated as to all defendants in this case. At this time, there are no factual issues as to personal jurisdiction that remain unresolved.

2. <u>Facts/Substance of the Action</u>. The Consolidated Complaint alleges that the Defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act by selling or assisting in the sale of securities pursuant to a materially untrue and misleading registration statement and prospectus in connection with BigBand's IPO.

1     3.    <u>Legal Issues</u>. The parties do not yet have a complete picture of the legal issues presented; the parties believe, however, that the legal issues will include (but will not necessarily be limited to) the following:

    a.    Whether any defendant violated § 11, § 12(a)(2) and/or § 15 of the Securities Act;

    b.    Whether BigBand's IPO registration statement and prospectus contained materially untrue or misleading statements;

    c.    Whether the challenged statements are actionable;

    d.    Whether Lead Plaintiff has adequately pleaded its claims;

    e.    Whether the allegedly materially untrue or misleading statements caused the plaintiff to suffer monetary damages, and the proper measure thereof;

    f.    Whether the individual defendants and underwriter defendants can establish the affirmative defense of due diligence, *i.e.*, that they conducted a reasonable investigation and had reasonable grounds to believe that BigBand's IPO registration statement was accurate and did not omit any facts that were required to be stated; and

    g.    Whether this action can properly be maintained as a class action.

    4.    <u>Motions</u>. The Defendants intend to file, in the Superior Court of the County of San Francisco, a motion to stay the *Wiltjer v. BigBand Networks, Inc. et al.* action. Lead Plaintiff also anticipates filing a motion before the Court seeking to stay the *Wiltjer v. BigBand Networks, Inc. et al.* case. The Defendants intend to file motion(s) to dismiss the Consolidated Complaint.

    5.    <u>Amendment of Pleadings</u>. The Lead Plaintiff filed his Consolidated Complaint on May 30, 2008. No further amendment of the pleadings is anticipated at this time.

    6.    <u>Evidence Preservation</u>. Lead Plaintiff has requested that Defendants take, and Defendants believe that they have taken, reasonable steps to comply with their document preservation requirements under the law. Defendants' steps include preserving back up tapes, electronic mail and other electronic data. Lead Plaintiff has been instructed to save all documents relating to his claims. Lead Plaintiff has agreed to preserve all information related to

1  this case, no matter how it is recorded, including not only "paper" records, but any email or other
2  types of computer data that are stored on hard drives, CDs, DVDs, floppy disks or the like. Lead
3  Plaintiff has also agreed to preserve documents that someone else is keeping for Lead Plaintiff.

4      7.    <u>Disclosures & Discovery</u>. The Private Securities Litigation Reform Act of 1995
5  ("PSLRA") provides for an automatic stay of "all discovery and other proceedings during the
6  pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that
7  particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that
8  party." 15 U.S.C. § 77z-1(b)(1). Thus, the parties agree that discovery, including initial
9  disclosures, will be stayed pending ruling on the motions to dismiss.

10      8.    <u>Class Action</u>: The parties anticipate that Lead Plaintiff will file a motion to
11  certify the class after Defendants' motion(s) to dismiss are decided. Defendants may oppose that
12  motion in whole or in part.

13      9.    <u>Related Cases</u>. All similar class actions pending in the Northern District of
14  California have now been consolidated before this Court. A shareholder derivative action titled
15  *Ifrah v. Bassan-Eskenazi, et al.*, Case No. 468401, is pending in the Superior Court for the
16  County of San Mateo. This shareholder derivative matter has been stayed until July 22, 2008.
17  The putative class action titled *Wiltjer v. BigBand Networks, Inc., et al.*, is now pending in the
18  Superior Court of the County of San Francisco, Case Number CGC-07-469661.

19      10.    <u>Relief Sought</u>. The Consolidated Complaint seeks unspecified money damages
20  on behalf of the Lead Plaintiff and the members of the putative class, and an order giving the
21  Lead Plaintiff and the members of the putative class the right to rescind their purchases of
22  BigBand shares.

23      11.    <u>Settlement and ADR</u>. The parties believe that it is premature to engage in
24  settlement discussions and/or ADR at this time. The parties also believe that this case is not
25  suited for the Court's Multi-Option ADR Program. As noted in A.D.R. L.R. 3-5(e)(3), the ADR
26  process will not deliver benefits to the parties sufficient to justify the resources consumed by its
27  use. The parties believe that, in the event they engage in settlement discussions, private
28  mediation will be the appropriate mechanism.

12. <u>Consent to Magistrate Judge For All Purposes</u>.  The parties do not consent to have a magistrate judge conduct all further proceedings.

13. <u>Other References</u>.  The parties do not believe this case is suitable for reference to binding arbitration or a special master at this time.

14. <u>Narrowing of Issues / Expedited Schedule / Trial</u>.  The parties believe it is premature to address these issues at this time.

