KEITH E. EGGLETON, State Bar No.159842
RODNEY G. STRICKLAND, State Bar No. 161934
JONI L. OSTLER, State Bar No. 230009
L. DAVID NEFOUSE, State Bar No. 243417
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: keggleton@wsgr.com
Email: rstrickland@wsgr.com
Email: jostler@wsgr.com
Email: dnefouse@wsgr.com

Attorneys for Defendants
BIGBAND NETWORKS, INC., AMIR BASSAN-ESKENAZI, FREDERICK A. BALL, RAN OZ, LLOYD CARNEY, DEAN GILBERT, KENNETH A. GOLDMAN, GAL ISRAELY, BRUCE I. SACHS, ROBERT J. SACHS and GEOFFREY Y. YANG

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION | Master File No. 07-cv-05101-SBA<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS. | **THE BIGBAND DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>DATE: December 9, 2008<br>TIME: 1:00 p.m.<br>COURTROOM: 3<br>JUDGE: Hon. Saundra B. Armstrong |

Defendants BigBand Networks, Inc. ("BigBand"), Amir Bassan-Eskenazi, Frederick A. Ball, Ran Oz, Lloyd Carney, Dean Gilbert, Kenneth A. Goldman, Gal Israely, Bruce I. Sachs, Robert J. Sachs and Geoffrey Y. Yang (collectively, the "BigBand Defendants"), respectfully request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents submitted as exhibits to the Declaration of Joni Ostler ("Ostler Decl.") in Support of the BigBand Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint ("Complaint"), filed concurrently herewith.  Judicial notice of these documents is appropriate for the reasons set forth below.

### A.    Documents Referenced in the Complaint

The Court may consider the following documents because they are specifically referenced in the Complaint:

| | |
|---|---|
| Ex. A | BigBand's Prospectus, Form 424B4 filed with the Securities and Exchange Commission ("SEC") on March 15, 2007; referenced in the Complaint ¶¶ 1, 3, 4, 8, 11-13, 18, 20, 40, 43, 47, 53, 54, 74, 80, 83, 86-94, 97, 98, 103-08, 139, 144, 149, 150, 153, 155-57, 160, 162-64. |
| Ex. C | BigBand's Form 8-K filed with the SEC on May 3, 2007; referenced in the Complaint ¶¶ 114-16. |
| Ex. E | BigBand's Form 8-K filed with the SEC on August 2, 2007; referenced in the Complaint ¶ 117. |
| Ex. G | BigBand's Form 8-K filed with the SEC on September 27, 2007; referenced in the Complaint ¶¶ 9, 118-20, 144. |
| Ex. H | BigBand's Form 8-K filed with the SEC on October 30, 2007; referenced in the Complaint ¶¶ 127-29, 145. |
| Ex. I | Transcript of BigBand's conference call dated October 30, 2007; referenced in the Complaint ¶¶ 130-37, 146. |
| Ex. J | Transcript of BigBand's conference call dated September 27, 2007; referenced in the Complaint ¶¶ 9, 121-25, 144. |

Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss documents that a plaintiff relies upon in his/her Complaint and whose authenticity is not questioned.  *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("'[H]aving raised questions about [officers'] stock sales [and] based [her] allegations on [officers'] SEC filings . . . [plaintiff] can hardly complain when [the officers] refer to the same information in their defense.'") (some alterations in original) (citation omitted); *Branch v.*

1  *Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that "documents whose contents are
2  alleged in a complaint and whose authenticity no party questions, but which are not physically
3  attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"),
4  *overruled in part on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th
5  Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) (documents
6  "integral to the plaintiff's claims" but not attached to the pleading may be considered for a
7  motion to dismiss if their authenticity is not disputed); *In re Tibco Software, Inc.*, No. C 05-2146,
8  2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) ("[D]ocuments alleged in a complaint and
9  essential to a plaintiff's allegations may be judicially noticed.").

