KIM E. MILLER (178380)
KAHN SWICK & FOTI, LLC
12 E. 41st Street, 12th Floor
New York, NY 10017
Tel: (212) 696-3730 / Fax: (504) 455-1498
kim.miller@ksfcounsel.com

LEWIS KAHN (*Pro Hac Vice*)
KAHN SWICK & FOTI, LLC
650 Poydras St., Suite 2150
New Orleans, LA 70130
Tel: (504) 455-1400 / Fax: (504) 455-1498
lewis.kahn@ksfcounsel.com

REED R. KATHREIN (139304)
PETER E. BORKON (212596)
HAGENS BERMAN SOBOL SHAPIRO, LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000 / Fax: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

*Co-Lead Counsel for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 07-CV-5101 SBA<br><br>CLASS ACTION<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>**EXHIBIT A**<br>Judge: Hon. Saundra B. Armstrong |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the Court entitled *In re BigBand Networks, Inc. Securities Litigation*, Case No. 07-cv-5101 SBA (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated April 6, 2009 (the "Stipulation"), which has been entered into by the Court-appointed Lead Plaintiff Gwyn Jones and Defendants[1]; and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2. This action is certified for settlement purposes only as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all Persons or entities that purchased the common stock of BigBand pursuant or traceable to BigBand's March 15, 2007 Initial Public Offering Prospectus and Registration Statement, or on the open market from March 15, 2007 to October 30, 2007, inclusive. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest. Also excluded from the Class are those Persons who

---

[1] BigBand Networks, Inc, Amir Bassan-Eskenazi, Ran Oz, Frederick Ball, Gal Israely, Dean Gilbert, Ken Goldman, Lloyd Carney, Bruce Sachs, Robert Sachs, Geoffrey Yang, Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC, and ThinkEquity LLC, formerly known as ThinkEquity Partners LLC.

1

timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. The Court has determined preliminarily and for the purpose of settlement that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class; and (d) Lead Plaintiff will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether BigBand's Initial Public Offering Prospectus and Registration Statement was false or misleading. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on **September 15, 2009, at 1:00 p.m**., at the United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, CA, 94612, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Co-Lead Counsel. The Court may adjourn the Settlement Fairness Hearing without further notice to Members of the Class.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints AB Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure as well as

2

the processing of claims as more fully set forth below:

(a) Not later than fourteen (14) days after entry of this order (the "Notice Date"), Co-Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Co-Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and issued electronically over a widely-disseminated media wire service on the Internet not later than fourteen (14) days after the issuance of this Order, and issued electronically over a widely-disseminated media wire service on the Internet a second time not later than sixty (60) days after the issuance of this Order; and

(c) At least thirty-five (35) calendar days prior to the Settlement Fairness Hearing, Co-Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased BigBand Networks, Inc. ("BigBand") common stock between March 15, 2007 and October 30, 2007 shall send the Notice and the Proof of Claim to all beneficial owners of such BigBand common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders

3

1  otherwise, all Proof of Claim forms must be postmarked no later than one hundred twenty-two days
2  (122) after the entry of this order.  Any Class Member who does not timely submit a Proof of Claim
3  within the time provided for shall be barred from sharing in the distribution of the proceeds of the
4  Net Settlement Fund, unless otherwise ordered by the Court.

5        10.    Any person who desires to request exclusion from the Class shall do so within the
6  time set forth and in the manner described in the Notice.  All persons who submit valid and timely
7  requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation,
8  shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the
9  Stipulation or the Judgment entered in the Litigation.

10        11.    Any Member of the Class may enter an appearance in the Litigation, at their own
11  expense, individually or through counsel of their own choice.  If they do not enter an appearance,
12  they will be represented by Co-Lead Counsel.

13        12.    Any Member of the Class may appear and show cause, if he, she or it has any reason,
14  why the proposed settlement of the Litigation should or should not be approved as fair, reasonable,
15  and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation
16  should or should not be approved, or why attorneys' fees and expenses should or should not be
17  awarded to Co-Lead Counsel. Any Class Member may object in writing to the approval of the terms
18  and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon
19  approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and
20  expenses to be awarded to Co-Lead Counsel. Your objection(s) must be mailed on or before **August**
21  **18, 2009** to: the Court; Kahn Swick & Foti, LLC or Hagens Berman Sobol Shapiro, LLP on behalf
22  of the Lead Plaintiff; and Wilson Sonsini Goodrich & Rosati P.C. and Orrick Herrington & Sutcliffe
23  LLP and on behalf of the Defendants, at the following addresses:

24  **COURT:**

25  Clerk of the Court
United States District Court for the Northern District of California
26  United States Courthouse
1301 Clay Street
27  Suite 400 S
28  Oakland, CA, 94612

4

**FOR LEAD PLAINTIFF:**

Lewis S. Kahn
KAHN SWICK & FOTI, LLC
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130

-or-

Reed Kathrein
HAGENS BERMAN SOBOL SHAPIRO, LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

**FOR DEFENDANTS:**

Keith E. Eggleton
Rodney G. Strickland, Jr.
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, California 94304-1050

*Counsel for BigBand Networks, Inc. and the Individual Defendants*

Robert P. Varian
Michael C. Tu
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669

*Counsel for Defendants Morgan Stanley & Co. Incorporated, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Jefferies & Company, Inc., Cowen and Company, LLC and ThinkEquity LLC, formerly known as ThinkEquity Partners LLC*

13. Any Member of the Class who does not make his, her, or its written objection in the manner provided and/or appear in person or through a representative at the Settlement Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Co-Lead Counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15. All papers in support of the settlement, the Plan of Allocation, and the application by Co-Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served thirty-five (35) calendar days before the Settlement Fairness Hearing. All papers in response to Class Members' objections to the Settlement shall be filed and served fourteen (14) calendar days before the Settlement Fairness Hearing.

16. Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

17. At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

19. At or after the Settlement Fairness Hearing, Co-Lead Counsel shall move for reimbursement to Lead Plaintiff for time, costs, and expenses incurred and directly related to representation of the Class, in an amount not to exceed $12,500, plus any interest on such expenses at the same rate and for the same periods as earned by the Settlement Fund, as may be awarded by the Court.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an

admission or concession that, Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

21. In the event that the settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. The Court reserves the right to continue the Settlement Fairness Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Should the Court continue the Settlement Fairness Hearing, such a continuance will be reflected in the Court's calendar and accessible via the Court's website. Also, Co-Lead Counsel shall publish, over the same widely-disseminated news wire as used to publish the Summary Notice, a press release informing Class members of the change. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23. Pending the Settlement Fairness Hearing, all Members of the Class are enjoined from initiating or prosecuting any actions or claims against any Defendant or Related Party that are within the scope of the Releases provided for by the Stipulation. *Barton v. Bassen-Eskenazi*, Case No. 468401, currently pending in San Mateo County, California, is outside the scope of the release to the extent that it is a derivative action on behalf of BigBand.

DATED:  _5/28/09                                    _/s/ Saundra B. Armstrong_____
                                                THE HONORABLE SAUNDRA B. ARMSTRONG
                                                UNITED STATES DISTRICT JUDGE