KIM E. MILLER (178380)
KAHN SWICK & FOTI, LLC
12 E. 41st Street, 12th Floor
New York, NY 10017
Tel: (212) 696-3730 / Fax: (504) 455-1498
E-mail: kim.miller@ksfcounsel.com

LEWIS KAHN (*Pro Hac Vice*)
650 Poydras St., Suite 2150
New Orleans, LA 70130
Tel: (504) 455-1400 / Fax: (504) 455-1498
E-mail: lewis.kahn@ksfcounsel.com

REED R. KATHREIN (139304)
PETER E. BORKON (212596)
HAGENS BERMAN SOBOL SHAPIRO, LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000 / Fax: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

*Co-Lead Counsel for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re BIGBAND NETWORKS, INC. SECURITIES LITIGATION | Master File No. 07-CV-5101 SBA <br><br> CLASS ACTION <br><br> **FINAL JUDGMENT, ORDER OF DISMISSAL WITH PREJUDICE, AND ORDER APPROVING AWARD OF ATTORNEYS' FEES AND EXPENSES AND PLAN OF ALLOCATION** <br><br> Judge: Hon. Saundra B. Armstrong |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | |

This matter came before the Court for hearing pursuant to an Order of this Court, dated May 28, 2009, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of April 6, 2009 (the "Stipulation").  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action on behalf of a class consisting of all Persons or entities that purchased the common stock of BigBand pursuant or traceable to BigBand's March 15, 2007 Initial Public Offering Prospectus and Registration Statement, or on the open market from March 15, 2007 to October 30, 2007, inclusive.  Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which the Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class Pursuant to the Notice of Pendency and Proposed Settlement of Class Action.  The Class is certified pursuant to Rule 23 of the Federal Rules of Civil

1  Procedure for settlement purposes only.

2  5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of
3  settlement only, Lead Plaintiff is certified as class representative and Lead Plaintiff's selection of
4  Kahn Swick & Foti, LLC and Hagens Berman Sobol Shapiro, LLP as Co-Lead Counsel for the Class
5  is approved.

6  6.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
7  approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects,
8  fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiff, the Class, and each
9  of the Class Members.  This Court further finds the settlement set forth in the Stipulation is the result
10 of arm's-length negotiations between experienced counsel representing the interests of the Lead
11 Plaintiff, the Class Members, and the Defendants.  Accordingly, the settlement embodied in the
12 Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms
13 and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

14 7.   Except as to any individual claim of those Persons (identified in Exhibit 1 attached
15 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims
16 contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead
17 Plaintiff and the other Members of the Class, and as against each and all of the Released Persons.
18 The parties are to bear their own costs, except as otherwise provided in the Stipulation.

19 8.   Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be
20 deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,
21 relinquished and discharged all Released Claims against the Released Persons, whether or not such
22 Class Member executes and delivers a Proof of Claim and Release form.

23 9.   Upon the Effective Date, all Class Members and anyone claiming through or on
24 behalf of any of them, will be forever barred and enjoined from commencing, instituting,
25 prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity,
26 arbitration tribunal, or administrative forum, asserting the Released Claims against any of the
27 Released Persons.

28 10.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to

have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff and Co-Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

11. *Barton v. Bassen-Eskenazi*, Case No. 468401, currently pending in San Mateo County, California, is outside the scope of the release to the extent that it is a derivative action on behalf of BigBand.

12. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. On June 11, 2009, the Court-appointed Claims Administrator mailed 4,319 Notice packets to potential class members, including 252 to persons identified from a transfer agent list and 4,067 to banks and brokers from the Claims Administrator's proprietary lists. Subsequently, an additional 21,796 Notice packets were mailed in direct response to requests from banks, brokers, and individual Class Members. Also on June 11, 2009, the Claims Administrator caused to be published, pursuant to this Court's Order of May 28, 2009, the Summary Notice in the *Investor's Business Daily* and on the internet *via* the PR Newswire. A second Summary Notice was published on the internet *via* the PR Newswire on July 29, 2009. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

13. Neither the plan of allocation submitted by Co-Lead Counsel nor the portion of this order regarding the attorneys' fee and expense application shall in any way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

3

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them that Co-Lead Counsel would seek an award of attorneys' fees of 25 percent of the settlement fund and expenses no greater than $100,000, and their right to object.  A full and fair opportunity was given to all Persons and entities who are Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of 25 percent of the settlement fund, with interest, and expenses totaling $75,743.90, plus interest.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members, advising them that Lead Plaintiff would seek reimbursement of time and expenses.  A full and fair opportunity was given to all Persons and entities who are Class

4

Members to be heard with respect to Lead Plaintiff's application for the reimbursement of time and expenses. The Court finds and concludes that Lead Plaintiff shall receive $5,000.00, plus interest, for his reasonable time and expenses in the Litigation.

19. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

20. This action is hereby dismissed with prejudice.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: 9/18/09

*Saundra B. Armstrong*
THE HONORABLE SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                /s/ Reed R. Kathrein
                REED R. KATHREIN