15. <u>Scheduling</u>.  Pursuant to the parties' Stipulation and [Proposed] Order re Schedule filed on March 27, 2008 [Docket No. 72], Defendants' motion(s) to dismiss shall be filed no later than 60 days from May 30, 2008, *i.e.*, July 29, 2008.  Lead Plaintiff's opposition to the motion(s) to dismiss shall be due 45 days after filing of the motion(s) to dismiss; and Defendants' reply shall be due 30 days after filing of the opposition.

16. <u>Cut-Off Dates</u>.  PSLRA provides for an automatic stay of "all discovery and other proceedings during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 77z-1(b)(1).  Defendants anticipate filing motion(s) to dismiss the Consolidated Complaint.

17. <u>Disclosure of Non-party Interested Entities or Persons</u>:  All Defendants have filed their disclosures [Docket Nos. 10, 26].  Defendant BigBand Networks, Inc. does not have a corporate parent; and no public company owns 10% or more of BigBand stock.  Other than the named parties, the BigBand Defendants believe there is no interest to report under Civil L.R. 3-16.

Morgan Stanley & Co. Incorporated has a parent corporation and is a wholly-owned subsidiary of Morgan Stanley.  Merrill Lynch, Pierce, Fenner & Smith Incorporated has a parent corporation and is a wholly-owned subsidiary of Merrill Lynch & Co., Inc.  Jefferies & Company, Inc. has a parent corporation and is a wholly-owned subsidiary of Jefferies Group, Inc.  Cowen and Company, LLC (erroneously sued as Cowen & Co., Inc.) is a wholly-owned subsidiary of Cowen Group, Inc., which is publicly traded on NASDAQ at "COWN" and no corporation holds 10% or more of the stock of Cowen Group, Inc.  ThinkPanmure, LLC, formerly known as

1  ThinkEquity Partners LLC, has a parent corporation and is a wholly-owned subsidiary of
2  ThinkPanmure Holdings, LLC. As of this date, other than the named parties and disclosed
3  entities, there is no entity or party with an interest that could be substantially affected by the
4  outcome of the proceeding.
5     Pursuant to Civil L.R. 3-16, Lead Plaintiff certifies that, as of this date, other than the
6  parties and absent class members, Lead Plaintiff knows of no other entity or party that could be
7  substantially affected by the outcome of this proceeding.
8                              *     *     *

9  Dated: July 7, 2008              WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation
10
                                    By: /s/ Keith E. Eggleton
11                                      Keith E. Eggleton
                                    Rodney G. Strickland, Jr.
12                                  Joni Ostler
                                    650 Page Mill Road
13                                  Palo Alto, CA 94304-1050
                                    Telephone: (650) 493-9300
14                                  Facsimile:  (650) 565-5100

15                                  *Counsel for Defendants BigBand Networks, Inc., Amir
                                    Bassan-Eskenazi, Ran Oz, Frederick A. Ball, Gal Israely,*
16                                  *Dean Gilbert, Kenneth E. Goldman, Lloyd Carney, Bruce
                                    I. Sachs, Robert J. Sachs, and Geoffrey Y. Yang*

17
    Dated: July 7, 2008             ORRICK HERRINGTON & SUTCLIFFE LLP
18
                                    By: /s/ Michael C. Tu
19                                      Michael C. Tu
                                    Teodora E. Manolova
20                                  777 South Figueroa Street
                                    Suite 3200
21                                  Los Angeles, CA  90017-5855
                                    Tel.: (213) 629-2020
22                                  Fax: (213) 612-2499
                                    Email: mtu@orrick.com
23

24                                  Continued on next page . . .

25

26

27

28  / / /

JOINT CASE MANAGEMENT STATEMENT            -5-
CASE NO. 07-CV-05101-SBA

James P. Cusick
Robert P. Varian
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel.: (415) 773-5934
Fax: (415) 773-5759
Email: rvarian@orrick.com

*Counsel for Defendants Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC and ThinkPanmure, LLC, formerly known as ThinkEquity Partners LLC*

Dated: July 7, 2008        HAGENS BERMAN SOBOL SHAPIRO LLP

By:      /s/ Reed R. Kathrein
         Reed R. Kathrein
Peter E. Borkon
715 Hearst Avenue, Suite 2092
Berkeley, CA 94710
Tel.: (510) 725-3000
Fax: (510) 725-3001
Email: reed@hbsslaw.com
Email: peterb@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

*Co-Lead Counsel for Lead Plaintiff*

Dated: July 7, 2008        KAHN GAUTHIER SWICK, LLC

By:   /s/ Kim Miller
      Kim Miller
Lewis Kahn
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel.: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@kgscounsel.com

*Co-Lead Counsel for Lead Plaintiff*

# ATTESTATION

I, Joni Ostler, am the ECF user whose identification and password are being used to file the **JOINT CASE MANAGEMENT STATEMENT**. In compliance with General Order 45.X.B, I hereby attest that Keith E. Eggleton, Michael C. Tu, Reed R. Kathrein and Kim Miller have all concurred in this filing.

Dated: July 7, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Joni Ostler
            Joni Ostler