10  The full text of documents referenced or cited in the Complaint, including BigBand's
11  conference call transcripts, is judicially noticeable even though the Complaint quotes only
12  portions of those documents. *See, e.g.*, *Kuehbeck v. Genesis Microchip Inc.*, No. C 02-05344,
13  2005 WL 1787426, *4 (N.D. Cal. July 27, 2005) (taking judicial notice of conference call
14  transcripts, press releases, and SEC filings); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d
15  857, 863-64 (N.D. Cal. 2004) (taking judicial notice of conference call transcripts, defendants'
16  stock sales, and press releases); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38
17  (N.D. Cal. 2000) ("[A] defendant may attach to a 12(b)(6) motion the documents referred to in
18  the complaint to show that they do not support plaintiff's claim. Thus, the court may consider
19  the full text of a document the complaint quotes only in part.").

20  Accordingly, the Court may consider the documents that were referenced in the
21  Complaint.

22  **B.    BigBand's Prospectus, Forms 10-Q, Form 10-K, and Forms 8-K Filed with the SEC**
23  

24  Judicial notice of the following documents is also appropriate because they were filed
25  with the SEC, and therefore are matters of public record and "capable of accurate and ready
26  determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.
27  Evid. 201(b).
28

| | | |
|---|---|---|
| Ex. B | BigBand's Form 10-K for the fiscal year ending December 31, 2007, filed with the SEC on March 12, 2008. |
| Ex. D | BigBand's Form 10-Q for the fiscal quarter ending March 31, 2007, filed with the SEC on May 9, 2007. |
| Ex. F | BigBand's Form 10-Q for the fiscal quarter ending June 30, 2007, filed with the SEC on August 10, 2007. |

Courts in the Ninth Circuit routinely hold that SEC filings may properly be considered on a motion to dismiss. *See In re Calpine Corp. ERISA Litig.*, No. C 03-1685, 2005 WL 3288469, at *10 n.7 (N.D. Cal. Dec. 5, 2005) ("[T]he Court may judicially notice public filings, such as SEC documents."); *Autodesk*, 132 F. Supp. 2d at 837-38; *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (judicially noticing SEC filings, including 10-Ks, 10-Qs, press releases, and Form 4s; "[o]n a motion to dismiss, a court may take judicial notice of matters of public record outside the pleadings"); *Rubin v. Trimble*, No. C-95-4353, 1997 WL 227956, at *6 (N.D. Cal. Apr. 28, 1997) ("The Court may also review 'public disclosure documents required by law to be and which actually have been filed with the SEC.'") (citation omitted).

For this reason, the Court may take notice of Exhibits B, D, and F. *See, e.g.*, *Belodoff v. Netlist, Inc.*, No. SA CV 07-00677, 2008 WL 2356699, at *3 (C.D. Cal. May 30, 2008) (taking judicial notice of a Prospectus filed with SEC because it was matter of public record); *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of a Form 10-K not referenced in complaint); *Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006) (taking judicial notice of Forms 10-K and 10-Q not referenced in complaint); *Copper Mountain*, 311 F. Supp. 2d at 864; *In re Foundry Networks, Inc*., C 00-4823, 2003 WL 23211577, at *10 n.11 (N.D. Cal. Feb. 14, 2003) (taking judicial notice of Form 10-K not referenced in complaint).

For the foregoing reasons, the BigBand Defendants respectfully request that the Court grant their request for judicial notice of the above-listed documents.

Dated: August 8, 2008      WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ Keith E. Eggleton
         Keith E. Eggleton

Counsel for BigBand Networks, Inc., Amir Bassan-Eskenazi, Frederick A. Ball, Ran Oz, Lloyd Carney, Dean Gilbert, Kenneth A. Goldman, Gal Israely, Bruce I. Sachs, Robert J. Sachs and Geoffrey Y. Yang

## **ATTESTATION**

I, Joni Ostler, am the ECF user whose identification and password are being used to file THE BIGBAND DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT. In compliance with General Order 45.X.B, I hereby attest that Keith E. Eggleton has concurred in this filing.

Dated: August 8, 2008      WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ Joni Ostler
         Joni Ostler